UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
No. 19-cv-2938 (SRN/LIB)

| | |
|---|---|
| Lisa A. Biron,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Kathleen Hawk Sawyer, Director Federal Bureau of Prisons; Warden Nanette Barnes; Deanna Hiller, Unit Manager,<br><br>　　　　Defendants. | **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JOINDER AND MOTION FOR EMERGENCY INJUNCTION AND TEMPORARY RESTRAINING ORDER** |

## INTRODUCTION

Defendants Kathleen Hawk Sawyer, Nanette Barnes, and Deanna Hiller oppose Plaintiff's Motion for Joinder, Doc. 9, and Motion for Emergency Injunction/Temporary Restraining Order, Doc. 10.  Defendants also oppose Plaintiff's recent Request for Telephonic Hearing.  Doc. 15.  These Motions and Request turn on a single issue: whether Biron may have contact with her daughter, the victim of the crime for which she is committed to the custody of the Bureau of Prisons.  Because Biron's Judgment and Commitment expressly forbids contact with the victim, Plaintiff's Motions and Request should be denied.

## BACKGROUND

**I.　Biron Is Prohibited from Contact with the Victim of her Offense.**

Biron was sentenced to a 480-month term of imprisonment for (1) Transportation of a Minor with Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C

§§ 2423(a) and 2427; (2) Sexual Exploitation of Children, in violation of 18 U.S.C. §§ 2251(a) and 2256; and (3) Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Judgment in a Criminal Case, *United States v. Biron*, No. 12-cr-140 (PB) (D.N.H. May 28, 2013) (attached to Tweeten Declaration as Exhibit 1).[1] Biron is currently incarcerated at FCI-Waseca. *See* Declaration of Jake Bush ¶ 16 & Ex. B [Docs. 40 & 40-2], *Biron v. Hurwitz*, No. 19-cv-57 (SRN/LIB) (D. Minn. July 26, 2019). She has a projected release date of February 3, 2048, via a good conduct time release. *See* Declaration of Deanna Hiller ¶ 3 & Ex. A [Docs. 41 & 41-1], *Biron v. Hurwitz*, No. 19-cv-57 (SRN/LIB) (D. Minn. July 26, 2019). Biron's criminal judgment includes the following condition:

> The defendant may not directly or indirectly contact the victim or any child under age 18; and, may not loiter within 100 yards of any school yard, playground, swimming pool, arcade, or other such place frequented by children.

Tweeten Decl. Ex. 1 at 4. In her Complaint, Biron recognizes that her "offenses of conviction involved her (then) teenage daughter who is considered the 'victim.'" Doc. 1-2 ¶ 9.

## ARGUMENT

Biron's Motions should be denied because the relief she seeks would violate the condition of the criminal judgment that she have no contact with the victim of her offense, as imposed by the United States District Court for the District of New Hampshire. Biron

---

[1] The Court's Report and Recommendation in a related case, *Biron v. Hurwitz*, No. 19-cv-57 (SRN/LIB) (D. Minn. Nov. 22, 2019), includes a detailed explanation of the circumstances surrounding Biron's criminal conviction.

herself recognizes that her intent in joining her victim as a party plaintiff is to engage in further contact, in her words "to communicate and send documents to each other . . . ." Doc. 10.  Biron even asserts that she should be permitted to act in a representative capacity for her victim.  *See id*.  Such contact is expressly prohibited by the criminal judgment.

These motions amount to an improper collateral attack on Biron's underlying sentence.  *Cf. United States v. Miller*, 557 F.3d 910, 913 (8th Cir. 2009) (collecting cases that hold that the only proper challenge to the validity of an underlying conviction or sentence is through direct appeal or habeas corpus, not through collateral attack in supervised release revocation proceedings).  Collateral attack on a sentence via supervised release revocation proceedings is prohibited because such an attack would undermine the finality of the sentencing court's judgment.  *See, e.g.*, *United States v. Warren*, 335 F.3d 76, 78-79 (2d Cir. 2003) (cited with approval in *Miller*).  This consideration applies with equal force to this case.  "If a party can make [herself] a judge of the validity of orders which have been issued, and by [her] own act of disobedience set them aside, then are the courts impotent, and what the Constitution now fittingly calls the 'judicial power of the United States' would be a mere mockery."  *United States v. Novak*, 217 F.3d 566, 571 (8th Cir. 2000) (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450, (1911)).  The Court should not permit Biron's attempt to circumvent the judgment of the sentencing court by joining with her victim in civil litigation.

Furthermore, Biron may not act in a representative capacity for her victim.  Her victim did not sign the Motion for Emergency Injunction/Temporary Restraining Order, Biron did, purportedly "as next friend on behalf of" her victim.  Doc. 10.  When a filing

3

"is tendered and signed by a nonlawyer on behalf of another, then there comes into play the underlying principle . . . that in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). Although Biron was at one time a licensed attorney, she has been disbarred. *See In the Matter of Lisa A. Biron*, No. LD-2012-0013, (N.H. May 28, 2015) (available at https://nhattyreg.org/assets/1441993575.pdf) (attached to Tweeten Declaration as Exhibit 2).

## CONCLUSION

Pursuant to the sentencing Court's judgment, Biron may not contact her victim. She also may not represent her victim in this case. The Court should deny the Motions and related request for an emergency telephonic hearing.

Dated:   December 20, 2019

                ERICA H. MacDONALD
                United States Attorney

                *s/ Andrew Tweeten*

                By:   ANDREW TWEETEN
                Assistant United States Attorney
                Attorney ID Number 0395190
                600 U.S. Courthouse
                300 South Fourth Street
                Minneapolis, MN   55415
                (612) 664-5600
                andrew.tweeten@usdoj.gov

                Attorneys for Defendants