UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Lisa A. Biron,

        Plaintiff,

v.

Kathleen Hawk Sawyer, et al.,

        Defendants.

Case No. 19-cv-2938 (SRN/LIB)

**ORDER**

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636 and upon Plaintiff's "Response and Request for Telephonic Request for Extension of Time to Respond." [Docket No. 15].

Plaintiff Lisa A. Biron is current serving a term of imprisonment at the Federal Correctional Institution in Waseca, Minnesota. (Compl., [Docket No. 1-2], at 1). Plaintiff names herself as Plaintiff, and as Defendants she names Kathleen Hawk Sawyer, Director of the Federal Bureau of Prisons; Warden Nanette Barnes; and Deanna Hiller, Unit Manager. (Id.).

In her Complaint, Plaintiff alleges that Defendants are violating her constitutional rights by preventing Plaintiff from communicating with her twenty-one year old daughter. (Id. at 2).[1] Although Plaintiff's daughter is now an adult, when Plaintiff's daughter was a minor, she was the minor victim of the sexually related crimes for which Plaintiff is currently serving a term of imprisonment. (Id.). Plaintiff alleges that her daughter wishes to communicate with Plaintiff. (Id.). As relief, Plaintiff seeks "[a] preliminary and permanent injunction ordering the defendants

---

[1] Defendants removed the present action to this Federal Court on November 20, 2019. (Notice of Removal [Docket No. 1]).

to stop interfering with" her and her daughter's "right to communicate with each other." (Id. at 3).

On November 25, 2019, Plaintiff filed a Motion for Permissive Joinder, [Docket No. 8], in which she purports to seek to add her daughter as a plaintiff in the present action. Thereafter, on December 2, 2019, Plaintiff and her daughter filed another Motion for Permissive Joinder, [Docket No. 9], in which they purport to jointly seek to add Plaintiff's daughter as a plaintiff in the present action. The December 2, 2019, Motion for Permissive Joinder, [Docket No. 9], was signed by Plaintiff and her daughter.

On December 4, 2019, Plaintiff filed a "Motion for Emergency Injunction/Temporary Restraining Order," [Docket No. 10], in which she sought an Order of this Court preventing Defendants from interfering in the communications between Plaintiff and her daughter "regarding this case." (Motion for Emergency Injunction/Temporary Restraining Order [Docket No. 10]). In general, Plaintiff argues that such an injunction is immediately necessary because she and her daughter need to communicated regarding the present action so they can jointly pursue the present action. (Id.).

On December 5, 2019, Defendants filed a Request for Extension of Time to Respond, [Docket No. 11], in which they sought permission to file a consolidated response to the Motions for Joinder and Plaintiff's Motion for Preliminary Injunction, as well as, an extension of time to prepare such a consolidate response. Defendants asserted that a consolidated response was appropriate because Plaintiff's Motions raised similar issued regarding Plaintiff's daughter's participation in the present action.

On December 6, 2019, the undersigned issued an Order granting Defendants' request to file a consolidated response to the pending Motions, as well as, granting Defendants' request for

a limited extension of time to file said response. (Order [Docket No. 14]). Defendants were ordered to respond by no later than December 20, 2019. (Id.).

On December 16, 2019, Plaintiff filed her present "Response and Request for Telephonic Hearing Regarding Defendants' Request for Extension of Time to Respond." [Docket No. 15]. In her Motion, Plaintiff avers that Defendants "mistake [her] Motion for Emergency Injunction/Temporary Restraining Order as a Motion for Preliminary Injunction," and Plaintiff reiterates the relief she seeks in her "Motion for Emergency Injunction/Temporary Restraining Order." Plaintiff continues her argument that the injunction is necessary to permit her and her daughter to communicate regarding this case so they can jointly pursue this case. In an apparent effort to expedite the Court's consideration of Plaintiff's Motions, without an undue delay being created by a protracted extension of time to respond being provided to Defendants, Plaintiff request "an emergency telephonic hearing at the earliest available time" regarding Defendants' Request for Extension of Time to Respond. (See, Plf.'s "Response and Request for Telephonic Request for Extension of Time to Respond" [Docket No. 15]).

The Court has, however, already issued a decision on Defendants' Request. [Docket No. 11]. Thus, Plaintiff's request for a telephonic hearing on that Motion is moot. Moreover, Defendants have already filed their response to the Motions for Joinder and Plaintiff's "Motion for Emergency Injunction/Temporary Restraining Order." (See, Defs.' Response [Docket No. 16]). Because Plaintiff request for a telephonic hearing on Defendants' Motion is now moot, the Court will deny without prejudice as moot Plaintiff's "Response and Request for Telephonic Hearing Regarding Defendants' Request for Extension of Time to Respond." [Docket No. 15].

The Court notes that Plaintiff has now also filed her Reply memorandum relative to her "Motion for Emergency Injunction/Temporary Restraining Order." Thus, the pending Motions are ripe for this Court's review.

Upon conducting a preliminary review of the pending Motions for Joinder, [Docket Nos. 8,9]; Plaintiff's "Motion for Emergency Injunction/Temporary Restraining Order," [Docket No. 10]; the documents submitted in support of those Motions; and the documents submitted in opposition thereto, the Court has determined that a hearing on the pending Motions is unnecessary and would not benefit the Court in consideration of said Motions. The Court will take the Motions for Joinder, [Docket No. 8, 9], and Plaintiff's "Motion for Emergency Injunction/Temporary Restraining Order," [Docket No. 10], under advisement upon the written submissions of the parties.

On addition issue merits discussion. On December 30, 2019, Plaintiff filed a letter requesting that the Clerk of Court's office file a copy of Plaintiff's daughter's letter to this Court. (Letter [Docket No. 2]). According to Plaintiff's letter, her daughter wrote a letter to the Court and it was inadvertently docketed in another case. Plaintiff request a copy of that letter be filed in this case as intended.

To continue to further the progress of this litigation in an expeditious manner as requested by Plaintiff, the Court will direct the Clerk of Court's office to file a copy of said letter in the present action as soon as practicable and in any event by no later than January 10, 2019. Thereafter, the Court will take the Motions for Joinder, [Docket No. 8, 9], and Plaintiff's "Motion for Emergency Injunction/Temporary Restraining Order," [Docket No. 10], under advisement upon the written submissions of the parties. The Court will issue a report and recommendation on said Motions just as soon as its current workload permits.

Therefore, for the foregoing reasons, and based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's "Response and Request for Telephonic Request for Extension of Time to Respond," [Docket No. 15], is **DENIED without prejudice as moot**;

2. As soon as practicable, and in any event by no later than **Thursday, January 10, 2020**, the Clerk of Court's office shall file a copy of the letter discussed in Docket No. 20 in the present action; and

3. The Court will take Plaintiff's Motion for Permissive Joinder, [Docket No. 8]; Plaintiff and her daughter's Motion for Permissive Joinder, [Docket No. 9]; and Plaintiff's "Motion for Emergency Injunction/Temporary Restraining Order," [Docket No. 10], under advisement on the written submissions of the parties as of **January 10, 2020**.

Dated: January 2, 2020                                    s/Leo I. Brisbois
                                                          Hon. Leo I. Brisbois
                                                          U.S. MAGISTRATE JUDGE