RECEIVED BY MAIL
JAN 30 2020
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

Lisa Biron, )
    Plaintiff-movant )
)
v. ) Case No. 19-cv-2938 (SRN/LIB)
)
Sawyer, et al., )
    Defendants )
)
)

<u>Verified Motion for Summary Judgment</u>
and for
<u>Preliminary Injunction</u>

    Plaintiff Lisa Biron ("Lisa") moves this Court for summary judgment and for a preliminary injunction.

    Lisa Biron brought this action in Waseca County Court to enjoin defendants (federal Bureau of Prisons officials) from blocking her and her daughter Rachael Biron's ("Rachael") contact with each other. The action was removed to this Court by the defendants. Defendants were granted an extension till 1/21/20 and a subsequent extension to 2/4/20 to answer or otherwise respond to the complaint.

    Lisa and Rachael filed a motion to join Rachael as a co-plaintiff in this action, and Lisa filed an emergency motion for a restraining order to stop defendants from interfering with Lisa and Rachael's communications regarding this case. These motions remain pending.

    Rachael has filed a letter with this Court asking it to order defendants to stop interfering with her and her mother's contact with each other. Rachael continues to express to Lisa, through a third party, that she desperately wants to talk to and correspond with her. And, of course, Lisa desperately wants to talk to and correspond with Rachael. Both of their hearts are broken through their separation which the government has forced for more than seven (7) years.


SCANNED
JAN 30 2020
U.S. DISTRICT COURT MPLS

Rachael is dealing with a serious and possibly life threatening issue and her physical and mental health are at stake. She cannot wait any longer to communicate with her mother.

And while the defendants have managed to push their answer deadline to 2/4/20, the issue is a simple question of law based on facts that are not in dispute. Further, a preliminary injunction is warranted because success on the merits is practically guaranteed, and irreparable harm is likely to occur if Rachael cannot communicate with her mother now for emotional support and prayer.

Issue Statement

Defendant Warden Barnes has admitted she has no objection to Lisa and Rachael communicating with each other because their contact invokes no safety and security concerns and because Rachael, a competent adult, has expressly requested contact; defendants, however, continue to bar this mother and daughter's contact based on the unethical and untenable position of the NH U.S. Attorney's Office that a supervised release condition, directed at contact with minors, is presently in effect to bar their contact for life

Facts That Are Not In Dispute

Defendants' 12/20/19 Response in Opposition, supported by the sworn Declaration of assistant U.S. attorney Andrew Tweeten, avers that the sole justification for the contact bar is the following supervised release condition: "The defendant may not directly or indirectly contact the victim or any child under age 18[.]"  (Resp. in Opp., at 2; Decl. of Tweeten & Exh. 1.)

Rachael is a twenty-one year old competent adult.

She is considered the victim of Lisa'a offenses of conviction.

Rachael has expressly requested contact with Lisa and has mailed letters to the defendants and this Court requesting contact.

2

Rachael has the right to correspond with her mother that is wholly independent of Lisa's rights.

Rachael's rights are being ignored and trampled on by the defendants at the behest of the N.H. U.S. Attorney in a shocking abuse of power.

Defendant Warden Barnes has told Lisa that she has no objection to Lisa and Rachael having contact with each other as long as there are no legally enforceable bars to contact in place. Warden Barnes has fully admitted that Lisa and Rachael's contact invokes no prison safety and security issues.

In order to ensure that there were no orders barring contact, Warden Barnes made phone calls to the N.H. U.S. Attorney's Office (the prosecuting attorneys in Lisa's criminal case). Attorneys in that office advised Warden Barnes that it would be a while before they would answer her inquiry regarding Lisa and Rachael's contact. Warden Barnes expressed to Lisa her confusion as to why these assistant U.S. attorneys could not promptly provide this simple information. Lisa explained to Warden Barnes that N.H. AUSAs Helen White Fitzgibbon and Donald Feith have been lying to the federal Bureau of Prisons about the existence of no contact orders involving Rachael for seven (7) years, preventing the reconciliation of her family. Their motive is the preservation of a wrongful and unjust conviction at any cost; their failure to answer her questions promptly were stall tactics.

On November 26, 2019, Warden Barnes explained to Lisa that the N.H. U.S. Attorney and U.S. Office of Probation had advised her that the above-quoted generic supervised release condition is presently in force to bar Lisa and Rachael's contact with each other, apparently for life as the term of supervised release is for life.

