

**U.S. Department of Justice**
**Federal Bureau of Prisons**

# Program Statement

**OPI:** CPD/CPB
**NUMBER:** P5264.08
**DATE:** 1/24/2008
**SUBJECT:** Inmate Telephone Regulations

**"CORRECTED COPY 2/11/2008"**

---

| Boxed Bold - Federal Regulation |
|---|

Regular Type - Implementing Information

1. **PURPOSE AND SCOPE**

> **§ 540.100 Purpose and Scope.**
>
> **a. The Bureau of Prisons extends telephone privileges to inmates as part of its overall correctional management. Telephone privileges are a supplemental means of maintaining community and family ties that will contribute to an inmate's personal development. An inmate may request to call a person of his or her choice outside the institution on a telephone provided for that purpose. However, limitations and conditions may be imposed upon an inmate's telephone privileges to ensure that these are consistent with other aspects of the Bureau's correctional management responsibilities. In addition to the procedures set forth in this subpart, inmate telephone use is subject to those limitations which the Warden determines are necessary to ensure the security or good order, including discipline, of the institution or to protect the public. Restrictions on inmate telephone use may also be imposed as a disciplinary sanction (see 28 CFR part 541).**

This Program Statement provides national policy and procedure regarding inmate telephone privileges within Bureau of Prisons (BOP) institutions and contract facilities.

Maintaining pro-social/legal contact with family and community ties is a valuable tool in the overall correctional process. With this objective in mind, the Bureau provides inmates with several means of maintaining such contacts. Primary among these

EXHIBIT C

```
                                                       P5264.08
                                                       1/24/2008
                                                       Page 2
```

is written correspondence, supplemented by telephone and visiting privileges.

Although there is no constitutional right for inmates to have unrestricted telephone communication, particularly when alternate methods of communication are readily available, the Bureau provides inmates with telephone access consistent with sound correctional management.

2. **SUMMARY OF CHANGES.** This Program Statement incorporates the following changes:

- References to the Washington v. Reno settlement agreement have been deleted;

- The provision allowing a special extended time frame of 120 days for inmates to file Administrative Remedies related to the telephone charges or credits has been deleted;

- The number of times inmates are allowed to submit proposed changes to their telephone list has been changed from three times per month to once per calendar month; and,

- The requirement that staff forward copies of Institution Supplements to the Central Office, Office of the General Counsel, Litigation Branch has been deleted.

- Adds guidance for inmate use of non-ITS telephones.

- Removes the language requiring Unit staff to approve inmates telephone number request form.

- Provides guidance for inmates administering their own phone lists via TRULINCS.

3. **PROGRAM OBJECTIVES.** The expected results of this program are:

   a. All inmates will be afforded the opportunity to maintain family and community contact via the telephone consistent with institution and community safety;

   b. Inmates will be responsible for the expense of telephone use; and,

CASE 0:19-cv-02938-SRN-LIB   Doc. 32-3   Filed 02/04/20   Page 3 of 17

```
                                                        P5264.08
                                                        1/24/2008
                                                        Page 3
```

   c.  All institutions will establish monitoring procedures to preserve the institution's security, orderly management and safety of the community.

4. **DIRECTIVES AFFECTED**

   a. **Directive Rescinded**

   P5264.07  Telephone Regulations for Inmates (1/31/02)

   b. **Directives Referenced**

   P1315.07  Inmate Legal Activities (11/5/99)
   P1330.16  Administrative Remedy Program (12/31/07)
   P1480.05  News Media Contacts (9/21/00)
   P4500.05  Trust Fund/Deposit Fund Manual (1/22/07)
   P5100.08  Security Designation and Custody Classification
             Manual (9/12/06)
   P5265.11  Correspondence (7/9/99)
   P5267.08  Visiting Regulations (5/11/06)
   P5270.07  Inmate Discipline and Special Housing Units
             (12/29/87)
   P5360.09  Religious Beliefs and Practices (12/31/04)
   P5380.08  Inmate Financial Responsibility Program (8/15/05)
   P7331.04  Pretrial Inmates (1/31/03)

   c. Rules cited and/or referenced in this Program Statement are contained in 28 CFR part 540, subparts A-B, D, E, and I; 28 CFR part 541, subparts A-B; 28 CFR part 542, subpart B; 28 CFR part 543, subpart B, 28 CFR part 545, subpart B, 28 CFR part 548, and 28 CFR part 551, subpart J.

