UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LISA A. BIRON,

        Plaintiff,

    v.

                     Civil No. 19-CV-2938 (SRN/LIB)

KATHLEEN HAWK SAWYER, et al.,

        Defendants.

## DECLARATION OF JAKE BUSH

I, Jake Bush, do hereby declare and state as follows:

1.     I am currently employed by the United States Department of Justice (DOJ), Federal Bureau of Prisons (BOP), as a Legal Assistant for the Consolidated Legal Center (CLC) for Minnesota. The CLC handles all litigation for the institutions in Minnesota (including the Federal Medical Center, Rochester, Minnesota (FMC Rochester), the Federal Correctional Institution, Waseca, Minnesota (FCI Waseca), the Federal Correctional Institution, Sandstone, Minnesota (FCI Sandstone), and the Federal Prison Camp, Duluth, Minnesota (FPC Duluth)), the Federal Prison Camp in Yankton, South Dakota (FPC Yankton), and the Administrative U.S. Penitentiary in Thomson, Illinois (AUSP Thomson). The CLC is housed at FMC Rochester. I have been employed in this capacity since May 2015. I have been employed with the BOP since August 2009.

2.     As part of my official duties, I have access to records maintained in the ordinary course of business by the Bureau, including administrative remedy requests of federal inmates,

1

information maintained in the SENTRY[1] database and other official inmate files and records.

3.   I am familiar with all four levels of the inmate administrative grievance procedure created by the Bureau Administrative Remedy Program. See 28 C.F.R. §§ 542.10 - 542.19.

4.   The Bureau has a four-tiered administrative procedure for inmate grievances, which is codified at 28 C.F.R. § 542.10 et seq.

5.   The first step is informal resolution with prison staff. 28 C.F.R. § 542.13(a). The Requests for Informal Resolution Forms (also known as a "BP-8") are not assigned a Remedy ID number and are not tracked. If the inmate is unable to informally resolve his complaint, he may proceed to the second step, the filing of a formal Request for Administrative Remedy (also known as a "BP-9") at the institution in which the inmate is incarcerated. Id. § 542.14. If the inmate feels the response to his BP-9 is not satisfactory, within 20 calendar days of the date the Warden signed the response, the inmate may then appeal the complaint to the Regional Director, by filing a Regional Office Administrative Remedy Appeal (also known as a "BP-10"). Id. § 542.15(a). If dissatisfied with the Regional Director's response, the inmate may appeal to the Director, National Inmate Appeals, in the Office of the General Counsel in Washington D.C., by filing a Central Office Administrative Remedy Appeal (also known as a "BP-11"). Id. An inmate may not raise in an appeal an issue he did not raise in a lower level filing. Id. § 542.15(b)(2).

_____

[1] SENTRY is the Bureau's national database which tracks various data regarding an inmate's confinement, including, but not limited to, an inmate's institutional history, sentencing information, participation in programs, administrative remedies, and discipline history.

6.    The inmate may bypass the institution and file with the regional office when he appeals a
      Discipline Hearing Officer report, challenges a BOP decision not originating with the
      Warden, or reasonably believes the issue is sensitive and his safety or wellbeing would be
      placed in danger if his request became known at the institution. See 28 C.F.R.
      § 542.14(d). Requests that do not meet the "sensitive" standard are not accepted, and the
      inmate is advised to pursue the request locally. Id. § 542.14(d)(1).

7.    Appeal to the General Counsel is the final administrative appeal. See 28 C.F.R.
      § 542.15(a). An inmate has not exhausted his remedies until he has sought review at all
      levels of the process.

8.    The administrative remedy program "applies to all inmates in institutions operated by the
      Bureau of Prisons." 28 C.F.R. § 542.10(b).

9.    Since July 1980, the Bureau has maintained information related to administrative
      complaints filed by inmates under the Bureau Administrative Remedy Program in
      SENTRY. One of the many functions of the SENTRY database is to track administrative
      remedy complaints and appeals, and it allows one to complete a computerized search of
      complaints and appeals filed by a specific inmate.

10.   Each formal complaint (i.e. BP-9, BP-10, and BP-11) is logged into SENTRY at the
      receiving location. If the complaint is an initial filing, it receives a unique "Remedy ID
      Number" upon initial entry, which follows the complaint throughout the appeal process.
      Each "Remedy ID Number" also contains an explanation, or "extension," that identifies
      the level of review. The extension "F-1" indicates the complaint was filed at the
      institution level (BP-9). The extension "R-1" indicates the complaint or appeal was filed
      at the regional level (BP-10). The extension "A-1" indicates the appeal was filed at the

3

national level (BP-11). The number at the end of the extension may change if the remedy or appeal is initially rejected and is then re-filed due to a technical problem, such as improper form, failing to include documentation, or improper filing at that level.

