United States District Court
for the
District of New Hampshire

Lisa Biron,
    Defendant-Movant    )
)
)
)
v.                               )    Case Number 12-CR-140-PB
)
)
United States of America,    )
    Respondent    )
)

<u>Motion Under Fed. R. Crim. P. 36 to Correct Judgment</u>

Movant, Lisa Biron, moves this Court to correct its written judment to conform to its oral pronouncement of sentence. Specifically, at sentencing on May 23, 2013 this Court pronounced the following special condition of supervised release:

> The defendant shall not directly or indirectly contact the victim or any persons under the age of 18 except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the probation officer.

(May 23, 2013, Sent. Transc., p. 77, lines 15-20.) In contrast, the written judgment is materially different and states:

> The defendant may not directly or indirectly contact the victim or any child under age 18[.]

(Case No. 12-CR-140, Judgment, p. 4 of 6.)

It is well settled that "[A]n oral sentence prevails over a written judgment if there is a material conflict between the two." <u>United States v. Riccio</u>, 567 F.3d 39, 40 (1st Cir. 2009). "If there should be a variance between the oral pronouncement of sentence and the sentence as set forth in the written judgment, the oral sentence prevails." <u>United States v. Valencia</u>, 17 Fed. Appx' 9, 9 (1st

1

Cir. 2001).

The condition that appears in the written judgment could be, and is being, misinterpreted to apply to "the victim" at any age, as opposed to being limited to the victim as a minor. The orally pronounced condition makes clear that the condition applies only to minors. In fact, the Warden at FCI Waseca, Nanette Barnes, has declared, under penalty of perjury, that she asked her staff (Unit Manager Deanna Hiller) to "seek clarification from the sentencing court before [she made] a final decision regarding communication between Biron and R.B. [Barnes] was advised the U.S. Probation Office spoke with the sentencing court, and the sentencing court intended the Special Condition to apply regardless of R.B.'s age." (Biron v. Sawyer, et al., case no. 19-cv-2938, D. Minn. ECF DOC 32, ¶ 12 (Declaration of Nanette Barnes).) In light of the condition that this Court actually imposed, Barnes' sworn declaration seems, simply, incredulous.

Wherefore, Movant requests this Court correct the written special condition of supervised release to conform with the orally pronounced condition. See Valencia, 17 Fed. Appx. at 9-10 (correcting variance between oral pronouncement of sentence and written judgment pursuant to motion under Rule 36).

Respectfully submitted

2/10/20
Date

Lisa Biron
# 12775-049
FCI Waseca
P.O. Box 1731
Waseca, MN 56093

### Certification

I, Lisa Biron, certify that a copy of this motion was mailed to AUSA Helen White Fitzgibbon on this date.

2/10/20
Date

Lisa Biron

2

Lisa Biron
# 12775-049
Federal Correctional Institution
P.O. Box 1731
Waseca, MN 56093



10 FEB 2020 PM 6 L

⇔12775-049⇔
Clerk Of Court
U.S. District Court
55 Pleasant ST
Room 110
Concord, NH 03301
United States

Legal mail

03301-394135