RECEIVED BY MAIL
MAR 02 2020
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lisa Biron,<br>    Plaintiff<br><br>v.<br><br>Kathleen Hawk Sawyer, et al.,<br>    Defendants | Case No. 19-cv-2938 (SRN/LIB) |

<u>Plaintiff's Opposition to Defendants' Motion to Dismiss</u>

and

<u>Renewed Motion for Summary Judgment</u>*

    Plaintiff opposes Defendants' motion to dismiss, and moves for summary judgment under Fed. R. Civ. P. 56.

    Defendants' sole justification for barring Lisa Biron ("Lisa" or "Plaintiff") and Rachael Biron's ("Rachael") contact is their asserted policy of deference to the sentencing court's intent. Defendants, however, have relied on a scrivener's error in Plaintiff's supervised release conditions as determinitive of the court's intent to bar contact with Rachael regardless of Rachael's age. The sentencing court, in fact, did not impose the condition on which the Defendants rely, and on February 24, 2020 granted Plaintiff's motion to correct the scrivener's error.[1] Wherefore, Defendants' <u>Turner</u> analysis is fatally flawed, and the bar unconstitutional. Further, Warden Barnes has acknowledged in administrative remedy ("AR") response no. 974777 that Plaintiff's ARs are exhausted on this issue. (See Ex. 1, AR Response.) Consequently, the matter is ripe for summary judgment.

---

* Plaintiff moved to withdraw DOC 27 (Motion for Summary Judgment and for Preliminary Injunction) on 2/13/20 with a letter of explanation to Judge Brisbois (DOCs 39 & 40).

1 See <u>United States v. Biron</u>, no. 12-cr-140-PB (D.N.H.), 2/24/20 Order GRANTING Motion Under Fed. R. Crim. P. 36 to Correct Judgment (DOC 75) to conform to orally pronounced sentence.

1

SCANNED
MAR 03 2020
U.S. DISTRICT COURT MPLS

The scrivener's error, which the Defendants mistook[2] as a special condition of supervised release, stated, "The defendant may not directly or indirectly contact the victim or any child under 18[.]" (Tweeten, Ex. 2 at 45.) The condition actually imposed by the sentencing court states, "The defendant shall not directly or indirectly contact the victim or any persons under the age of 18 except in the presence of a responsible adult . . . ." (Id., Ex. 1 at 77.) It is well settled that "Where an oral sentence and the written judgment conflict, the oral sentence controls." United States v. Quiver, 925 F.3d 377, 381 n.2 (8th Cir. 2019)(internal citation omitted); see also United States v. Riccio, 576 F.3d 39, 40 (1st Cir. 2009)("[A]n oral sentence prevails over a written judgment if there is a material conflict between the two.").

Defendants' entire justification for the contact bar imposed on this mother and her adult daughter depends on the sentencing court's intention behind a special condition it did not impose. Remarkable claims of ex parte communications with the sentencing court are found in Defendant-Warden Barnes' declaration, and Defendants' memorandum of law in support of their motion to dismiss. Barnes avers that "the U.S. Probation Office spoke with the sentencing court" to clarify its intent in regard to the condition which Defendants thought could be read to apply regardless of Rachael's age. The sentencing court, Barnes claims, told someone at the U.S. Probation Office that its intent was to bar Lisa and Rachael's contact during the life-time term of supervised release regardless of Rachael's age.[3] (Barnes' Decl. at ¶ 12.)

---

[2] Plaintiff alerted Defendants and their attorney, AUSA Tweeten, of their error on 2/8/2020 via emails and letter and moved to withdraw her Motion for Summary Judgment and for Preliminary Injunction (DOC 27) that was based on the null and void condition on which Defendants rely. Defendants have ignored Plaintiff's repeated attempts to settle this matter and to stop wasting this Court's time.
[3] Defendants' claim that the sentencing court advised the Probation Office, in an ex parte communication, of its intent behind a condition it did not impose is, simply, incredible. Nevertheless, this claim was made in a sworn affidavit by a federal Bureau of Prisons warden. Therefore, Plaintiff has filed a Judicial

In justifying the contact bar, the Defendants explain, "If a sentencing court or family court has spoken on the [contact]-issue, [Warden Barnes] will follow the lead of that court . . . ." (Defts' Mem. in Supp. at 3; Barnes' Decl. at ¶ 8.) "For example, if a sentencing court has prohibited contact . . . as a condition of supervised release, [Barnes] will implement that no-contact order during incarceration." (Id.) "If a victim-child . . . contacts the institution and requests communication . . . , [Barnes] will ask the inmate's Unit Manager [(in this case, Defendant Hiller)] to investigate whether any court has addressed the status of contact . . . . If courts have been silent on the issue, [Barnes] will approve the communication . . . ." (Id.) "[Barnes] follows these procedures in order to be fair and consistent in [her] application of contact restrictions . . . [,]" (id.), and to avoid "resorting to judgment calls on the moral appropriateness of communication . . . ." (Defts' Mem. in Supp. at 17.) The Defendants conclude that "Because the sentencing court intended[4] to restrict Biron's supervised release contact with R.B. regardless of R.B.'s age, the Special Condition was persuasive to Warden Barnes regarding the continuing need to protect R.B. from contact by Biron." (Defts' Mem. in Supp. at 9; Barnes' Decl. at ¶ 13.) "Biron was advised of [Barnes'] decision and willingness to reconsider[5] if the Special Condition was modified." (Id.)

