UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Lisa A. Biron,                                              Case No. 19-cv-2938 (SRN/LIB)

      Plaintiff,

v.                                                                              **ORDER**

Kathleen Hawk Sawyer, et al.,

      Defendants.

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636 and upon the parties' letters to the Court. [Docket No. 39, 40, 41].

Plaintiff, who is presently confined by the Federal Bureau of Prisons, initiated the present action which was subsequently removed from the Third Judicial District, County of Waseca District Court, State of Minnesota, (Notice of Removal [Docket No. 1]), on November 20, 2019. In general, Plaintiff alleges that Defendants, who are all officials or employees of the Federal Bureau of Prisons, are violating Plaintiff's constitutional rights by precluding her from having contact with her now adult daughter who was the then minor victim of the crimes underlying Plaintiff's term of incarceration. (Compl. [Docket No. 1-2]).

On November 25, 2019, Plaintiff filed a Motion for Permissive Joinder, [Docket No. 8], in which she purports to seek to add her daughter as a plaintiff in the present action. Thereafter, on December 2, 2019, Plaintiff and her daughter filed another Motion for Permissive Joinder, [Docket No. 9], in which they purport to jointly seek to add Plaintiff's daughter as a plaintiff in the present action.

On December 4, 2019, Plaintiff filed a "Motion for Emergency Injunction/Temporary Restraining Order," [Docket No. 10], in which she sought an Order of this Court preventing Defendants from interfering in the communications between Plaintiff and her daughter "regarding this case." (Motion for Emergency Injunction/Temporary Restraining Order [Docket No. 10]). In general, Plaintiff argues that such an injunction is necessary because she and her daughter need to be able to communicate regarding the present action so they can jointly pursue the present action. (Id.).

On January 30, 2020, Plaintiff filed her "Verified Motion for Summary Judgment and for Preliminary Injunction." [Docket No. 27]. Plaintiff's Motion seeks additional injunctive relief, as well as, an Order of this Court entering summary judgment in her favor as a matter of law. On February 4, 2020, Defendants filed their Motion to Dismiss. [Docket No. 29].

On February 6, 2020, the undersigned issued an Order establishing a schedule for the briefing which then remained to be completed regarding the parties' pending Motions. The undersigned informed the parties that in order to further the progress of this litigation and to address the parties' pending Motions in the most expeditious and judicious manner, the Court would address all of the parties' Motions at the same time and issue a single report and recommendation.

On February 18, 2020, Plaintiff filed two letters which collectively inform the Court that "material facts" underlying her "Verified Motion for Summary Judgment," [Docket No. 27], had changed, and she wished to withdraw said Motion. (Letter [Docket Nos. 39, 40]). According to Plaintiff, the condition of supervised release underlying Defendants' decision to preclude Plaintiff from contacting her daughter "was not actually imposed by the sentencing court." (Letter [Docket No. 40]). Because of this purported development, Plaintiff believes the argument

underlying her "Verified Motion for Summary Judgment" is now "inapplicable," and on that basis, she seeks to withdraw said Motion. (Id.).

On February 27, 2020, Defendants filed their letter, [Docket No. 41], seeking to withdraw their Motion to Dismiss. [Docket No. 29]. Defendants' letter asserts that the Court, in which Plaintiff was convicted of the crime underlying her present term of imprisonment, had granted Plaintiff's motion to correct the special conditions of her sentence. Based on this change of underlying facts, Defendants seek permission to withdraw their present Motion to Dismiss, as well as, permission to file a renewed Motion to Dismiss as may be warranted.

On March 2, 2020, Plaintiff filed a document she entitled her "Opposition to Defendants' Motion to Dismiss and Renewed Motion for Summary Judgment." [Docket No. 43]. The document field by Plaintiff appears to be her argument in opposition to Defendants' February 4, 2020, Motion to Dismiss.[1] Defendants have, however, now sought to withdraw their February 4, 2020, Motion to Dismiss, and therefore, Plaintiff's arguments in opposition thereto are moot.

In light of the represented change in some material fact underlying their cross Motions, the parties will be permitted to withdraw their respective Motions. [Docket No. 27; Docket No. 29]. The Court's previous briefing schedule relative to Plaintiff's Motion for Permissive Joinder, [Docket No. 8]; Plaintiff and her daughter's Motion for Permissive Joinder, [Docket No. 9]; and Plaintiff's "Motion for Emergency Injunction/Temporary Restraining Order," [Docket No. 10], remains in full force and effect. The Court will take Plaintiff's Motion for Permissive Joinder, [Docket No. 8]; Plaintiff and her daughter's Motion for Permissive Joinder, [Docket No. 9]; and

---

[1] Plaintiff also appears to conclusorily contend that she is entitled to summary judgment as a matter of law because of the same reasons Defendants' Motion to Dismiss should be denied. To the extent Plaintiff intended her filing to be a motion for summary judgment, her motion fails to comply with Local Rule 7.1(c). Moreover, a party may not move the Court for specific relief in a responsive memorandum. A motion by any party is a separate and distinct filing from a responsive memorandum. Therefore, the Clerk of Court is directed to term the motion designation on Plaintiff's "Opposition to Defendants' Motion to Dismiss and Renewed Motion for Summary Judgment." [Docket No. 43].

Plaintiff's "Motion for Emergency Injunction/Temporary Restraining Order," [Docket No. 10], under advisement on the written submissions of the parties on March 13, 2020, as previously ordered. Defendants are ordered to answer or otherwise respond to Plaintiff's Complaint by no later than April 10, 2020.

Therefore, for the foregoing reasons, and based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The Clerk of Court's office is directed to term Plaintiff's "Verified Motion for Summary Judgment and for Preliminary Injunction," [Docket No. 27];

2. The Clerk of Court's office is directed to term Defendants' Motion to Dismiss, [Docket No. 29];

3. The Clerk of Court's office is directed to term Plaintiff's "Opposition to Defendants' Motion to Dismiss and Renewed Motion for Summary Judgment," [Docket No. 43];

4. Defendants shall answer or otherwise respond to Plaintiff's Complaint as soon as practicable and in any event by no later than **Friday, April 10, 2020**; and

5. The Court will take Plaintiff's Motion for Permissive Joinder, [Docket No. 8]; Plaintiff and her daughter's Motion for Permissive Joinder, [Docket No. 9]; and Plaintiff's "Motion for Emergency Injunction/Temporary Restraining Order," [Docket No. 10], under advisement on the written submissions of the parties as of **March 13, 2020**.

Dated: March 6, 2020
s/Leo I. Brisbois
Hon. Leo I. Brisbois
U.S. MAGISTRATE JUDGE