UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
No. 19-cv-2938 (SRN/LIB)

Lisa A. Biron,

    Plaintiff,

v.

Kathleen Hawk Sawyer, Director Federal Bureau of Prisons; Warden Nanette Barnes; Deanna Hiller, Unit Manager,

    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

## INTRODUCTION

Defendants Kathleen Hawk Sawyer, Director, Federal Bureau of Prisons, Warden Nanette Barnes, and Deanna Hiller, Unit Manager, bring this Motion to Dismiss with respect to all claims against them asserted in Plaintiff Lisa A. Biron's Complaint. Doc. 1-2. Biron's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because it is moot. On March 4, 2020, the Bureau of Prisons lifted its restriction of Biron's correspondence with her daughter.

## BACKGROUND[1]

According to Biron, Defendants are preventing her from communicating with her daughter, R.B., who was the minor-victim in her crime. *See* Doc. 1-2, at 2. R.B. is now twenty-one years of age and has asked Warden Barnes for permission to communicate with

---

[1] The Court's most recent Order recites the procedural history of this case in detail. *See* Doc. 45 at 1-3. For brevity and to avoid repetition, that history is not restated here.

Biron. *See id.* However, Biron alleges that Warden Barnes and Deanna Hiller have told her she may not have contact with R.B. during her sentence. *See id.* Biron alleges this denial violates her right to a familial relationship, right of association, and due process of law. *See id.* Biron also seeks to join R.B. as a co-plaintiff. *See* Doc. 9. Biron seeks declaratory and injunctive relief. Doc. 1-2 at 3.

On March 4, 2020, Warden Barnes notified Biron that the Bureau's restriction on Biron's communication with R.B. had been lifted, following a decision issued by Biron's sentencing court that resulted in a modification of the conditions of her supervision. *See* Decl. of Deanna Hiller ¶ 5 & Ex. 1. This decision permits Biron to communicate with R.B., subject to generally-applicable Bureau of Prisons Program Statements regarding the content of inmate communications. *See id.* Biron indicated that she was advised of the Bureau's decision. *See id.*

## ARGUMENT

The Court should dismiss Biron's Complaint under Rule 12(b)(1) because it is moot. When evaluating a motion to dismiss pursuant to Rule 12(b)(1), a court must first determine whether the motion makes a "facial" or "factual" attack on subject matter jurisdiction. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015). A facial attack alleges that jurisdiction is lacking from the face of the pleadings. *See id.* Accordingly, "the court merely [needs] to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Id*. (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)) (emendation in original). Conversely, a factual attack challenges subject matter jurisdiction "irrespective of the pleadings" by introducing facts outside the

2

pleadings for the court's consideration. *Id.* at 914-15. This Motion to Dismiss presents a factual attack on the Court's subject matter jurisdiction as alleged in the Complaint because it refers to the Declaration of Deanna Hiller and supporting Exhibit to show that the case is moot. In this context, "the nonmoving party [does] not enjoy the benefit of the allegations in its pleadings being accepted as true by the reviewing court." *Id.* at 915.

Mootness is a threshold jurisdictional question. *Arkansas AFL-CIO v. F.C.C.*, 11 F.3d 1430, 1435 (8th Cir. 1993) (en banc). "Article III of the United States Constitution limits the jurisdiction of federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). While there may be a case or controversy at the time a complaint is filed, over the course of litigation, a change in circumstance may prevent the court from granting effective relief, rending the case moot. *See Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding an action becomes moot where it "no longer present[s] a case or controversy under Article III"). "Consequently, a prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Claims for declaratory relief are barred as moot for the same reason. *Id.*

The Bureau of Prisons' decision to lift its restriction on Biron's correspondence with R.B. extinguishes the controversy alleged in the Complaint. The Court therefore lacks subject matter jurisdiction and this case should be dismissed pursuant to Rule 12(b)(1) because it is moot. All of the allegations in Biron's Complaint depend on a correspondence restriction that is no longer in place. *See* Doc. 1-2 ¶¶ 8-18. No other

basis for relief is asserted. *Id.* When the correspondence restriction was lifted, the controversy over the restriction ended. Defendants no longer bar correspondence between Biron and R.B. *See* Hiller Decl. ¶ 5 & Ex. 1; *Contra* Doc. 1-2 ¶ 10.

In sum, this case has become moot in light of the Bureau's decision to rescind the correspondence restriction challenged in Biron's Complaint. The Complaint should therefore be dismissed without prejudice. *See Jamal v. Chertoff*, No. 06-cv-4932 (DSD/SRN), 2007 WL 2509765, at *2 (D. Minn. August 30, 2007) (adopting report and recommendation ) (explaining that mootness is a matter of subject matter jurisdiction and that dismissal for lack of subject matter jurisdiction is without prejudice).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss all claims against them without prejudice.

Dated:   April 10, 2020

ERICA H. MacDONALD
United States Attorney

*s/ Andrew Tweeten*

By:   ANDREW TWEETEN
Assistant United States Attorney
Attorney ID Number 0395190
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN   55415
(612) 664-5600
andrew.tweeten@usdoj.gov

Attorneys for Defendants