UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Lisa A. Biron,                                    Case No. 19-cv-2938 (SRN/LIB)

                    Plaintiff,

        v.                                              **ORDER**

Kathleen Hawk Sawyer, et al.,

                    Defendants.

---

        This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636 and Defendants' Motion to Dismiss. [Docket No. 47].

        Plaintiff, who is presently confined by the Federal Bureau of Prisons, initiated the present action which was subsequently removed from the Third Judicial District, County of Waseca District Court, State of Minnesota, on November 20, 2019. (Notice of Removal [Docket No. 1]). In general, Plaintiff alleges that Defendants, who are all officials or employees of the Federal Bureau of Prisons, are violating Plaintiff's constitutional rights by precluding her from having contact with her now adult daughter who was the then minor victim of the crimes underlying Plaintiff's term of incarceration. (Compl. [Docket No. 1-2]).

        Shortly after the present action was removed to this Court, Plaintiff filed a Motion for Permissive Joinder, [Docket No. 8], in which she purports to seek to add her daughter as a plaintiff in the present action. Thereafter, Plaintiff and her daughter filed another Motion for Permissive Joinder, [Docket No. 9], in which they purport to jointly seek to add Plaintiff's daughter as a plaintiff in the present action.

Plaintiff then subsequently filed a "Motion for Emergency Injunction/Temporary Restraining Order," [Docket No. 10], in which she sought an Order of this Court preventing Defendants from interfering in the communications between Plaintiff and her daughter "regarding this case." (Mot. for Emergency Injunction/TRO [Docket No. 10]). In general, Plaintiff argues that such an injunction is necessary because she and her daughter need to be able to communicate regarding the present action so they can jointly pursue the present action. (Id.).

On January 30, 2020, Plaintiff filed her "Verified Motion for Summary Judgment and for Preliminary Injunction." [Docket No. 27]. Plaintiff's Motion sought additional injunctive relief, as well as, an Order of this Court entering summary judgment in her favor as a matter of law. (Plf.'s Mot. [Docket No. 27]). On February 4, 2020, Defendants filed their Motion to Dismiss. [Docket No. 29].

On February 6, 2020, the undersigned issued an Order establishing a schedule for the briefing which then remained to be completed regarding the parties' then pending Motions. The undersigned informed the parties that in order to further the progress of this litigation and to address the parties' pending Motions in the most expeditious and judicious manner, the Court would address all of the parties' Motions at the same time and issue a single report and recommendation.

On February 18, 2020, Plaintiff filed two letters which collectively informed the Court that "material facts" underlying her "Verified Motion for Summary Judgment," [Docket No. 27], had changed, and she wished to withdraw said Motion. (Letters [Docket Nos. 39, 40]). According to Plaintiff, the condition of supervised release underlying Defendants' decision to preclude Plaintiff from contacting her daughter "was not actually imposed by the sentencing court," despite Defendants' contention to the contrary. (Letter [Docket No. 40]). Plaintiff,

therefore, believed the argument underlying her "Verified Motion for Summary Judgment" was "inapplicable," and on that basis, she sought to withdraw said Motion. (Id.).

On February 27, 2020, Defendants filed their letter, [Docket No. 41], seeking to withdraw their Motion to Dismiss. [Docket No. 29]. Defendants' letter asserted that the Court, in which Plaintiff was convicted of the crime underlying her present term of imprisonment, had granted Plaintiff's motion to correct the special conditions of her sentence. Based on this change of underlying facts, Defendants sought permission to withdraw their Motion to Dismiss.

On March 6, 2020, the undersigned issued an Order permitting the parties to withdraw their respective dispositive Motions. (Order [Docket No. 45]). Because Defendants withdrew the Motion they filed in response to Plaintiff's Complaint, the Court directed Defendants to answer or otherwise respond to Plaintiff's Complaint by no later than April 10, 2020. The Court also informed the parties that it would still take Plaintiff's Motion for Permissive Joinder, [Docket No. 8]; Plaintiff and her daughter's Motion for Permissive Joinder, [Docket No. 9]; and Plaintiff's "Motion for Emergency Injunction/Temporary Restraining Order," [Docket No. 10], under advisement on the written submissions of the parties on March 13, 2020, as the Court had previously ordered.

On April 10, 2020, Defendants filed their current Motion to Dismiss. [Docket No. 47]. In their current Motion to Dismiss, Defendants argue that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the claims contained within Plaintiff's Complaint are now moot. Specifically, Defendants assert that the Bureau of Prisons has lifted its restrictions on Plaintiff's correspondence with her daughter, and that Plaintiff has been informed that the restriction has been lifted.

Plaintiff has not yet responded to Defendants' Motion to Dismiss. [Docket No. 47]. Accordingly, the Court will establish a schedule for the briefing on Defendants' current Motion to Dismiss. [Docket No. 47].

Additionally, because the new, material facts underlying the present case and Defendants' Motion to Dismiss have the potential to moot Plaintiff's Motion for Permissive Joinder, [Docket No. 8]; Plaintiff and her daughter's Motion for Permissive Joinder, [Docket No. 9]; and Plaintiff's "Motion for Emergency Injunction/Temporary Restraining Order," [Docket No. 10], the Court will hold Plaintiff's Motion for Permissive Joinder, [Docket No. 8]; Plaintiff and her daughter's Motion for Permissive Joinder, [Docket No. 9]; and Plaintiff's "Motion for Emergency Injunction/Temporary Restraining Order," [Docket No. 10], in abeyance pending the completion of the briefing on Defendants' Motion to Dismiss. Thereafter, the Court will address all of the parties' Motions at the same time and issue a single report and recommendation.

Therefore, for the foregoing reasons, and based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff shall file and serve her response to Defendants' Motion to Dismiss, [Docket No. 47], as soon as practicable and in any event by no later than **Tuesday, May 5, 2020**;

2. Defendants shall file and serve their reply memorandum within fourteen (14) days after receipt of Plaintiff's response and in any event by no later than **Tuesday, May 19, 2020**; and

3. The Court will take Plaintiff's Motion for Permissive Joinder, [Docket No. 8]; Plaintiff and her daughter's Motion for Permissive Joinder, [Docket No. 9]; Plaintiff's "Motion for Emergency Injunction/Temporary Restraining Order," [Docket No. 10]; and Defendants'

Motion to Dismiss, [Docket No. 47], under advisement on the written submissions of the parties as of **May 20, 2020**.



Dated: April 14, 2020                                          s/Leo I. Brisbois
                                                               Hon. Leo I. Brisbois
                                                               U.S. MAGISTRATE JUDGE