UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
No. 19-cv-2938 (SRN/LIB)

Lisa A. Biron,

    Plaintiff,

v.

Kathleen Hawk Sawyer, Director Federal Bureau of Prisons; Warden Nanette Barnes; Deanna Hiller, Unit Manager,

    Defendants.

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Biron's Complaint should be dismissed because it is moot. A prisoner's claims for declaratory and injunctive relief are moot if she is no longer subject to those conditions. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). On March 4, 2020, the Bureau lifted the correspondence restriction from which Biron seeks declaratory and injunctive relief. *Compare* Compl. [Doc. 1-2] ¶¶ 19-20 *with* Hiller Decl. [Doc. 50] ¶ 5 & Ex. 1 [Doc. 50-1].

1.    The voluntary cessation exception to mootness does not apply. *Contra* Response [Doc. 55] at 3-4. "[T]he standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: 'A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968)). Thus, voluntary actions moot litigation if two conditions are satisfied: "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have

completely and irrevocably eradicated the effects of the alleged violation." *Cty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979).

The voluntary cessation exception to mootness is intended to prevent a party from gaming the system. The rule "traces to the principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior." *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001); *see also*, *Jones v. Fed. Bureau of Prisons*, No. 09-1074, 2010 WL 3118679, at *6-7 (D. Minn. Feb. 8, 2010), *report and recommendation adopted*, 2010 WL 3118664 (D. Minn. Aug. 4, 2010) (discussing principles underlying voluntary cessation, citing *City News & Novelty* with approval, and recommending habeas petition alleging due process violation be dismissed as moot where Bureau expunged disciplinary decision at issue and ordered a new disciplinary hearing). If voluntary cessation automatically mooted a case, "a defendant could engage in unlawful conduct, stop when sued to have the

case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." *Already LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).[1]

The Bureau's rescission of the contact restriction moots the claims in Biron's Complaint. Both conditions articulated in *County of Los Angeles* are met, so the voluntary cessation exception does not apply. The Bureau's decision to lift the correspondence restriction was "more than a mere voluntary cessation of allegedly illegal conduct, where we would leave the defendant free to return to his old ways." *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975) (cleaned up). Interim events, *i.e.*, a judicial order by Biron's sentencing court that modified her special conditions of supervision, prompted the Bureau's decision to lift the correspondence restriction. *See* Hiller Decl. Ex. 1; *see also* Motion, Response, and Docket, *United States v. Biron*, No. 12-cr-140-PB (D.N.H. accessed Feb. 25, 2020)

---

[1] When analyzing mootness, some courts treat voluntary cessation by a government actor with special solicitude. *See, e.g.*, *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 884 (10th Cir. 2019) (rejecting voluntary cessation exception because the Bureau's policy change represented "genuine" government self-correction that courts accord solicitude); *Brown v. Buhman*, 822 F.3d 1151, 1167-68 (10th Cir. 2016) (same); *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1116-17 & n.15 (10th Cir. 2010) ("In practice, however, *Laidlaw's* heavy burden frequently has not prevented governmental officials from discontinuing challenged practices and mooting a case."); *Sossamon v. Texas*, 560 F.3d 316, 325 (5th Cir. 2009) (stating that "government actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties" and "[w]ithout evidence to the contrary, we assume that formally announced changes to official governmental policy are not mere litigation posturing."); *Ragsdale v. Turnock*, 841 F.2d 1358, 1365 (7th Cir. 1988) ("[C]essation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties."). Two courts of appeal apply a rebuttable presumption that conduct will not recur when the defendant is a government actor. *See Chi. United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 947 (7th Cir. 2006); *Troiano v. Supervisor of Elections*, 382 F.3d 1276, 1283 (11th Cir. 2004).

[Docs. 41-1, 41-2, & 41-3]. The Bureau's change was due to a court order that Biron herself sought by motion; it was not an attempt to evade judicial review by depriving this court of jurisdiction. *Id.* The Bureau's Notice, Doc. 50-1, as well as the sentencing court's order, provide ample and concrete assurance that the correspondence restriction has ended. There is no reasonable expectation that it could recur.

Biron's claims that the Bureau "could easily reinstate [the contact bar]" and that it is "very likely they would try a similar maneuver in the future," Doc. 55 at 4, are pure speculation, lacking any concrete factual support. These claims are not sufficient to create a reasonable expectation of recurrence to support Biron's voluntary cessation exception argument. *See City News & Novelty*, 531 U.S. at 283 ("speculation standing alone . . . [does] not shield the case from a mootness determination."); *Preiser*, 422 U.S. at 403 ("speculative contingencies afford no basis for our passing on the substantive issues . . . ."); *see also Jones*, 2010 WL 3118679, at *7 (considering lack of evidence of attempt to evade judicial review in rejecting argument for voluntary cessation exception). The Bureau has definitively lifted the contact bar based on a court order. The voluntary cessation doctrine does not apply.

2.  Biron's assertion that there are other live controversies drawn into issue by the Complaint is false. Biron's Complaint solely seeks declaratory and injunctive relief regarding the Bureau's contact restriction. Doc. 1-2 ¶¶ 19-20. The Complaint does not seek return of property. Biron may not avoid mootness by referring to new claims in her motion papers.

For the foregoing reasons, and those stated in Defendants' initial Memorandum of Law, Biron's Complaint should be dismissed as moot.

Dated:   May 13, 2020

ERICA H. MacDONALD
United States Attorney

*s/ Andrew Tweeten*

By:   ANDREW TWEETEN
Assistant United States Attorney
Attorney ID Number 0395190
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN   55415
(612) 664-5600
andrew.tweeten@usdoj.gov

Attorneys for Defendants