United States District Court
District of Minnesota

RECEIVED BY MAIL
MAY 20 2020
CLERK U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

Biron,
　　Plaintiff

v.　　　　　　　　Case No. 19-cv-2938 (SRN/LIB)

Sawyer, et al.,
　　Defendants

## Motion for Leave to File Sur-Reply / Sur-Reply

　　Plaintiff, Ms. Biron, moves this honorable Court for leave to file this sur-reply to address the defendants' argument that the voluntary cessation exception is inapplicable to this case.

　　As argued in her Response in Opposition to Defendants' Motion to Dismiss ("Response"), the voluntary cessation exception to the mootness doctrine applies in this case and, thus, Plaintiff's Complaint is not moot.

　　Plaintiff set forth in her Response the troubling actions of the defendants in conspiring to prevent Plaintiff and her adult-daughter's contact for life, even in the face of her daughter's express written plea for contact with her mother. Plaintiff will not recount their misdeeds again here, but defendants' deceitful actions do not inspire confidence that their wrongful behavior has ceased and will not recur.

　　Likewise, the defendants' assertion that there was an "interim event" in the form of "a judicial order....that

1

modified her special conditions of supervision" (DOC 56, at 3) is, simply, false. Ms. Biron's special conditions were not modified in any way. They are the same today as they were when imposed in May 2013. The motion, filed by Ms. Biron, which the defendants claim sought a modification to her sentencing conditions, was actually a motion, under Fed. R. Crim. P. 35, filed to correct a scrivener's error in the written judgment. A scrivener's error, the discovery of which (by the Plaintiff) revealed foul play by the defendants in averring that the sentencing court verbally 'clarified' (ex parte) its intent behind a special condition it never imposed.

Indeed, a court does not even have jurisdiction to alter or modify a sentence under Rule 35, and defendants' assertion to the contrary attempts to hoodwink this Court to believe their revisionist, falsely-altruistic account of events.

Consequently, the present case bears no resemblance to the cases cited by the defendants (DOC 56, at 2-3, & n.1) where various government defendants acted in good faith to self-correct or change an official government policy. No. In the present case, the defendants were caught lying to keep a mother and daughter separated for life. The defendants do not meet their burden to overcome the voluntary cessation exception to the mootness doctrine; Ms. Biron's Complaint is not moot, and the defendants' motion to dismiss should be denied.

Respectfully submitted

5/18/20

Lisa Biron

Lisa Biron
FCI Waseca, MN

2