UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lisa A. Biron,

                Plaintiff,                  Case No. 19-cv-2938 (SRN/LIB)

      v.                            **ORDER AND**

Kathleen Hawk Sawyer, et al.,     **REPORT AND RECOMMENDATION**

                Defendants.

This matter came before the undersigned United States Magistrate Judge, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636, and upon the parties' various currently pending Motions: Plaintiff's Motion for Joinder, [Docket No. 8]; Plaintiff and her adult daughter's Joint Motion for Joinder, [Docket No. 9]; Plaintiff's Motion for Preliminary Injunction, [Docket No. 10]; Defendants' Motion to Dismiss, [Docket No. 47]; Plaintiff's Motion for Leave to File Surreply, [Docket No. 58]; and Plaintiff's Motion for Leave to File Amended Complaint. [Docket No. 59].

Following the establishment and completion of a briefing schedule regarding Plaintiff's Motion for Joinder, [Docket No. 8]; Plaintiff and her adult daughter's Joint Motion for Joinder, [Docket No. 9]; Plaintiff's Motion for Preliminary Injunction, [Docket No. 10]; and Defendants' Motion to Dismiss, [Docket No. 47], the Court took these Motions, [Docket Nos. 8, 9, 10, 47], under advisement on the written submissions of the parties. (Order [Docket No. 54]).

On the last day of that briefing schedule, Plaintiff filed her Motion for Leave to File Surreply, [Docket No. 58], and her Motion for Leave to File Amended Complaint. [Docket No. 59]. Defendants have responded to Plaintiff's Motion for Leave to File Surreply, [Docket No.

58], and her Motion for Leave to File Amended Complaint. [Docket No. 59]. Finding no hearing necessary on Plaintiff's Motion for Leave to File Surreply, [Docket No. 58], or her Motion for Leave to File Amended Complaint, [Docket No. 59], the Court addresses Plaintiff's Motion for Leave to File Surreply, [Docket No. 58], and her Motion for Leave to File Amended Complaint, [Docket No. 59], herein as well.

For the reasons discussed below, Plaintiff's Motion for Joinder, [Docket No. 8], is **DENIED**; Plaintiff and her adult daughter's Joint Motion for Joinder, [Docket No. 9], is **DENIED**; Plaintiff's Motion for Leave to File Surreply, [Docket No. 58], is **GRANTED**; and Plaintiff's Motion for Leave to File Amended Complaint, [Docket No. 59], is **DENIED**.

Further, the Court recommends that Plaintiff's Motion for Preliminary Injunction, [Docket No. 10], be **DENIED**, and Defendants' Motion to Dismiss, [Docket No. 47], be **GRANTED**.

## I.    Background

According to the Presentence Investigation Report in Plaintiff's underlying criminal case, Plaintiff placed "advertisements on Craigslist.org which solicited men interested in 'partying' with an 18-year-old and 33-year old female." USA v. Biron, Case No. 1:12-cr-140 (PB), Presentencing Investigation Report (D.N.H. May 21, 2013).[1] The two females described in the Craigslist "advertisements" were actually Plaintiff and her fourteen year old minor daughter. (Id.). Over the course of her advertising, Plaintiff had at least thirteen male individuals, ranging

---

[1]    The facts contained in this "Background" section are derived from Plaintiff's Complaint, [Docket No. 1-2], as well as, judicial records implicitly referenced in Plaintiff's Complaint and matters of public record. Generally, in evaluating a complaint, materials outside the pleading cannot be considered on a motion to dismiss. See, Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). However, a Court "may consider the pleadings themselves, exhibits attached to the pleadings, and matters of public record" such as judicial records. See, e.g., Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010) (citing Porous Media Corp., 186 F.3d at 1079). Courts have determined that sentencing memoranda and presentencing investigation reports, such as the one discussed here, are judicial records. See, e.g., Vance v. Wilson, No. 6:10-cv-300 (HRW), 2011 WL 3794380, at *2 (E.D.Ky. Aug. 25, 2011) (citing United States v. Chang, 47 F. App'x 119, 122–23 (3rd Cir. 2002)).

in age from sixteen years old to twenty-one years old, to her home, and those males individually engaged in sexual activity with either Plaintiff, her minor daughter, or both. (Id.). Plaintiff recorded her minor daughter engaging in sexual acts with at least one of the individuals in her home, and she also recorded her minor daughter having sex with a nineteen year old male in a hotel in Canada. (Id.).

On January 10, 2013, a jury convicted Plaintiff of one count of transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. §§ 2432(a) and 2427; six counts of sexual exploitation of children in violation of 18 U.S.C. §§ 2251(a) and 2256; and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(1)(5)(B). USA v. Biron, Case No. 1:12-cr-140 (PB), Judgment in a Criminal Case (D.N.H. May 23, 2013). On May 23, 2013, Plaintiff was sentenced to a 480-month term of imprisonment to be followed by a lifetime term of supervised release. (Id.).

In her present Complaint, Plaintiff alleges that her daughter, the victim of the crimes underlying Plaintiff's conviction, became twenty-one years old on May 4, 2019. (Compl. [Docket No. 1-2], at 2). On October 24, 2019, Plaintiff's now adult daughter "mailed a letter to [Defendant] Warden Nanette Barnes," the warden of the facility at which Plaintiff was incarcerated, "stating her desire to communicate with her [Plaintiff] mother." (Id.). Plaintiff asserts that Defendant Barnes and Defendant Hiller informed Plaintiff at that time "in writing that [she] cannot have contact with her adult daughter for the rest of her sentence which is presently set to expire in 2047" based on their interpretation of the special conditions of supervised release imposed upon Plaintiff at sentencing in her underlying criminal case. (Id.).

Plaintiff, who is presently confined by the Federal Bureau of Prisons at the Federal Correction Institution in Waseca, Minnesota, initiated the present action which, on November 20,

2019, was subsequently removed to this Court from the Third Judicial District, County of Waseca District Court, State of Minnesota, (Notice of Removal [Docket No. 1]). In general, Plaintiff alleges that Defendants, who are all officials or employees of the Federal Bureau of Prisons, are violating Plaintiff's "constitutional right to association" by precluding her from having contact with her now adult daughter based on prison officials' interpretation of the special conditions of supervised release imposed upon Plaintiff at sentencing in her underlying criminal case. (See, Compl. [Docket No. 1-2]). Plaintiff's Complaint names Kathleen Hawk Sawyer, Director of the Federal Bureau of Prisons; Warden Nanette Barnes;[2] and Deanna Hiller, Plaintiff's Unit Manager, as Defendants. (See, Id.). Plaintiff sues each Defendant in only their official capacity. (Id.). As relief, Plaintiff's Complaint seeks injunctive relief in the form of an Order of the Court directing "[D]efendants to stop interfering with [her] and [her daughter's] right to communicate with each other." (Id. at 3).

