UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

RECEIVED BY MAIL
AUG 26 2020
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

Lisa A. Biron and Rachael T. Biron,
    Plaintiffs[1]

v.

Michael Carvajal, Director Federal Bureau of Prisons; Warden Mistelle Starr; Former Warden Nanette Barnes; Deanna Hiller, Unit Manager,
    Defendants[2]

Jury Trial Requested

FIRST AMENDED COMPLAINT

Case No. 19-CV-2938-SRN-LIB

### I. Plaintiffs and Jurisdiction

1. The Plaintiffs, Lisa A. Biron, pro se and Rachael T. Biron, pro se, mother and daughter respectively, bring the within claims to redress the deprivation, under color of federal law of rights secured by the United States Constitution. They seek declaratory and injunctive relief, and damages.

2. The District of Minnesota has removal jurisdiction over this action pursuant to 28 U.S.C. §§ 1441, 1442 & 1446, as well as original jurisdiction under 28 U.S.C. §§ 1331 & 1343(a)(3).

3. Lisa Biron ("Lisa") is a federal inmate currently confined in the federal Bureau of Prisons ("FBOP"), and presently housed at Federal Correctional Institution ("FCI"), Waseca, Minnesota.

4. Rachael Biron ("Rachael") is Lisa's daughter. She is 22 years old and resides in Virginia.

---

[1] Lisa and Rachael's motions to join Rachael as a plaintiff in this action remain pending. This (proposed) First Amended Complaint assumes Rachael as a pro se plaintiff.
[2] Since this action was filed, Michael Carvajal has replaced Kathleen Hawk Sawyer as Director of the FBOP, and Mistelle Starr has replaced Nanette Barnes Warden of FCI Waseca. A Motion to Substitute Official Capacity Defendants With Their Successors was filed with this (proposed) First Amended Complaint.

AUG 26 2020
U.S. DISTRICT COURT MPLS

## II. Defendants

5. Defendant Michael Carvajal is the Director of the federal Bureau of Prisons. He is legally responsible for protecting the constitutional rights of all its inmates.

6. Defendant Mistelle Starr is the Warden of FCI Waseca, MN. She is legally responsible for the operations of FCI Waseca, and for protecting the constitutional rights of all inmates housed there.

7. Nanette Barnes was the Warden of FCI Waseca at all times relevant to the claims herein. She was legally responsible for the operations of FCI Waseca, and for protecting the constitutional rights of all inmates housed therein during the time relevant to the claims herein.

8. Defendant Deanna Hiller is the Unit Manager of D-Unit at FCI Waseca.

9. Defendants Michael Carvajal and Mistelle Starr are sued in their official capacity.

10. Defendant Nanette Barnes is sued in her individual capacity.

11. Defendant Deanna Hiller is sued in her official and individual capacities.

12. At all times mentioned herein, each defendant acted under color of federal law.

## III. Claims

13. Lisa Biron is currently serving a federal sentence having been sentenced in the United States District Court for the District of New Hampshire on May 23, 2013.

14. Lisa's offense of conviction involved her (then) teenage daughter, Rachael Biron, who is considered the victim.

15. The Defendants had been restricting contact between mother and daughter-- barring all contact and all communication (even via third-party)--since the beginning of Lisa's confinement without legal justification.

16. Lisa sought permission from Defendants Barnes and Hiller several times since her arrival at FCI Waseca (in February 2018) to contact/communicate with Rachael which the Defendants refused.

17. On or about October 24, 2019, Rachael (then 21 years old) mailed a letter to (former) Warden Barnes stating her desire to communicate with her mother. The letter was received on October 31, 2019 in the Warden's Office.

18. On or about November 1, 2019, Defendant (former) Warden Barnes advised Lisa verbally that she would approve contact with Rachael as long as no legal restrictions barred said contact. Lisa was thrilled to hear this.

19. On November 22, 2019, Defendant Hiller paged Lisa to her office. Lisa believed that this was to finally approve her contact with Rachael. But instead, Hiller presented Lisa with a "Notification" signed by Defendant Barnes (on 11/20/19) that intended to bar this mother and daughter's contact for the entire term of Lisa's de facto life-sentence.

20. Defendants Hiller and Barnes claimed that the sentencing court intended to bar this mother and daughter's contact, regardless of Rachael's age or her express desire for contact, through out the entire life-time term of her supervised release (to begin after she completed her 40 year sentence).