Thus, at the direction of the prosecuting attorneys at the N.H. U.S. Attorney's Office, the defendants are barring Lisa and Rachael's contact with each

3

other forever.

Defendants have expressed in writing, "This is not a BOP imposed sanction[;] it was made by the courts as a condition of your supervision and the BOP is following the court order." (Disciplinary Hearing Officer Report, 1/13/20, at 2.)

Defendant Warden Barnes stated in writing that the contact bar is "based on a Court Order from Judge Paul Barbadoro, District of New Hampshire, dated May 23, 2013, in regard to Case Number: 12-cr-140-01-PB, which states you may not directly or indirectly contact Rachael Biron." (Administrative Remedy Resp. 999669-F1, 1/6/20, signed by Warden Barnes, referring to supervised release condition as a "court order".)

In fact, there are no orders in effect to bar Lisa and Rachael's contact with each other, and this Court should grant a preliminary injunction and summary judgment.

Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the Eighth Circuit explained, "The movant bears the initial responsibility of informing the district court of the basis for its motion, and must identify those portions of the record . . . which it believes demonstrate the absence of a genuine issue of material fact." Thorgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011)(en banc). "[T]he nonmovant must respond by submitting evidentiary materials that set out specific facts showing there is a genuine issue for trial." Id.

Preliminary Injunction

A preliminary injunction is warranted when immediate and irreparable injury, loss, or damage will result to the applicant. Fed. R. Civ. P. 65(b). In deter-

4

mining whether to grant the injunction the court should address "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on the other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase System, Inc. v. CL Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981). "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." Gen. Motors Corp. v. Harry Brown's, LLC, 563 F.3d 312, 319 (8th Cir. 2009). "While no single factor is determinative, the probability of success factor is the most significant." Home Instead, Inc. v. Florance, 721 F.3d 494, 497 (8th Cir. 2013).

The Validity of the Supervised Release Condition

The supervised release condition on which the defendants rely to bar Rachael and Lisa's contact is not in effect and will never be in effect to bar their contact because Rachael is not a minor.

Title 18 U.S.C. § 3583 allows a sentencing court to "include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment . . ." 18 U.S.C. § 3583(a). "The statute dealing with the release of a prisoner plainly states that supervised release 'commences on the day the person is released from imprisonment,' and 'does not run during any period in which the person is imprisoned in connection with a conviction for a Federal . . . crime.'" United States v. Douglas, 88 F.3d 533, 534 (8th Cir. 1996), quoting 18 U.S.C. § 3624(e).

The supervised release condition on which the defendants rely to bar contact states, "The defendant may not directly or indirectly contact the victim or any child under age 18[.]" The plain language of the condition clearly addresses contact with minors. Rachael is an adult. She has rights, and she

5

has expressly demanded contact with Lisa. Therefore, if, for the sake of argument, the condition were presently operative, it would not bar contact because Rachael is not under age 18. The condition as applicable to Rachael is a nullity.

The law, however, is clear that supervised release is not in effect while Lisa is incarcerated. Therefore, defendants' reliance on the condition to bar contact is wholly misplaced. This is black-letter law, and this Court should consider sanctions against attorneys who would suggest otherwise.

Because the undisputed facts prove that the defendants have no legal justification for barring Rachael and Lisa's contact, the Court should grant summary judgment as a matter of law.

Because the harm to both Lisa and Rachael caused by the contact bar is obvious and irreparable, and because the injunction will not injure the defendants in any way, and because success on the merits is probable, the Court should grant a preliminary injuction immediately.

Wherefore movant requests this Honorable Court grant summary judgment in her favor, and grant a preliminary injunction ordering the defendants to cease interfering with communication and contact between this mother and daughter.

Respectfully submitted

1/27/2020
Date

*Lisa Biron* #12775-049
FCI Waseca
P.O. Box 1731
Waseca, MN 56093

### Verification and Certification

I hereby declare, under penalty of perjury, that the facts stated in the foregoing Verified Motion for Summary Judgment and for Preliminary Injunction are true to the best of my knowledge and belief, and that a copy of same was served upon the defendants by mailing a copy to AUSA Andrew Tweeten postage paid.

1/27/2020
Date

*Lisa Biron*

6