5. **STANDARDS REFERENCED**

   a. American Correctional Association 4th Edition Standards for Adult Correctional Institutions: 4-4497, 4-4271, 4-4272, and 4-4273

   b. American Correctional Association 4th Edition Standards for Adult Local Detention Facilities: 4-ALDF-6A-02, 4-ALDF-6A-05, 4-ALDF-2A-65, 4-ALDF-2A-66, 4-ALDF-5B-11, and 4-ALDF-5B-12

   c. American Correctional Association 2nd Edition Standards for the Administration of Correctional Agencies:  2-CO-5D-01

6. **INSTITUTION SUPPLEMENT**.  A local Institution Supplement is required and must include the following information:

   a.  The maximum length of telephone calls, ordinarily 15 minutes;

   b.  The minimum time frames between completed calls and the maximum number of incomplete call attempts per day;

   c.  Telephone access procedures for inmates on "days off" or "evening shift," workers;

   d.  Establish procedures for those inmates who exhaust the 300 minutes per calendar month limitation to receive additional minutes for good cause;

   e.  Establish procedures when a staff assisted call may be made for good cause, including procedures for Pretrial and Holdover inmates.

   The institution will involve the Regional Correctional Programs Administrator in developing the Institution Supplement.

7.  **PRETRIAL, HOLDOVER, AND/OR DETAINEE PROCEDURES.**  The procedures contained in this Program Statement apply only to institutions where individual Phone Access Codes (PAC) are utilized.

   a.  **Pretrial Inmates**.  The Public Safety Factor (PSF) Serious Telephone Abuse applies to sentenced inmates and therefore, does not apply to pretrial inmates.  However, if institution staff receive information about a pretrial inmate that may jeopardize the security and safety of the institution or community, staff will follow the procedures outlined in Section 13 of this Program Statement.

   b.  **Holdover Inmates**.  Inmates with the PSF Serious Telephone Abuse will not be permitted access to the Inmate Telephone System (ITS), except as provided in § 540.101(e) or § 540.105©.

   c.  **Detainee Inmates**.  A detainee of the Immigration and Customs Enforcement (ICE), denoted by the Admission/Release Status (ARS) code of A-INS, who has completed a federal sentence, may have a PSF of Serious Telephone Abuse.  The detainee will not be permitted access to ITS, except as provided in § 540.101(e) or § 540.105(c).  If institution staff receive information about an immigration detainee that may jeopardize the security and safety of the institution or community, staff will follow the procedures outlined in Section 13 of this Program Statement.

CASE 0:19-cv-02938-SRN-LIB   Doc. 32-3   Filed 02/04/20   Page 5 of 17

```
                                                      P5264.08
                                                      1/24/2008
                                                      Page 5
```

8.  **PROCEDURES.**  The Bureau's Inmate Telephone System is a calling system that is available in all institutions operated by the BOP.

To ensure the safety and security of the institution and community, inmates must place all personal telephone calls through the ITS and must not circumvent it via call forwarding, including automatic electronic forwarding or any similar telephone function.  Additionally toll-free or credit card calls are not authorized, examples include telephone calls to 1-800, 1-888, 1-877, 1-866, 1-900, 1-976, or to credit card access numbers.

   a.  **Warden's Authority.**

> **b.  Except as provided in this rule, the Warden shall permit an inmate who has not been restricted from telephone use as the result of a specific institutional disciplinary sanction to make at least one telephone call each month.**

Wardens are responsible for implementing and maintaining an inmate telephone program within their institution.  In establishing an institution telephone program, Wardens should consider such variables as the size and complexity of the institution.  The Warden has the authority to restrict or suspend temporarily an inmate's regular telephone privilege when there is reasonable suspicion that the inmate has acted in a way that would indicate a threat to the institution's good order or security.  Wardens may restrict telephone privileges only in accordance with Section 13 of this Program Statement.