11.   One of the ways in which SENTRY allows for the tracking of administrative remedy complaint and appeals is the Administrative Remedy Generalized Retrieval Index, sometimes referred to as the "Administrative Remedy Log." The automated administrative remedy records in the SENTRY database can be searched back to the inception of the SENTRY system (over twenty years). The Administrative Remedy Log contains information about all administrative remedy submissions filed by a particular inmate. The Administrative Remedy Log also contains information about the facility where the request was filed, the date filed, a short statement of the inmate's complaint, and the status of the filing. The "status code" shows whether a remedy was accepted, rejected, closed, or voided.

12.   Hard copies of the administrative remedy files are maintained for a period of three years. At all phases of the administrative remedy process, paper copies of the administrative remedy documentation are also returned to the inmate, along with the agency response. The Bureau of Prisons does not maintain copies of administrative remedy documentation associated with rejected filings pursuant to Program Statement 1330.18, Administrative Remedy Program, dated January 6, 2014.

13.   I have been advised the Plaintiff in this matter, Lisa Biron, Register No. 12775-049, is challenging the decision to preclude her from communicating with her daughter, R.B., who also was the victim in her criminal case, after R.B. requested the communication in October 2019.

4

14. As of January 23, 2020, Biron has filed or attempted to file 116 administrative remedies with the Bureau of Prisons. See Administrative Remedy Generalized Retrieval Full Screen Format, dated 01-23-2020, for Lisa Biron, Register No. 12775-049, a true and correct copy of which is attached as Exhibit A to this declaration. I will focus this declaration on administrative remedies regarding Biron's ability to communicate with her daughter and discipline she received for doing so while at FCI Waseca.

15. Prior to the October 2019 request for communication, Biron filed Administrative Remedy 974777-F1 with the Warden, requesting correspondence and phone calls with her adult daughter. See Exhibit A at 47; see also Administrative Remedy 974777-F1, a true and correct copy of which is attached as Exhibit B to this declaration. The Warden responded, see Exhibit A at 47, and Biron did not appeal that response, see generally Exhibit A.

16. On or about September 5, 2019, Biron filed Administrative Remedy 989892-F1, challenging new mail procedures which had been implemented at FCI Waseca. See Exhibit A at 51; see also Administrative Remedy 989892-F1, a true and correct copy of which is attached as Exhibit C to this declaration. In her remedy, Biron did not raise the issue of communication with her daughter. See Exhibit C. The Warden responded to her remedy, see Exhibit A at 51, and Biron appealed the response to the Regional Director, see id. Biron then appealed the Regional Director's response to Central Office, and her appeal was denied. See Exhibit A at 53.

17. On or about November 6, 2019, Biron filed Administrative Remedy 996335-F1, challenging an incident report she received for calling her daughter. See Exhibit A at 52. In her remedy, Biron claimed there were no court orders barring her from communicating

5

with her adult daughter, R.B., and therefore, her incident report should be expunged. See Administrative Remedy 996335-F1 (attachments omitted) a true and correct copy of which is attached as Exhibit D to this declaration. The Warden responded, see Exhibit A at 52, and Biron appealed this response to the Regional Director, see Exhibit A at 55. The Regional Director responded, see id., and as of January 23, 2020, she has not appealed to Central Office, see generally Exhibit A.

18. On or about December 9, 2019, Biron filed Administrative Remedy 999668-F1, claiming she was entitled to communicate with her daughter due to ongoing, joint litigation. See Exhibit A at 54; see also Administrative Remedy 999668-F1 a true and correct copy of which is attached as Exhibit E to this declaration. Biron appealed the Warden's response to the Regional Director, and as of January 23, 2020, the Regional Director's response was still pending. See Exhibit A at 59.

19. On or about December 9, 2019, Biron filed Administrative Remedy 999669-F1, challenging an incident report. See Exhibit A at 54. In this remedy, Biron again challenged discipline she received for writing her daughter. See Administrative Remedy 999669-F1 a true and correct copy of which is attached as Exhibit F to this declaration. Biron appealed the Warden's response to the Regional Director, and as of January 23, 2020, the Regional Director's response was still pending. See Exhibit A at 59.

6

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed this $31$ day of January, 2020

Jake Bush
Legal Assistant
Federal Medical Center
Rochester, Minnesota

7