But the basic premise on which the Defendants have built their entire argument in support of the contact bar is false: The contact restriction in Plaintiff's special conditions does not restrict supervised release contact with

---

Misconduct Complaint seeking an investigation into this matter which calls into question the actions of the sentencing court. The Complaint arrived at the United States Court of Appeals for the First Circuit on February 25, 2020.

4 See supra p. 2 & n.3.

5 Yet, when Plaintiff advised Defendants on 2/8/2020 via inmate to staff email, and on 2/10/2020 via U.S. Mail to AUSA Andrew Tweeten, and on 2/19/2020 via inmate to staff email that their restriction was based on a scrivener's error, she received no response. On 2/21/2020 Plaintiff again sent Barnes and Hiller an email advising them that N.H. AUSA Seth Aframe agreed that the scrivener's error should be corrected. And on 2/25/2020, Plaintiff emailed Barnes and Hiller one last time to advise them that the sentencing court had ordered that the

Rachael regardless of Rachael's age. The condition clearly does not bar contact with Rachael as an adult.[6]

Consequently, Defendants' contact bar does not pass constitutional muster under Turner v. Safley, 482 U.S. 78 (1987) and summary judgment should be granted to Plaintiff.

Defendants' contact bar, which restricts Lisa's and Rachael's First Amendment rights to communicate and maintain a familial relationship, is invalid because it is not reasonably related to legitimate penological purposes. See Turner, 482 U.S. at 89-91. Turner advises courts to consider four factors: (1) whether a rational connection exists between the prison's policy and a legitimate governmental interest advanced as its justification; (2) whether inmates have an alternative means of exercising the right; (3) what effect accommodating the exercise of the right would have on guards, other inmates, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the inmate's rights. Id.

But the Defendants cannot satisfy the first Turner factor and, therefore, the analysis ends there. Id. at 89-90 ("Should we find a valid rational connection, we balance the remaining three factors.").

The Plaintiff agrees that the Bureau has a legitimate penological interest in being fair and consistent while managing inmate contact, and that there is a rational connection between this interest and Barnes' decision to defer to the courts to prevent disparity in treatment among inmates and to avoid making moral

---

written condition be corrected. Still, she received no response. Also on 2/25/20 Plaintiff put in a request for an attorney phone call to AUSA Tweeten in an attempt to settle this matter because the inmate telephone does not allow calls that are answered by automated systems. No call was arranged.

6 Indeed, the Special Condition does not even bar contact with minors if certain conditions are met. For example, contact with any minor is allowed "in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the probation officer." (Tweeten Ex. 1 at 77.)

judgment calls. Defendants emphasize that "This is not a case where the Bureau is asking for the Court to defer to its determination R.B. needs to be protected from Biron; rather the Bureau of Prisons is affording deference to the judgment of Biron's sentencing court." (Defts' Mem. in Supp. at 17 (internal citation omitted).) The sentencing court did not impose any contact bars applicable to adults, and ruled swiftly to fix the scrivener's error once it was brought to its attention.[7] The contact bar imposed upon Lisa and Rachael by the Defendants is wrongful under Defendant-Warden Barnes' own meticulously described, under the penalty of perjury, policy.

The existing record is clear. There is no dispute as to any material fact. Plaintiff is constitutionally entitled under Defendants' policy to contact with her daughter, and this Court should grant summary judgment in her favor. See Fed. R. Civ. P. 56(a).

Respectfully submitted

2/27/2020
Date

*Lisa Biron*
Lisa Biron
FCI Waseca
Waseca, MN 56093

### Verification and Certification

I hereby declare, under penalty of perjury, that the facts stated in the foregoing Opposition and Renewed Motion for Summary Judgment are true, and that it was mailed to the District of Minnesota on this date by depositing it in the inmate legal mail postage paid, and that a copy of same was mailed to AUSA Andrew Tweeten.

2/27/2020
Date

*Lisa Biron*
Lisa Biron

---

[7] Defendants stated that "When R.B.'s request to communicate with Biron was brought before the sentencing court, it stood by the special condition." (Defts' Mem. in Supp. at 18.) It is Plaintiff's hope that the truth behind this fantastic claim—that the court stood behind a condition it did not impose—is uncovered through her Judicial Misconduct Complaint.