On November 25, 2019, Plaintiff filed a Motion for Permissive Joinder, [Docket No. 8], in which she seeks to add her daughter as a plaintiff in the present action. Thereafter, on December 2, 2019, Plaintiff and her daughter filed another Motion for Permissive Joinder, [Docket No. 9], in which they jointly seek to add Plaintiff's daughter as a plaintiff in the present action.

On December 4, 2019, Plaintiff filed a "Motion for Emergency Injunction/Temporary Restraining Order," [Docket No. 10], in which she sought an Order of this Court preventing Defendants from interfering in the communications between Plaintiff and her daughter "regarding this case." (Motion for Emergency Injunction/Temporary Restraining Order [Docket No. 10]). In general, Plaintiff argues that such an injunction is necessary because she and her

---

[2] Plaintiff alleges that Defendant Barnes is the Warden at FCI Waseca where Plaintiff is presently incarcerated. (Compl., [Docket No. 1-2], at 1).

4

daughter need to be able to communicate regarding the present action so they can jointly pursue the present action as co-plaintiffs. (Id.).

On January 30, 2020, Plaintiff filed a "Verified Motion for Summary Judgment and for Preliminary Injunction." [Docket No. 27]. Plaintiff's Motion sought additional injunctive relief, as well as, an Order of this Court entering summary judgment in her favor as a matter of law. On February 4, 2020, Defendants filed their initial Motion to Dismiss. [Docket No. 29].

On February 6, 2020, the undersigned issued an Order establishing a schedule for the briefing which then remained to be completed regarding the parties' then pending Motions. The undersigned informed the parties that in order to further the progress of this litigation and to address the parties' then pending Motions in the most expeditious and judicious manner, the Court would address all of the parties' Motions at the same time and issue a single report and recommendation.

On February 13, 2020, Plaintiff filed a Motion to Correct Judgement in her underlying criminal action. USA v. Biron, Case No. 1:12-cr-140 (PB), Motion to Correct Judgment (D.N.H. Feb. 13, 2020). In her Motion to Correct Judgment, Plaintiff asserted that the conditions of supervised release announced at her sentencing hearing were materially different that the written conditions of supervised release that were later issued. (Id.). Based on that assertion, Plaintiff requested that the sentencing court, in the District of New Hampshire, "correct the written special condition of supervised release to conform with the orally pronounces condition." (Id.).

On February 18, 2020, Plaintiff filed two letters in the present action which collectively inform this Court that "material facts" underlying her "Verified Motion for Summary Judgment," [Docket No. 27], had changed, and she wished to withdraw said Motion. (Letter [Docket Nos. 39, 40]). According to Plaintiff, the condition of supervised release underlying Defendants'

decision to preclude Plaintiff from contacting her daughter "was not actually imposed by the sentencing court." (Letter [Docket No. 40]). Because of this purported development, Plaintiff believed the argument underlying her "Verified Motion for Summary Judgment" was rendered "inapplicable," and on that basis, she sought to withdraw said Motion. (Id.).

On February 24, 2020, the Court in the District of New Hampshire, which imposed Plaintiff's sentence in her underlying criminal case, entered an "Endorsed Order granting" Plaintiff's Motion to Correct Judgment. USA v. Biron, Case No. 1:12-cr-140 (PB), Endorsed Order (D.N.H. Feb. 24, 2020). That Court noted that the "judgment [would] be corrected as proposed in the motion." USA v. Biron, Case No. 1:12-cr-140 (PB), Endorsed Order (D.N.H. Feb. 24, 2020).

On February 27, 2020, Defendants filed a letter, [Docket No. 41], seeking to withdraw their initial Motion to Dismiss. [Docket No. 29]. Defendants' letter asserted that the Court in which Plaintiff was convicted of the crime underlying her present term of imprisonment had granted Plaintiff's motion to correct the special conditions of her sentence. Based on this change of underlying facts, Defendants sought permission to withdraw their initial Motion to Dismiss, as well as, permission to file any renewed Motion to Dismiss as may be warranted.

In light of the represented change in material fact underlying their cross Motions, the Court permitted the parties to withdraw their respective Motions. [Docket No. 27; Docket No. 29]. Defendants were ordered to answer or otherwise respond to Plaintiff's Complaint by no later than April 10, 2020, and the Court established a briefing schedule on Defendants' then apparent forthcoming renewed Motion to Dismiss. (Order [Docket No. 54]). Additionally, because it appeared that the new, material facts underlying the present case may have potentially render the present action moot, Plaintiff's Motion for Permissive Joinder, [Docket No. 8]; Plaintiff and her

daughter's joint Motion for Permissive Joinder, [Docket No. 9]; and Plaintiff's "Motion for Emergency Injunction/Temporary Restraining Order," [Docket No. 10], were each held in abeyance pending the completion of the briefing on Defendants' forthcoming renewed Motion to Dismiss. (Order [Docket No. 54]).  The Court informed the parties that it would address all of the parties' Motions at the same time and issue a single Order and Report and Recommendation.

On March 3, 2020, the Court in the District of New Hampshire which imposed Plaintiff's sentence for which she is serving her present term of imprisonment entered an Amended Judgment. USA v. Biron, Case No. 1:12-cr-140 (PB), Amended Judgment (D.N.H. Mar. 3, 2020). As relevant to the present action, Plaintiff's "Special Conditions of Supervision" were amended to including the following condition: "The defendant [Plaintiff in the present action] shall not directly or indirectly contact the victim or any persons under the age of 18 except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the probation officer." USA v. Biron, Case No. 1:12-cr-140 (PB), Amended Judgment (D.N.H. Mar. 3, 2020).

On March 4, 2020, Defendant Barnes, the warden of FCI Waseca where Plaintiff is presently and was then incarcerated, issued to Plaintiff a "Notice of Removed Restricted Correspondences." [Docket No. 50-1]. In that Notice, Plaintiff was informed that the previous restrictions on her communications with her adult daughter had been lifted. (Notice [Docket No. 50-1]). The Notice explained that the restriction had been lifted because Plaintiff's "sentencing court modified [Plaintiff's] Special Conditions of Supervision." (Notice [Docket No. 50-1]). Defendant Barnes noted that the new "Special Condition [was] no longer an absolute bar on [Plaintiff's] communication with [the] victim," and therefore, Plaintiff would "be permitted to communicate with her." (Notice [Docket No. 50-1]). Plaintiff signed the Notice; however,

Plaintiff wrote the following note on the Notice: "It wasn't a change to the sentence, it was a correction to fix a scrivener's error." (Notice [Docket No. 50-1]).