21. Defendant Hiller appeared pleased to deliver this shocking claim regarding the sentencing court's intent and the FBOP's policy of deference to the court's intent.

22. Defendant Hiller claims to have verified the court's intent behind a particular supervised release condidtion which she and Defendant Barnes sought to twist to apply to Rachael regardless of age.

23. In fact, the sentencing court did <u>not</u> impose <u>any</u> condition that possibly could be interpreted to apply to bar contact with an adult, or even to bar

contact with a minor under proper supervision. The Defendants' copy of Lisa's supervised release conditions was <u>not</u> an accurate representation of the conditions imposed by the sentencing court.

24. It strains credulity that the sentencing court communicated <u>ex parte</u> its intent to bar mother and daughter's contact for life when no such condition was ever imposed.

25. Defendant Hiller concocted and fabricated this rational to bar contact between Rachael and Lisa for life.

26. Defendant (former) Warden Barnes swore, under penalty of perjury, in a Declaration filed in this action, to the details in support of this fraudulent rationale.

27. Defendant Hiller willfully and maliciously sought to prevent and bar Lisa and Rachael's contact through deceit and a perjured declaration.

28. Defendants Hiller and Barne's actions inflicted severe emotional distress and anxiety on Rachael and Lisa.

29. The Defendants violated Lisa's and Rachael's constitutional right to a familial relationship.

30. The Defendants violated Lisa's and Rachael's constitutional right to association.

31. The Defendants violated Lisa's and Rachael's constitutional right to due process of law.

32. The Defendants' actions had no rational relationship to any legitimate penological purpose.

33. Defendants were alerted by Lisa on February 8, 2020 that their fraudulent rationale for the contact bar was exposed and they still did not allow mother and daughter's contact until March 4, 2020 when contact was finally allowed.

34. Defendants have subsequently sought to cover their misconduct by claiming

that the sentencing court modified Lisa's sentence to allow contact with Rachael.

35. But Lisa's sentence was not modified. The sentence and supervised release conditions are exactly the same as pronounced in May 2013 at her sentencing hearing.[3] The sentencing court ordered a correction to the typographical/scrivener's error <u>not</u> a modification.

36. Defendants might have succeeded in covering up their purposeful misconduct as an innocent mistake due to the scrivener's error had they not claimed to have verified with the sentencing court its intent behind a condition it never imposed.

37. Plaintiffs seek nominal, compensatory, and punitive damages against Defendants Hiller and Barnes in their individual capacities.

38. Plaintiffs have no adequate or complete remedy at law to redress these unconstitutional actions because Defendants only granted contact when their fraud was exposed, and continue to try to justify their actions by deception. Thus, Plaintiffs seek declaratory and injunctive relief to ensure Defendants do not act again to interfere with this mother and daughter's contact.

## IV. Relief Sought

WHEREFORE, Plaintiffs request that the Court grant:

39. A declaration that the acts and omissions described herein violate the law and Constitution

---

[3] While drafting this proposed First Amended Complaint, Defendant Hiller learned that I sought approval for extra time in the law library to complete this document. She told the library officer that I did not have approval for extra time (over the 50 mins. I was allotted). She maintains that I do not have a legitimate need to draft this document. Yet Hiller urged this Court to deny my motion to amend for failure to provide this document. Apologies to the court that the remainder is handwritten.

40. A preliminary and permanent injunction ordering the Defendants to refrain from interfering with Lisa and Rachael's right to communicate with each other.

41. Nominal and compensatory damages of $10,000.00.

42. Punitive damages of $4,990,000.00, or the maximum allowed under the law.

43. A jury trial.

44. Plaintiffs' costs and fees in this suit.

45. Any additional relief that this Court deems just and equitable.

8/20/20
Date

Respectfully submitted

*Lisa Biron*

Lisa A. Biron #12775-049
FCI Waseca, MN

*Rachael Biron by Lisa Biron as POA\**
Rachael T. Biron
Virginia Beach, VA

## Verification

I, Lisa Biron, hereby swear, under penalty of perjury, that the matters and facts alleged in the foregoing First Amended Complaint are true and correct.

*Lisa Biron*
Lisa Biron

\* POA on file with Court.

## Certification

A copy of this First Amended Complaint was served on the Defendants by mailing said copy to Defendants' attorney AUSA Tweeten postage paid on this date.

8/20/20

*Lisa Biron*
Lisa Biron