Reasonable suspicion exists when facts and circumstances indicate that the inmate is engaged in, or attempting to engage in, criminal or other prohibited behavior using the telephone. The Warden has the authority to restrict or suspend temporarily an inmate's regular telephone privilege when there is a reasonable suspicion that the inmate has acted in a way that threatens the safety, security, or good order of the institution, or the protection of the public.  Reasonable suspicion may be based on reliable, confidential information gathered through intelligence that identifies the inmate in question.  In determining reasonable suspicion, the available information should reasonably lead a person with correctional experience to suspect the inmate is engaged in criminal or other prohibited behavior using the telephone system.

   b.  **Telephone List Preparation and Submission.**

```
                                                      P5264.08
                                                      1/24/2008
                                                      Page 6
```

**§ 540.101.  Procedures.**

a.  <u>Telephone List Preparation</u>.  An inmate telephone call shall ordinarily be made to a number identified on the inmate's official telephone list.  This list ordinarily may contain up to 30 numbers. The Associate Warden may authorize the placement of additional numbers on an inmate's telephone list based on the inmate's individual situation, e.g., size of family.

(1)  During the admission and orientation process, an inmate who chooses to have telephone privileges shall prepare a proposed telephone list.  At the time of submission, the inmate shall acknowledge that, to the best of the inmate's knowledge, the person or persons on the list are agreeable to receiving the inmate's telephone call and that the proposed calls are to be made for a purpose allowable under Bureau policy or institution guidelines.

(2)  Except as provided in paragraph (a)(3) of this section, telephone numbers requested by an inmate ordinarily will be placed on the inmate's telephone list.  When an inmate requests the placement of numbers for persons other than for immediate family or those persons already approved for the inmate's visiting list, staff ordinarily will notify those persons in writing that their numbers have been placed on the inmate's telephone list.  The notice advises the recipient that the recipient's number will be removed from the list if the recipient makes a written request to the institution, or upon the written request of the inmate, or as provided in paragraph (a)(3) of this section.

(3)  The Associate Warden may deny placement of a telephone number on an inmate's telephone list if the Associate Warden determines that there is a threat to institution security or good order, or a threat to the public.  Any disapproval must be documented in writing to both the inmate and the proposed recipient.  As with concerns about any correctional issue, including any portion of these telephone regulations, an inmate may appeal the denial through the administrative remedy procedure (see 28 CFR part 542).  The Associate Warden will notify the denied recipient that he or she may appeal the denial by writing to the Warden within 15 days of the receipt of the denial.

Inmates with access to TRULINCS workstations which provide access to telephone list updates shall generate and maintain their lists using TRULINCS. These inmates will not be required to submit a Telephone Number request form (BP-505). All other inmates shall follow the process below.

An inmate who wishes to have telephone privileges must submit a Telephone Number Request form (BP-505) to unit staff. Their telephone list ordinarily may contain up to 30 telephone numbers.

Inmates may submit telephone numbers for any person they choose, including numbers for courts, elected officials and members of the news media. Attorneys may be included on an inmate's telephone list with the understanding that such calls are subject to monitoring.

Unit staff shall sign the Telephone Number Request form verifying the identity of the inmate that has hand delivered the form to the staff member. Once an inmate submits a list, it will be processed within seven calendar days.

Once unit staff sign the BP-505, it must be forwarded to ITS staff in a secure manner and within the time frames established by this Program Statement. At no time will the BP-505 be returned to the inmate or handled by another inmate.

This time frame may be extended if the total number of changes is so large that unit staff or ITS staff cannot process them and still perform their normal duties.

   c.  **Telephone List Modifications.**

> **b.  Telephone List Update.  Each Warden shall establish procedures to allow an inmate the opportunity to submit telephone list changes on at least a quarterly basis.**

An inmate may submit proposed changes to his or her telephone list once per calendar month, unless staff determine that the inmate has a demonstrated need for more prompt communication.

In determining if a more frequent change is to be permitted due to a demonstrated need for prompt communication, staff must rely on their professional judgment and evaluate each request on a case-by-case basis.