On April 10, 2020, Defendants' filed their second Motion to Dismiss. [Docket No. 47]. In their Motion to Dismiss, [Docket No. 47], Defendants argue that Plaintiff's claim is now moot, and therefore, the Court should dismiss the present action. Plaintiff responded in opposition to Defendants' Motion to Dismiss.

Thereafter, on May 20, 2020, Plaintiff filed her Motion for Leave to File Surreply, [Docket No. 58], and her Motion to Amend Complaint. [Docket No. 59]. Defendants have responded to Plaintiff's Motion for Leave to File Surreply, [Docket No. 58], and her Motion to Amend Complaint. [Docket No. 59].

## II.     Motions for Joinder. [Docket Nos. 8, 9].

Plaintiff's Motion for Joinder, [Docket No. 8], seeks to add her now adult daughter as a direct plaintiff in the present action, and Plaintiff and her daughter's joint second Motion for Joinder, [Docket No. 9], seeks to add Plaintiff's daughter as a direct plaintiff in the present action. Both Motions for Joinder seek to add Plaintiff's daughter as a Plaintiff pursuant to Rule 20 of the Federal Rules of Civil Procedure. (See, Mots. [Docket Nos. 8, 9]). Although two separate Motions were filed, both Motions seeks the same relief: adding Plaintiff's daughter as a direct plaintiff in this action. Because the Motions are substantively identical, the Court addresses them simultaneously.

Rule 20 permits persons to be joined in one action as plaintiffs if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). However, Courts have recognized

that "district courts have discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness," even where the standard for joinder under Rule 20 of the Federal Rules of Civil Procedure is otherwise met. Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 521 (5th Cir. 2010); see also, Longlois v. Stratasys, Inc., No. 13-cv-3345 (JNE/SER), 2014 WL 2766111, at *4 (D. Minn. June 18, 2014).

The Court finds that the prosecution of this matter as one lawsuit, with two separate plaintiffs each proceeding pro se, would create needless procedural complexities that are likely to impede the expedient administration of justice. If Plaintiff's daughter wishes to pursue her own claim as she feels appropriate, then she should initiate her own, separate proceeding. For several reasons, the undersigned finds this to be the best course of action "to secure the just, speedy, and inexpensive determination of" the present action. See, Fed. R. Civ. P. 1.

First, from a review of several of Plaintiff's filings, it appears that Plaintiff is attempting to act as legal counsel for her daughter. (Mot. for Joinder [Docket No. 8] (indicating that Plaintiff was purportedly seeking joinder of her daughter on her daughter's behalf); Mot. for Preliminary Injunction [Docket No. 10] (noting that Plaintiff filed the Motion for Joinder "with consent of" her daughter and purporting to be signed by Plaintiff's daughter with the signature "Lisa Biron as next friend on behalf of" her daughter)). In her Motion for Preliminary Injunction, Plaintiff indicated that if the joinder were permitted, then Plaintiff would receive "a limited power of attorney on behalf of and for the benefit of" her daughter, so that Plaintiff could "sign and file documents" for her daughter and "negotiate of her [daughter's] behalf in this civil action." (Mot. for Preliminary Injunction [Docket No. 10]).

Although the record now before the Court does indicate that Plaintiff was previously an attorney licensed to practice law, Plaintiff is no longer admitted to practice law because she was disbarred on May 28, 2015. <u>See</u>, <u>In the Matter of Lisa A. Biron</u>, No. LD-2012-0013 (N.H. May 28, 2015) (available at htts://nhattyreg.org/assets/1441993575.pdf). Therefore, despite her attempts to do so here, Plaintiff may not represent her daughter in any action in this Court. Courts have continually held that a non-lawyer may not represent other individuals or entities in federal court. <u>See, e.g.</u>, <u>Hentges v. Vandelist</u>, No. 15-cv-1203 (DWF/TNL), 2015 WL 2454120, at *3 (D. Minn. May 22, 2015) (collecting cases); <u>Steele v. City of Bemidji</u>, 257 F.3d 902, 905 (8th Cir. 2001); (holding that a non-lawyer plaintiff may not represent other individuals in federal court). A "pro se litigant[] can never represent the rights, claims and interest of other parties in a class action lawsuit (or otherwise)." <u>Perkins v. Holder</u>, No. 13-cv-2874 (PAM/FLN), 2014 WL 755378, at *5 n. 8 (D. Minn. Feb 26, 2014) (citing <u>Fymbo v. State Farm Fire and Casualty Company</u>, 213 F.3d 1320, 1321 (10th Cir. 2000)); <u>see</u>, <u>Hentges</u>, 2015 WL 2454120, at *3; <u>Knoefler v. United Bank of Bismark</u>, 20 F.3d 347, 348 (8th Cir. 1994).

There is no evidence in the record to indicated that Plaintiff is presently an attorney licensed to practice law in the state of Minnesota or that she is licensed to practice in the United States District Court for the District of Minnesota. Thus, although Plaintiff may represent herself in federal court, she may not represent other individuals including her adult daughter. <u>See, e.g.</u>, <u>Hentges</u>, 2015 WL 2454120, at *3.

Second, while Plaintiff appears to argue her claims and the potential claims of her daughter are a single unit, they are individual persons with differing underlying facts. Put another way, while the legal claims raised by each of them may be somewhat similar, the facts related to each person will be different. For example, consideration of any claim by Plaintiff would likely

result in an analysis of the conditions of the sentence imposed on her in her underlying criminal

case, including her special conditions of supervised release. Conversely, while those conditions

indirectly may affect Plaintiff's daughter, those conditions are not directly applicable to her.

In addition, concerns regarding Rule 11 warrant not allowing multiple pro se plaintiffs to

proceed together in one action. Rule 11(b) of the Federal Rules of Civil Procedures provides that:

> By presenting to the court a pleading, written motion, or other paper—whether by
> signing, filing, submitting, or later advocating it—an attorney or unrepresented
> party certifies that to the best of the person's knowledge, information, and belief,
> formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause
> unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law
> or by a nonfrivolous argument for extending, modifying, or reversing existing law
> or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so
> identified, will likely have evidentiary support after a reasonable opportunity for
> further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if
> specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Rule 11 also requires that each pro se plaintiff sign the complaint. See,

Fed. R. Civ. P. 11(a).[3]

If Plaintiff and her daughter were allowed to proceed as direct co-plaintiffs in this action,

they would both be required to sign the Complaint in this matter, as well as, any future pleadings

and motions. See, Fed. R. Civ. P. 11. In doing so, however, they would each take the risk of one

or more of the claims in the Complaint being deemed sanctionable "whether or not [that claim]

concerns [her] personally." Biederman v. Corecivic, No. 18-cv-126, 2018 WL 5253500, at *2