Placing additional numbers (above 30) on an inmate's telephone list is within the Associate Warden's discretion. While 30 numbers should meet the need of most inmates, there may be isolated situations when additional numbers may be warranted.

```
                                                      P5264.08
                                                      1/24/2008
                                                      Page 8
```

For example, an inmate who has a large family may wish to place additional family members on the telephone list. Additional numbers may also be warranted for an inmate who wishes to place both work and home telephone numbers for his or her spouse and children.

> **c.  Telephone Access Codes.  An inmate may not possess another inmate's telephone access code number.  An inmate may not give his or her telephone access code number to another inmate, and is to report a compromised telephone access code number immediately to unit staff.**

   d. **Call Blocking.**  The Associate Warden has authority to block a number on an inmate account in a case-by-case determination. In such cases, the Associate Warden or designee must notify the inmate of an administrative block, ordinarily within five calendar days following the denial or removal of the number.

For security reasons, the Associate Warden also has the authority to block telephone numbers from being called by all inmates at their institution.  Examples of numbers blocked institution wide include, but are not limited to gambling lines, etc.

Requests for BOP-wide blocking of telephone numbers shall be approved by the Chief, Intelligence Section or his/her designee.

Telephone numbers for Victims and Witnesses (as defined in 28 C.F.R. § 151-151 a. & b.) that have requested notification regarding an inmate at a Bureau facility will be blocked at the facility where the inmate is housed.

   e. **Call Blocking by Recipient.**  In ITS, the call recipient has the capability through his or her home telephone to deny and/or block further telephone calls from the inmate.  A voice prompt will direct the called party through the process.  This capability is available for direct-dial and collect calls from an inmate.

   Once the recipient blocks a telephone number, the recipient can unblock the number only when he or she sends a written request for reinstatement.  To ensure the called party's identity, the request for reinstatement must include a copy of a recent telephone bill.  Trust Fund staff will process this request expeditiously.

   In the event that staff receive a telephonic request from a call recipient to have his/her telephone number blocked from an inmate's telephone list, unit staff may request that the ITS

technician place a temporary suspension, not to exceed 20 calendar days, on an inmate calling that specific telephone number. Unit staff should take reasonable steps to verify the identity of the person making the request (e.g., by calling the number to be blocked). The call recipient should be informed that the blocking of the number is temporary, and that he or she must submit a prompt written request to make it permanent.

Copies of written documentation, blocking or unblocking a telephone number (at the recipient's request or the Associate Warden's discretion) must be forwarded to Trust Fund staff in the Financial Management office.

f. **Limitations on Inmate Telephone Calls.**

> **d. Placement and Duration of Telephone Call.** The placement and duration of any telephone call is subject to availability of inmate funds. Ordinarily, an inmate who has sufficient funds is allowed at least three minutes for a telephone call. The Warden may limit the maximum length of telephone calling based on the situation at that institution (e.g., institution population or usage demand).
>
> **e. Exception.** The Warden may allow the placement of collect calls for good cause. Examples of good cause include, but are not limited to, inmates who are new arrivals to the institution, including new commitments and transfers; inmates confined at Metropolitan Correctional Centers, Metropolitan Detention Centers, or Federal Detention Centers; pretrial inmates; inmates in holdover status; inmates who are without funds (see § 540.105(b)); and in cases of family emergencies.

The Warden will establish the maximum length of telephone calls, ordinarily 15 minutes. A warning tone ordinarily will be provided approximately one minute before the call is disconnected. This applies to both debit and collect telephone calls. The Warden determines the interval waiting period between completed telephone calls.

Inmates with ITS accounts are limited to 300 minutes per calendar month. This applies to all inmates with an ITS account in Bureau institutions, and may be used for any combination of collect or direct-dial calls at the inmate's discretion. Ordinarily, the inmates will be allowed an extra 100 minutes per month in November and December.

Inmates who exhaust their 300 minute limitation may be provided additional minutes, at the Warden's discretion, for good cause.

```
                                              P5264.08
                                              1/24/2008
                                              Page 10
```

The 300 minutes per calendar month limitation does not apply to an inmate's ability to place unmonitored legal telephone calls.

   g.  **Hours of Telephone Operation**.  The hours of telephone operation begin at 6:00 AM and end no later than 11:30 PM. Inmate telephones will not be available from at least 11:30 PM to 6:00 AM.  Inmate access to telephones will normally be limited during the following times, Monday through Friday, not including holidays:

        7:30 am until 10:30 am; and,
        12:30 pm until after 4:00 pm count.