(D. Mont. Oct. 22, 2018). The suggestion created that a pro se plaintiff can be sanctioned for an

---

[3] Although pro se plaintiffs are not held to the same standard of pleadings as an attorney would be, pro se plaintiffs
are nevertheless bound by applicable procedural and substantive law. See, Stone v. Harry, 364 F.3d 912, 914 (8th
Cir. 2004); Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) ("Although pro se pleadings are to be construed
liberally, pro se litigants are not excused from failing to comply with substantive and procedural law."); Farnsworth
v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988) ("Pro se litigants are not excused from complying with
court orders or substantive and procedural law.").

inaccurate factual statement made by another pro se plaintiff "is to suggest that each plaintiff acts for the others in some way." Id. A pro se plaintiff, however, "has no authority to make assertions on behalf of someone else; only an attorney may do that." Id. Such a representation is expressly prohibited. See, e.g., Prattville v. Warden of Fed. Prison Camp, No. 17-cv-5209 (MJD/TNL), 2018 WL 6182593, at *3 (D. Minn. Aug. 31, 2018) (citing statute and cases), report and recommendation adopted, 2018 WL 6179512 (D. Minn. Nov. 27, 2018).

Accordingly, both in order to avoid needless prejudice to Plaintiff and her daughter and to most judiciously determine the present action, Plaintiff and her daughter will not be permitted to proceed as direct co-plaintiffs in the present action. If Plaintiff's daughter desires to pursue any individual claims on her own behalf, she may separately initiate those claims in an appropriate Court.

Therefore, Plaintiff's Motion for Joinder, [Docket No. 8], and Plaintiff and her daughter's purported Joint Motion for Joinder, [Docket No. 9], are both **DENIED**.

## III.   Plaintiff's Motion for Preliminary Injunction. [Docket No. 10].

Plaintiff's Motion for Preliminary Injunction, [Docket No. 10], seeks an Order of this Court preventing Defendants from interfering in the communications between Plaintiff and her daughter "regarding this case." (Motion for Emergency Injunction/Temporary Restraining Order [Docket No. 10]). Plaintiff argues that such an injunction is necessary because she and her daughter need to be able to communicate regarding the present action so they can jointly pursue the present action as co-plaintiffs. (Id.).

It is evident from Plaintiff's Motion for Preliminary Injunction, [Docket No. 10], that the equitable relief sought is focused on Plaintiff's ability to have contact with her daughter as it relates to her and her daughter proceeding as co-plaintiffs in the present action. Plaintiff's

Motion for Preliminary Injunction, [Docket No. 10], is not seeking relief related to her overall request to be able to communicate with her daughter in a generalized way or in any general context. (See, e.g., Plf.'s Response [Docket No. 15]) (providing that Plaintiff's Motion for Preliminary Injunction "requests emergency relief regarding" her and her daughter's "ability to communicate and send documents to each other regarding this lawsuit," and indicating an intent to possibly file separately a more generalized motion for "preliminary injunction regarding their ability to communicate and correspond generally" at a later time). The sole focus here of Plaintiff's Motion for Preliminary Injunction, [Docket No. 10], is a description of the purported actions of prison officials in intercepting a "limited power-of-attorney" Plaintiff sent to her daughter in an effort to permit Plaintiff to act on her daughter's behalf in the present case.

The Court has determined above, however, that Plaintiff and her daughter will not be permitted to proceed as direct co-plaintiffs in the present action. Because Plaintiff's Motion for Preliminary Injunction is focused exclusively on Plaintiff's communication with her daughter as a co-plaintiff in pursuit of the present action, the denial of the two motions for joinder, [Docket Nos. 8, 9], renders moot Plaintiff's Motion for Preliminary Injunction. [Docket No. 10].

Therefore, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction, [Docket No. 10], be **DENIED as moot**.

## IV.    Defendants' Motion to Dismiss. [Docket No. 47].[4]

---

[4] As noted above, Plaintiff has filed a Motion for Leave to File Amended Complaint. [Docket No. 59]. Under certain circumstances, a Court would consider a motion to amend a complaint before considering a motion to dismiss that same complaint. See, Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 955 (8th Cir. 2002). The circumstances of the present case, however, do not necessitate consideration of Plaintiff's Motion for Leave to File Amended Complaint, [Docket No. 59], before consideration of Defendants' Motion to Dismiss. [Docket No. 47]. As discussed more fully below, Plaintiff's Motion for Leave to File Amended Complaint, [Docket No. 59], does not alter the principal claim in Plaintiff's operative Complaint, [Docket No. 1], and therefore, it does not affect the consideration of Defendants' Motion to Dismiss, [Docket No. 47], which is aimed at the claim in Plaintiff's operative Complaint. Rather, Plaintiff seeks to amend her Complaint to add a prayer for relief of monetary damages against Defendants Hiller and Barnes in their individual capacities. (See, Plf.'s Mot. [Docket No. 59].

Defendants' Motion to Dismiss, [Docket No. 47], seeks an Order of this Court dismissing the present action in its entirety. Defendants argue that because "the Bureau of Prisons lifted its restriction of [Plaintiff's] correspondence with her daughter," Plaintiff's "Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because it is moot." (Defs.' Mem., [Docket No. 49], at 1).

Plaintiff contends her claim is not moot. (See, Plf.'s Mem. [Docket No. 55]; Plf.'s Motion for Leave to File Surreply [Docket No. 58]).[5] Specifically, Plaintiff argues that her claim is not moot because Defendants voluntarily ended the restriction on her communication with her daughter, and therefore, Defendants may reimpose it at any time. (See, Plf.'s Mem. [Docket No. 55]; Plf.'s Motion for Leave to File Surreply [Docket No. 58]).[6] Plaintiff's argument that Defendants may reimpose the restrictive condition at any time is based on Plaintiff's belief that the restriction was arbitrary in the first instance.

However, as observed above, Defendants imposed the original restriction on Plaintiff's communication with her daughter based on prison officials' interpretation of a supervised release condition imposed upon Plaintiff by the sentencing court in the criminal case underlying her present term of imprisonment. As relevant to the present action, the original written Judgment initially entered in Plaintiff's underlying criminal case contained the following special condition

---

[5] As previously noted, Plaintiff filed a Motion for Leave to File Surreply, [Docket No. 58], which appears to contain the arguments she wishes to assert in reply to Defendants' Reply memorandum. (See, Plf.'s Mot. for Leave to File Surreply [Docket No. 58]) (containing responses to the arguments raised by Defendants in their Reply Memorandum). Because Plaintiff's Motion for Leave to File Surreply, [Docket No. 58], contains her surreply arguments and because consideration of said arguments by the Court will not further delay the consideration of the pending Motions, the Court in its inherent discretion will grant Plaintiff's Motion for Leave to File a Surreply. [Docket No. 58]. The Court will consider the arguments in her filing. [Docket No. 58].