   Inmates are expected to be at their work assignments and must not use the telephone during their work hours.  For inmates who work varied work shifts, at local discretion, institutions may leave one telephone per unit available for inmates on "days off," or "evening shift" such as food service workers, UNICOR workers, etc.  Staff are encouraged to take disciplinary action if an inmate leaves his or her work assignment to place a telephone call(s) without the appropriate institution staff member's prior approval.

   These restrictions should not be imposed in Pretrial/Holdover institutions or Pretrial/Holdover Units where inmates are not required to work and generally have more need for telephone access during the day to prepare for trial.

   h.  **Complaints.**  As with any complaint regarding any correctional issue, an inmate may use procedures outlined in the Program Statement on the Administrative Remedy Program to resolve disputes concerning their telephone privileges, e.g. lists, access, accounts, and services.

9.  **MONITORING OF INMATE TELEPHONE CALLS.**

> **§ 540.102 Monitoring of Inmate Telephone Calls.**
>
> **The Warden shall establish procedures that enable monitoring of telephone conversations on any telephone located within the institution, said monitoring to be done to preserve the security and orderly management of the institution and to protect the public.  The Warden must provide notice to the inmate of the potential for monitoring.  Staff may not monitor an inmate's properly placed call to an attorney. The Warden shall notify an inmate of the proper procedures to have an unmonitored telephone conversation with an attorney.**

```
                                                          P5264.08
                                                          1/24/2008
                                                          Page 11
```

As part of the admission and orientation process, inmates will be advised of the procedures for placing monitored and unmonitored telephone calls.

The notification to inmates will be documented on the Acknowledgment of Inmate form (BP-408) and then filed in the inmate Central File.

In addition, a notice will be placed, in both Spanish and English, at all monitored telephone locations within the institution advising the user that all conversations from that telephone are subject to monitoring and that using the telephone constitutes consent to this monitoring. A notice will advise inmates to contact their unit team to request an unmonitored attorney telephone call. The SIS must ensure that the notice(s) is placed at all monitored telephone locations within the institution.

Requests for information (e.g., subpoenas) on monitored calls should be processed in accordance with the Program Statement <u>Recorded Inmate Telephone Conversations, Requests for Production</u>. The Bureau does not allow inmates to send or receive facsimile communications.

10. **INMATE TELEPHONE CALLS TO ATTORNEYS.**

> **§ 540.103 Inmate Telephone Calls to Attorneys.**
>
> **The Warden may not apply frequency limitations on inmate telephone calls to attorneys when the inmate demonstrates that communication with attorneys by correspondence, visiting, or normal telephone use is not adequate.**

The Bureau provides each inmate with several methods to maintain confidential contact with his or her attorney. For example:

- inmate-attorney correspondence is covered under the special mail provisions;
- private inmate-attorney visits are provided; and,
- the inmate is afforded the opportunity to place an occasional unmonitored call to his or her attorney.

Based on these provisions, frequent confidential inmate-attorney calls should be allowed only when an inmate demonstrates that communication with his or her attorney by other means is not adequate. For example, when the inmate or the inmate's attorney can demonstrate an imminent court deadline (see the Program Statements <u>Inmate Correspondence</u> or <u>Inmate Legal Activities</u>).

```
                                                      P5264.08
                                                      1/24/2008
                                                      Page 12
```

Staff are to make reasonable efforts to verify unmonitored calls placed on an inmate's behalf are to an attorney's office. Inmates are responsible for the expense of unmonitored attorney telephone calls. When possible, it is preferred that inmates place unmonitored legal calls collect. Third-party or three-way calls are not authorized.