[6] Plaintiff also argues that her claim is not moot because Plaintiff and her daughter intend to file an "amended complaint seeking damages against Defendants Hiller and Barnes in their individual capacities" after their Motions for Joinder are granted and because Plaintiff still seeks the relief sought in her Motion for Preliminary Injunction. These arguments are, however, nonstarters. The Court has now denied the motions for joinder, [Docket Nos. 8, 9], and the undersigned has recommended that Plaintiff's Motion for Preliminary Injunction, [Docket No. 10], be denied. Moreover, as discussed below, Plaintiff's Motion to Amend Complaint, [Docket No. 59], is also denied. Thus, these Motions cannot serve as a basis for arguing that Plaintiff's principal claim in her operative Complaint is not moot.

of supervision: "The defendant may not directly or indirectly contact the victim or any child under the age 18." <u>USA v. Biron</u>, Case No. 1:12-cr-140 (PB), Judgment (D.N.H. May 28, 2013). Based on that special condition of supervision, the Bureau of Prisons, through the facility at which Plaintiff was then incarcerated and based on its practice of not permitting communication that will be prohibited by a term of supervised release, determined that Plaintiff, during her term of incarceration, was prohibited from communicating with her daughter. (<u>See</u>, Compl. [Docket No. 1-2]).

Plaintiff contends that the condition relied upon by Defendants was never an actual special condition of supervision because at her sentencing hearing the Court in the District of New Hampshire actually imposed the following condition: "The defendant shall not directly or indirectly contact the victim or any persons under the age of 18 except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the probation officer." <u>USA v. Biron</u>, Case No. 1:12-cr-140 (PB), Motion to Correct Judgment (D.N.H. Feb. 13, 2020). The sentencing Court which imposed the original sentence in Plaintiff's underlying criminal case agreed, and on March 3, 2020, that Court entered an Amended Judgment which corrected the special condition of supervision to read as follows: "The defendant shall not directly or indirectly contact the victim or any persons under the age of 18 except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the probation officer." <u>USA v. Biron</u>, Case No. 1:12-cr-140 (PB), Amended Judgment (D.N.H. Mar. 3, 2020).

Plaintiff contends that the condition orally announced at her sentencing was always the actual condition of the supervised release while the written condition was a "scrivener's error," and therefore, according to Plaintiff, Defendant's decision to deny Plaintiff the ability to

communicate with her daughter was never based on a Special condition of supervision but was instead based solely on a "scrivener's error." (See, Plf.'s Mem. [Docket No. 55]; Plf.'s Motion for Leave to File Surreply [Docket No. 58]). Based on this contention, Plaintiff asserts that her present claim is not moot because the Defendants could reimpose the restriction on her communication with her daughter based on the fact that their initial restriction was based on a "sham-rationale." (See, Plf.'s Mem., [Docket No. 55], at 3; Plf.'s Motion for Leave to File Surreply [Docket No. 58]).

Before reaching the merits of Plaintiff's claims, the Court must first determine whether or not Plaintiff's claim has been rendered moot.

## A. Standard of Review

Article III of the United States Constitution allows Federal Courts to adjudicate only actual, ongoing cases or controversies. See, Am. United for Separation of Church and State v. Prison Fellowship Ministries, 509 F.3d 406, 420–21 (8th Cir. 2007). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate" and "[w]hen an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003) (quotations omitted).

The ongoing case-or-controversy requirement is no longer met if an event occurs, during the course of the proceedings, which precludes the Court from granting any meaningful relief to the party who initiated the action. See, In re Sec. Life Ins. Co. of Am., 228 F.3d 865, 869–70 (8th Cir. 2000) (citing In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1310 (8th Cir. 1996) ("The existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of federal courts . . . .") (citations and quotations omitted)). If it becomes impossible for the Court

to provide any further redress for the claims that have been raised, the case must be dismissed as moot. See, Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) ("To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision.").

### B. Analysis

As discussed above, Plaintiff alleges that Defendants were improperly restricting her communications with her daughter at the time in 2019, when the present action was first initiated by Plaintiff in State Court. (See, Compl. [Docket No. 1-2]). Plaintiff's operative pleading contains a single claim seeking an Order of this Court requiring Defendants "to stop interfering with" Plaintiff and her daughter's "right to communicate with each other." (Compl., [Docket No. 1-2], at 3). However, as previously observed, Defendants have now lifted the restriction on Plaintiff's communications with her daughter, and Plaintiff acknowledges that those restrictions have been lifted. (Notice Removing Restricted Correspondence [Docket No. 50-1] (providing that restriction had been lifted and signed by both Defendant Warden Barnes and Plaintiff); Plf.'s Mem. [Docket No. 55] (discussing the fact that the restriction has been lifted)).

Because the restriction on Plaintiff's communication with her daughter has now been lifted and because the sole relief sought was the lifting of that restriction, there is no longer any meaningful relief this Court could grant Plaintiff. Therefore, there is no longer any live case or controversy for this Court to adjudicate, and on that basis, Plaintiff's sole claim is moot. See, e.g., In re Sec. Life Ins. Co. of Am., 228 F.3d 865, 869–70 (8th Cir. 2000); In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1310 (8th Cir. 1996).

"Notwithstanding [a] finding of mootness," a Court "may still decide a case on its merits if the controversy in the case is 'capable of repetition yet evad[es] review." McCarthy v. Ozark

Sch. Dist., 359 F.3d 1029, 1036 (8th Cir. 2004) (quoting Arkansas AFL–CIO v. F.C.C., 11 F.3d 1430, 1435 (8th Cir.1993)). "One condition that must exist before this exception applies is 'a reasonable expectation that the same complaining party will be subject to the same action again.'" McCarthy v. Ozark Sch. Dist., 359 F.3d 1029, 1036 (8th Cir. 2004) (quoting Van Bergen v. Minnesota, 59 F.3d 1541, 1547 (8th Cir. 1995)). In addition, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982).

Plaintiff contends that these exceptions to the mootness doctrine apply in the present case. Plaintiff argues these exceptions apply because Defendants voluntarily lifted the restriction on her communication with her daughter, and because of Plaintiff's belief that Defendants could reinstate the restriction. As observed above, Plaintiff bases this belief on her assertion that Defendants' imposition of the restriction was arbitrary in the first instance because it was based on a "sham-rationale" involving reliance upon a "scrivener's error." (See, Plf.'s Mem., [Docket No. 55], at 3; Plf.'s Motion for Leave to File Surreply [Docket No. 58]). The Court finds Plaintiff's argument here to be unpersuasive.