11. **INMATE USE OF NON-ITS TELEPHONES (Non-attorney calls).** On rare occasion, during times of crisis, staff designated by the Warden may find the need to allow inmates to place telephone calls outside the Inmate Telephone System. These calls should be placed on telephones that are set to record the conversation and shall follow the guidelines detailed below.

   a. **Additional monitored non-ITS telephones must be operated as follows:**

   (1) Inmates using the telephones must have read and signed the Acknowledgment of Inmate form (BP-408) indicating their understanding that telephone calls on that device are subject to monitoring;

   (2) A notice must be placed, in both English and Spanish, above or near the telephone indicating that all calls are subject to monitoring, and that using the telephone constitutes consent to such monitoring. The notice should also indicate that the telephone is for inmate use only. Staff are not permitted to use the telephone because staff telephone calls may not be monitored;

   (3) The telephone must be placed in a secure area (e.g., a locked office);

   (4) The telephone must be set to record telephone calls;

   (5) Staff coordinating the call shall notify the SIS staff in writing via email that telephone call was placed and shall include the following; and

   - The date/time, telephone number, and name of the person being called
   - The name and register number of the inmate placing the call
   - A brief reason for the call.

   (6) SIS staff shall be responsible for inputting this data into the recording system to ensure the call recording can identify the inmate on the telephone. This data must be entered within seven calendar days.

P5264.08
1/24/2008
Page 13

b.  **Institutional Authorization Procedures for Additional Monitored Non-ITS Telephones (Non-ITS)**

PS 5360, expressly provides for an additional monitored inmate telephone located in the Chapel area.  As such, the procedures in this document for authorizing that single telephone do not apply.  These procedures apply, rather, to additional monitored inmate telephones beyond the single additional telephone permitted by the religious policy (e.g., telephones located in the Lieutenant's office, the Unit Team office).

The following procedures must be followed when requesting additional monitored inmate telephones:

   (1)  The Warden shall send a request to the Regional Director for consideration and identify the extraordinary reasons justifying the need for additional telephones; and

   (2)  If approved by the Regional Director, written notification of approval shall be provided to the Warden and the Administration Division's Trust Fund Branch (TFB) staff for processing.

12.  **RESPONSIBILITY FOR INMATE MISUSE OF TELEPHONES.**

> **§ 540.104 Responsibility for inmate misuse of telephones.**
>
> **The inmate is responsible for any misuse of the telephone.  The Warden shall refer incidents of unlawful inmate telephone use to law enforcement authorities.  The Warden shall advise an inmate that violation of the institution's telephone regulations may result in institutional disciplinary action (See part 541, subpart B)**

Inmates violating this policy may be subject to disciplinary action pursuant to 28 CFR part 541, subpart B, and the policy on Inmate Discipline.

> **§540.105 Expenses of Inmate Telephone Use.**
>
> a.  An inmate is responsible for the expenses of inmate telephone use.  Such expenses may include a fee for replacement of an inmate's telephone access code that is used in an institution which has implemented debit billing for inmate calls. Each inmate is responsible for staying aware of his or her account balance through the automated process provided by the system.  Third party billing and electronic transfer of a call to a third party are prohibited.

> b.  The Warden shall provide at least one collect call each month for an inmate who is without funds.  An inmate without funds is defined as an inmate who has not had a trust fund account balance of $6.00 for the past 30 days.  The Warden may increase the number of collect calls based upon local institution conditions (e.g., institution population, staff resources, and usage demand).  To prevent abuses of this provision (e.g., inmate shows a pattern of depleting his or her commissary funds prior to placing collect calls), the Warden may impose restrictions on the provisions of this paragraph b.
>
> c.  The Warden may direct the government to bear the expense of inmate telephone use or allow a call to be made collect under
> compelling circumstances such as when an inmate has lost contact with his family or has a family emergency.

13.  **TELEPHONE RESTRICTIONS IMPOSED BY THE WARDEN.**  Inmates may be subject to telephone restrictions imposed by the Warden to protect the safety, security, and good order of the institution, as well as to protect the public.  Telephone restrictions imposed under the authority of this section are separate and apart from telephone restrictions imposed by the UDC or DHO following formal and completed inmate discipline proceedings.