First, Plaintiff's assertion that Defendants' initial imposition of a restriction on her communication with her daughter was based on a "sham-rationale" or "scrivener's error" known to Defendants is unsupported by the record now before the Court. Instead, the record now before the Court demonstrates that Defendants' imposition of the restriction was based on the of record written version of the supervised release conditions imposed upon Plaintiff in the criminal case underlying her present term of imprisonment. (See, e.g., Plf.'s Mot., [Docket No. 27], at 2 (indicating that the restriction was based on "a supervised release condition" and under the

heading "Facts That Are Not In Dispute" providing that the "sole justification for the" restriction was a "supervised release condition"); Defendant Warden Barnes' Declaration [Docket No. 32] (providing the special condition of supervised release as the basis for her decision to approve the restriction); Restricted Correspondence Notification [Docket No. 32-5] (informing Plaintiff of the restriction on her communication with her daughter and providing that the restriction was based on a "Special Condition of Supervision imposed by the Court for [Plaintiff's] life term of supervised release which prohibits contact (directly or indirectly) with" Plaintiff's daughter)).

Second, Plaintiff's assertion that Defendants could reimpose the restriction on her communication with her daughter using some other "sham" basis is mere speculation. As the Eighth Circuit Court of Appeals has consistently noted, "[a] speculative possibility is not a basis for retaining jurisdiction of a moot case." McCarthy v. Ozark Sch. Dist., 359 F.3d 1029, 1036 (8th Cir. 2004) (quoting Van Bergen v. Minnesota, 59 F.3d 1541, 1547 (8th Cir. 1995) ("the party need not show with certainty that the situation will recur, but a mere physical or theoretical possibility is insufficient to overcome the jurisdictional hurdle of mootness.")).

The record before the Court lacks any indication upon which a "reasonable expectation" could be based that Defendants will reimpose a restriction on Plaintiff's communication with her daughter based on an allegedly "sham" condition of Plaintiff's supervised release.

Defendants initially imposed the restriction on Plaintiff's communication with her daughter based on prison officials' reliance on a special condition of supervised release in Plaintiff's of record written sentence in her underlying criminal case. However, Plaintiff has now had the Judgment in her criminal case amended by the Sentencing Court in the District of New Hampshire so that the written record special conditions of supervised release reflect those that were orally imposed at the time of her sentencing. Based on those amendments by the

Sentencing Court, the restrictions by Defendants on Plaintiff's communications with her daughter were lifted.

Any assertion that Defendants would reimpose the restriction without some modification of the special conditions of supervised release in Plaintiff's underlying criminal case by the Court which imposed that sentence is pure speculation. This speculation is insufficient to demonstrate a circumstance that is capable of repetition while evading review. See, e.g., McCarthy v. Ozark Sch. Dist., 359 F.3d 1029, 1036 (8th Cir. 2004) (finding plaintiffs' challenge to an immunization statute moot after the legislature voluntarily amended the statute to include "new exemptions" and rejecting plaintiffs' contention that the "capable of repetition" exception applied  because the legislature "might repeal the new exemptions provision at any time if not prohibited from doing so by court order").

The Court also finds unpersuasive Plaintiff assertion that the present claim is not moot merely because Defendants voluntarily lifted the restriction.  The Eighth Circuit Court of Appeals, however, has explained, the "voluntary cessation" exception "is merely a specialized form of the general [capable of repetition] exception . . . and provides no basis for retaining jurisdiction" where conduct cannot "reasonable be expected to recur." McCarthy v. Ozark Sch. Dist., 359 F.3d 1029, 1036 (8th Cir. 2004).

On the record now before the Court it is evidence that there is no longer any meaningful relief this Court could grant regarding Plaintiff's sole, operative claim. Thus, Plaintiff's claim is moot. See, Id.

Therefore, the undersigned recommends that Defendants' Motion to Dismiss, [Docket No. 47], be **GRANTED**.

**V.**     **Plaintiff's Motion for Leave to File Amended Complaint. [Docket No. 59].**

Plaintiff's Motion for Leave to File Amended Complaint, [Docket No. 59], seeks leave of this Court to "amend her Complaint to include claims for damages against Defendants Hiller and Barnes in their individual capacities." In support of her request, Plaintiff asserts that the present proceeding is in its "early stages," and she conclusorily asserts that Defendants will not be prejudiced by the amendment. (Plf.'s Mot. [Docket No. 59]). Plaintiff's single page, pro forma, Motion was filed without a supporting memorandum or a proposed amended complaint.

In filing her Motion for Leave to File Amended Complaint, [Docket No. 59], Plaintiff has failed to comply with the Local Rules governing nondispositive civil motions practice. See, Local Rule 7.1(b). District of Minnesota Local Rule 7.1(b) requires that before a party files a nondispositive motion, such as Plaintiff's present motion, a party must, pursuant to Local Rule 7.1(a) "meet and confer with the opposing party in good-faith effort to resolve the issues raised by the motion." There is no indication in the Plaintiff's moving paper that she has attempted to meet and confer with Defendants regarding the relief sought in Plaintiff's Motion. There is no meet and confer statement and there is no indication in the record, whatsoever, that Plaintiff has conferred with Defendants' counsel in any way regarding her Motion to amend her Complaint.

Furthermore, in filing her Motion for Leave to File Amended Complaint, [Docket No. 59], Plaintiff has also failed to comply with Local Rule 15.1. In filing her Motion for Leave to File Amended Complaint, [Docket No. 59], Plaintiff has submitted insufficient materials describing the amendments she wished to specifically make even if the Court liberally construes Plaintiff's motion paper. Plaintiff's Motion for Leave to File Amended Complaint, [Docket No. 59], fails in particular to comply with Local Rule 15.1(b), which requires that:

> [a]ny motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading

> that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleading.

Local Rule 15.1(b) (emphasis added).

Plaintiff's Motion to amend is not accompanied by any proposed or redline amended complaint. In fact, Plaintiff's Motion for Leave to File Amended Complaint, [Docket No. 59], fails to inform the Court as to any specific factual amendments Plaintiff wishes to add to her Amended Complaint. Even construing Plaintiff's Motion liberally, it falls well short of complying with the requirements of Local Rule 15.1(b).

Although the Court is required to liberally construe the content of Plaintiff's pleadings as she is proceeding pro se, she is nevertheless required to comply with all substantive and procedural laws. See, e.g., Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Plaintiff's failure to comply in any way with the Local Rules governing motion practice in this District represents a sufficient, independent basis to deny Plaintiff's Motion for Leave to File Amended Complaint. See, LR 7.1(g).

In an abundance of caution, however, the Court will consider the merits of Plaintiff's Motion for Leave to File Amended Complaint, [Docket No. 59], on the limited record with which the Court was provided.