   Inmates with telephone restrictions are still entitled to place at least one telephone call per month, unless also under a sanction of telephone restriction the UDC or DHO imposed.

   a.  **Authorized Circumstances**.  Inmates may be subject to telephone restrictions under this section in the following two circumstances:

```
                                                       P5264.08
                                                       1/24/2008
                                                       Page 15
```

   (1)  Public Safety Factor (PSF).  An inmate whose current offense, prior history, or threat characteristics indicate a propensity to abuse telephone privileges will be assigned the PSF - Serious Telephone Abuse.  If an inmate is assigned the PSF for Serious Telephone Abuse (see the <u>Security Designation and Custody Classification Manual</u>), a telephone restriction is authorized.  Telephone restrictions imposed under these circumstances are discretionary and necessary to ensure the institution's safety, security, good order and/or to protect the public.  When deemed necessary, the inmate's Unit Manager will ordinarily recommend this type of restriction to the Warden for final decision making.

   Upon his/her initial commitment or redesignation, an inmate with a PSF for Serious Telephone Abuse will not be authorized use of the ITS until classified by the unit team.  Inmates identified at their initial classification as requiring telephone restrictions will not be permitted access to the ITS until after the final review by the Warden.

   (2) Pending Investigation or Disciplinary Action for Possible Telephone Abuse.  If an inmate is pending an investigation or disciplinary action for possible telephone abuse, a partial or total telephone restriction is authorized.  Telephone restrictions imposed under these circumstances are discretionary and necessary to ensure the institution's safety, security, or good order, and/or to protect the public.  When deemed necessary, the Special Investigative Supervisor's office will ordinarily recommend this type of restriction.  Any telephone restriction recommended by the SIS office may only be imposed with the Warden's approval, in accordance with the procedures outlined in this section.

   b.  **Procedures for Imposing or Removing Telephone Restrictions**.  The following procedures must be followed when imposing, removing, or renewing, a telephone restriction under this section:

   (1)  The appropriate staff member recommends a telephone restriction to the Warden by completing the Request for Telephone Restriction form (BP-740.052).  The recommending staff member should describe briefly the reason for recommending a telephone restriction, as well as the extent of the proposed restriction.

   For example, staff may recommend reducing an inmate's telephone use to 100 minutes per month rather than a total restriction, if such a restriction would sufficiently protect the safety, security, or good order of the institution, or protect the public;

P5264.08
1/24/2008
Page 16

   (2)  The Warden will review the recommendation and either approve, modify, or deny the restriction.  If the Warden approves a restriction, such decision must be based on the conclusion that it is necessary to protect the institution's safety, security, or good order, or to protect the public;

   (3)  If the Warden approves a telephone restriction, a copy of the completed form should be provided to the inmate, the Trust Fund Office, and placed in Section 3 of the inmate's Central File;

   (4)  Telephone restrictions imposed by the Warden due to a PSF for Serious Telephone Abuse must be reviewed at least every six months, ordinarily in conjunction with the inmate's Program Review, to determine if the restriction should continue or be modified.  A decision to continue a current telephone restriction imposed under this section requires no further action, but must be documented in the Program Review Report.

   Any proposed change to a current telephone restriction must be made according to these procedures, and requires the Warden's approval.  If appropriate, an inmate's telephone privileges can be gradually restored, based on demonstrated responsibility documented by the inmate's Unit Team or other staff;

   (5)  Telephone restrictions imposed pending an investigation or pending disciplinary action for possible telephone abuse are limited to a period of 30 days.  If an additional 30 day period is required to complete either the investigation or disciplinary process, the Warden must re-authorize the restriction using these procedures.  Specifically, the Warden's approval must be obtained on another Request for Telephone Restriction form (BP-740.052). Unless re-authorized in this manner, Trust Fund staff will obtain the Warden's approval for reinstatement or continued restrictions every 30 days.

   Each subsequent restriction period is limited to 30 days. Staff should make every effort to complete investigations and disciplinary proceedings for possible telephone abuse within the first 30 day period of the telephone restriction;

   (6)  Inmates with telephone restrictions under this section are still entitled to place at least one telephone call per month, unless also under a sanction of telephone restriction the UDC or DHO imposed following formal, and completed, inmate discipline proceedings.  Ordinarily, such telephone calls are placed through the inmate telephone system, not by staff; and,

(7) Inmates may challenge telephone restrictions imposed under this section through the Administrative Remedy Program.


                                        /s/
                                Harley G. Lappin
                                Director