### A.  Standard of Review

Except where the Rules permit amendment as a matter of course, a party may amend its pleading before trial only with the opposing party's written consent or the court's leave, which Rule 15 instructs courts to "freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [s]he ought to be afforded an opportunity to test [her] claim on the merits. In the absence of an apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

Although Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," this right to amend is not absolute. United States ex. Rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005). A court may deny a motion for leave to amend under Rule 15(a)(2) if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotations omitted).

**B. Analysis**

As noted above, Plaintiff seeks only to "amend her Complaint to include claims for damages against Defendants Hiller and Barnes in their individual capacities." (Plf.'s Mot. [Docket No. 59]). Plaintiff fails to assert the legal basis or cause of action underlying these damage claims.

Liberally construing Plaintiff's single page Motion in her favor, it appears Plaintiff seeks to add individual capacity Bivens[7] claims for damages against Defendant Hiller and Defendant Barnes based on the previously imposed restriction on Plaintiff's ability to communicate with her daughter. Although Plaintiff fails here to identify the specific constitutional right she believes Defendant Hiller and Defendant Barnes violated, Plaintiff's other pleadings, when liberally construed in her favor, assert that Defendant Hiller and Defendant Barnes violated Plaintiff's

---

[7] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

First Amendment right of familial association when said Defendants restricted Plaintiff's ability to communicate with her daughter.[8]

For the reasons discussed below, this Court finds that Plaintiff's proposed First Amendment claim is not a cognizable <u>Bivens</u> claims.

The United States Supreme Court's decision in <u>Bivens</u> "established that the victims of a constitutional violation by a federal agent have a right to recover damages against [that] official in federal court despite the absence of any statute conferring such a right." <u>Carlson v. Green</u>, 446 U.S. 14, 18 (1980). In recent years, however, the Supreme Court has made abundantly clear that the cause of action established by <u>Bivens</u> does <u>not</u> extend to <u>all</u> claims of constitutional violation. <u>See, e.g.</u>, <u>Hernandez v. Mesa</u>, 140 S. Ct. 735, 741–43 (2020) (discussing the exceedingly narrow acceptance of newly recognized categories of <u>Bivens</u> claims and noting that "for almost 40 years, [the Court has] consistently rebuffed requests to add to the claims allowed under <u>Bivens</u>"); <u>Ziglar v. Abbasi</u>, 137 S. Ct. 1843 (2017). The Supreme Court has "gone so far as to observe that if the Court's three <u>Bivens</u> cases [had] been . . . today, it is doubtful that [the Supreme Court] would have reached the same result." <u>Hernandez v. Mesa</u>, 140 S. Ct. 735, 742–43 (2020) (citations and

---

[8] The constitutional right to familial association has been analyzed under both the First Amendment as a right to association and under the Fourteenth Amendment as a right to proper due process. <u>See, e.g.</u>, <u>Williams v. Johnston</u>, No. 14-cv-369 (DWF/FLN), 2015 WL 1333991, at *7 (D. Minn. Jan. 28, 2015), <u>report and recommendation adopted</u>, 2015 WL 1334015 (D. Minn. Mar. 25, 2015); <u>Whisman Through Whisman v. Rinehart</u>, 119 F.3d 1303 (8th Cir. 1997); <u>Hvamstad v. Suhler</u>, 727 F. Supp. 511, 517 (D. Minn. 1989), <u>aff'd</u>, 915 F.2d 1218 (8th Cir. 1990). In the present case, Plaintiff's claim is best analyzed under the First Amended as a right to association because Plaintiff's allegations are related to her actual ability to communicate with her daughter. (<u>See, e.g.</u>, Compl. [Docket No. 1-2]; Plf.'s Mot. for Leave to File Amended Compl. [Docket No. 59]). The record now before the Court lacks any indication upon which a reasonable basis could be formed that Plaintiff is alleging a lack of due process in the determination to restrict her communication with her daughter. Rather, the record is replete with Plaintiff's use of the procedure provided for within the Bureau of Prisons to reverse the determination regarding her restriction on communicating with her daughter, as well as, Plaintiff's use of the procedures provided for in her criminal case underlying her present term of imprisonment. (<u>See, e.g.</u>, Plf.'s Compl. [Docket No. 1-2]; Plf.'s Mot. for Summary Judgment [Docket No. 27]; Plf.'s Mem. [Docket No. 43]; Notice Removing Restricted Correspondence [Docket No. 50-1]). In fact, as discussed above, Plaintiff's use of this process ultimately resulted in the lifting of the restriction on Plaintiff's communication with her daughter. Even assuming solely for the sake of argument that Plaintiff's seeks to add a <u>Bivens</u> claim based on a violation of her due process rights, the Court would still conclude that this was not a cognizable <u>Bivens</u> claims for the same reasons as further discussed herein related to Plaintiff's First Amendment claim.

quotations marks omitted). The Supreme Court has repeatedly gone to great lengths to emphasize that a circumstance that would warrant further expansion of Bivens would be rare. Ziglar, 137 S. Ct. at 1857.

The Supreme Court has previously recognized Bivens claims brought for excessive force in violation of the Fourth Amendment, see, Bivens, 403 U.S. at 388; workplace discrimination in violation of the Fifth Amendment, see, Davis v. Passman, 442 U.S. 228 (1979); and deliberate indifference to a serious medical need in violation of the Eighth Amendment. See, Carlson, 446 U.S. at 14.

"Determining whether an implied cause of action is available under Bivens involves two steps." Farah v. Weyker, 926 F.3d 492, 498 (8th Cir. 2019).[9] "First, [the Court] must determine whether the case before [it] presents one of 'the three Bivens claims the [United States Supreme] Court has approved in the past' or whether, instead, allowing the plaintiff[] to sue would require [the Court] to extend Bivens to a 'new context.'" Id. (quoting Ziglar, 137 S. Ct. at 1857). A context is regarded as "new" if it is "different in a meaningful way from previous Bivens cases decided by [the United States Supreme] Court." Hernandez, 140 S. Ct. at 743 (quoting Ziglar, 137 S. Ct. at 1859).

"If there is a previously recognized Bivens claim alleged, then the cases may proceed. If not, then [the Court] advance[s] to the second step and ask[s] whether any 'special factors counsel[] hesitation' before implying a new cause of action 'in the absence of affirmative action by Congress.'" Farah, 926 F.3d at 498 (last alteration in original) (quoting Ziglar, 137 S. Ct. at

---

[9] Although the Court declines to reach a decision on the issue, the Court notes that there is at least some indication that the United States Supreme Court is the only Court with the authority to extend Bivens claims into a new context. See, e.g., Hernandez v. Mesa, 140 S. Ct. 735 (2020). In its recent discussions regarding Bivens claims, the United States Supreme Court has gone to great lengths to discuss how it has consistently rejected invitations to expand Bivens claims into any new context, and in its discussion of the "two-step inquiry" used to determine if a new claim should be recognized, the Court was careful to couch all of its language as action the Supreme Court could take which provides at least some indication that it regards itself as the only Court with the authority to expand Bivens beyond its current boundaries. See, Hernandez v. Mesa, 140 S. Ct. 735, 742–43 (2020).

1857). "Only if [the Court is] confident that 'the Judiciary is well suited . . . to consider and weigh the costs and benefits of allowing a damages action' will [the Court] take it upon [itself] to do so. Otherwise, [the Court] will leave the balancing to Congress." Id. (alteration in original) (quoting Ziglar, 137 S. Ct. at 1858).

In the present case, Plaintiff seems to allege that her First Amendment right to familial association was violated. This is not a Bivens claim that has been approved or recognized by the United States Supreme Court. Indeed, the United States "Supreme Court has never recognized a Bivens remedy for First Amendment claims, and it has affirmatively declined to extend Bivens to a claim invoking the First Amendment." Brown v. Cooper, No. 18-219 (DSD/BRT), 2018 WL 6977594, at *12 (D. Minn. Dec. 11, 2018), report and recommendation adopted, 2019 WL 121943 (D. Minn. Jan. 7, 2019), aff'd, 787 F. App'x 366 (8th Cir. 2019); see, Ziglar, 137 S. Ct. at 1857 (providing examples of cases where the Court has declined to recognize Bivens claims); Reichle v. Howards, 566 U.S.658, 663 n.4 (2012) (noting that the United States Supreme Court "ha[s] never held that Bivens extends to First Amendment Claims"). Therefore, Plaintiff's purported First Amendment claim would require extending Bivens to a new context. See, Farah, 926 F.3d at 498.

Because Plaintiff's proposed First Amendment claim would require extending Bivens into a new context, this Court must proceed to the second step and determine "whether any 'special factors counsel[] hesitation' before implying a new cause of action 'in the absence of affirmative action by Congress.'" Farah, 926 F.3d at 498 (alteration in original) (quoting Ziglar, 137 S. Ct. at 1859). "[R]ecognizing the [United States Supreme] Court's 'caution' in this regard, [the Eighth Circuit] ha[s] adopted a 'presumption against judicial recognition of direct action for

violations of the Constitution by federal officials.'" Id. at 500. (quoting Neb. Beer, Ltd. V. Greening, 398 F.3d 1080, 1084 (8th Cir. 2005)).

Regarding Plaintiff's proposed claim here, this Court finds that there are special factors that do indeed counsel hesitation before extending Bivens under the present circumstances. Plaintiff's proposed First Amendment claim potentially implicates Bureau of Prisons' policies and procedure, as well as, issues of prisoner civil rights litigation which counsel hesitation before extending Bivens under the circumstances of the present case. See, e.g., Brown, 2018 WL 6977594, at *13.

As other Courts have previously noted, if Bivens were permitted to be extended in the prisoner context, then "BOP officials faced with the expanded possibility of personal liability may act differently . . . when dealing with inmates in BOP custody." Brown, 2018 WL 6977594, at *13. Moreover, it has also been observed that, "the cost, time, and energy associated with defending a Bivens action" are substantial, and "Congress is in a better position to evaluate the need for a damages action in a First Amendment suit against a federal employee." Gonzalez v. Bendt, No. 4:16-cv-4038 (KES), 2018 WL 1524752, at *4 (D.S.D. Mar. 28, 2018).

As the United States Supreme Court has explained, "[c]laims against federal official often create substantial costs, in the form of defense and indemnification," and "the time and administrative costs attendant upon intrusions resulting from the discovery and trial process are significant factors to be considered." Ziglar, 137 S. Ct. at 1856. Therefore, Congress "has a substantial responsibly to determine whether, and the extent to which, monetary and other liabilities should be imposed upon individual officers and employees of the Federal Government." Ziglar, 137 S. Ct. at 1856. As the Supreme Court noted, Congress "weighed those concerns in deciding not to substitute the Government as defendant in suits seeking damages for

constitutional violations." <u>Ziglar</u>, 137 S. Ct. at 1856 (citing 28 U.S.C. § 2679(b)(2)(A) (providing that certain provisions of the Federal Tort Claims Act do not apply to any claim against a federal employee "which is brought for a violation of the Constitution")). Each of this considerations caution hesitation before extending <u>Bivens</u> to Plaintiff's proposed First Amendment claim.

Moreover, Courts have found that the passage of the Prisoner Litigation Reform Act by Congress demonstrates another circumstance demonstrating hesitation before extending <u>Bivens</u> claims in the prisoner context. <u>See, e.g.</u>, <u>Brown</u>, 2018 WL 6977594, at *13. "Congress . . . passed the [Prisoner Litigation Reform Act] to reduce the number of frivolous prisoner lawsuits," and its "restrictive provisions with respect to prisoner litigation are a special factor counseling hesitation when deciding whether to create a new cause of action for prisoners." <u>Id.</u> It is the prerogative of Congress, not this Court, to create new avenues for the recovery of monetary damages based on allegations that federal actors violated a federal inmate's constitutional rights. Here too, this consideration cautions hesitation before extending <u>Bivens</u> to Plaintiff's proposed First Amendment claim.

On this basis and for the reasons discussed herein, this Court finds that <u>Bivens</u> should not be extended to Plaintiff's proposed First Amendment claim. Thus, it would be futile to permit Plaintiff to amend her Complaint to include a <u>Bivens</u> claim for monetary damages against Defendant Hill and Defendant Barnes in their individual capacities.

Therefore, Plaintiff's Motion for Leave to File Amended Complaint, [Docket No. 59], is **DENIED**.

**VI.    Conclusion**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1.   Plaintiff's Motion for Joinder, [Docket No. 8], is **DENIED**;

2.   Plaintiff and her adult daughter's purported Joint Motion for Joinder, [Docket No. 9], is **DENIED**;

3.   Plaintiff's Motion for Leave to File Surreply, [Docket No. 58], is **GRANTED**; and

4.   Plaintiff's Motion for Leave to File Amended Complaint, [Docket No. 59], is **DENIED**.

Further, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.   Plaintiff's Motion for Preliminary Injunction, [Docket No. 10], be **DENIED**; and

2.   Defendants' Motion to Dismiss, [Docket No. 47], be **GRANTED**.

Dated: August 21, 2020                          s/Leo I. Brisbois
                                                Hon. Leo I. Brisbois
                                                United States Magistrate Judge

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).