United States District Court
District of Minnesota

Biron,
Plaintiff

v.                                    Case no. 19-CV-2938

Carvajal et al.,
Defendants

RECEIVED BY MAIL
SEP 28 2020
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
SEP 28 2020 MPLS
U.S. DISTRICT COURT MPLS

## Objections to Magistrate's Order And Report and Recommendation

The Plaintiff, Lisa Biron, brings the following specific objections to the Magistrate's Order and Report and Recommendation.

She objects to the denial of her Motion for Leave to File Amended Complaint.

She objects to the grant of Defendants' Motion to Dismiss. To the extent that the operative complaint is deficient to overcome mootness, the proposed First Amended Complaint cures this deficiency.

Plaintiff declines to object to the denial of the Motions for Joinder, and the denial of the Motion for Preliminary Injunction.

※ Plaintiff apologizes to the Court that this Objection is handwritten. Defendants Starr and Hiller, in direct contravention of 28 C.F.R. § 543.11(h), refused to allow her access to a typewriter or stenographer.

1

Introduction

Background Information

During normal conditions, as an inmate in FCI Waseca, Plaintiff is at a severe disadvantage in prosecuting a lawsuit. In normal conditions, access to case law, court rules, and other legal materials is restricted due to count-times, movement-times, database wait-time configuration, mail-time in receiving opposition's filings and in receiving court orders, and difficulties in performing research on a search engine that seems designed to be inefficient, ineffective, and extremely time consuming.

Once gathered, the information must be compiled by hand into a handwritten document that is drafted and re-drafted by hand until it is in final handwritten form ready to be typed. Typing is essential because inmate filings are already at a disadvantage simply because they are inmate filings. The document is then painstakingly typed[1] on a twenty-year-old typewriter without spell-check, and without the ability to copy and paste or cut and paste. If a mistake is made on a page, depending on where the mistake is located, the entire page may have to be retyped from scratch.

During the present COVID-19 pandemic, with the

---

[1] As Plaintiff hand-drafts this Objection, she is still waiting for access to a typewriter. She has made repeated requests to the Defendants. If the Court is reading the handwritten draft, Plaintiff's access to a typewriter was denied.

resulting lock-downs, quarantines, and almost complete (and unconstitutional) denial of access to the law library; prosecuting this action has been nearly impossible.[2]

Standard of Review

A judge of this Court may reconsider and modify or set aside a Magistrate's order concerning any non-dispositive pretrial matter "where it has been shown that the Magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This standard is extremely deferential. Reko v. Creative Promotions, Inc., 70 F.Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Commissioner, 79 F.3d 726, 728 (8th Cir. 1996). "A decision is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008).

On the other hand, when a Magistrate has been

---

[2] In fact, on September 17, 2020, Plaintiff tested positive for COVID-19 and was made to pack all of her property and legal papers and move to a different housing unit losing almost a full day's time for preparing this document. Thankfully, on September 14, 2020, access to the electronic law library ("ELL") was activated on the units.

3

designated to preside over a dispositive matter, his Report and Recommendation is reviewed by the district judge de novo upon the timely filing of written objections. 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b)(3).

Objection to Denial of Motion for Leave to File Amended Complaint

For Failure to Follow Court Rules

Very early on in this litigation, Plaintiff made her intent to amend her complaint known to the Defendants and to this Court. Her goal, because of the difficulties in drafting legal documents in prison, was to draft and file one (1) amended complaint as soon as this Court ruled on whether her daughter could join this case as co-plaintiff. (See DOC 15.) The ruling on this important preliminary matter did not come. And when Plaintiff learned from Defendants' Reply In Support of Motion to Dismiss (DOC 56) that the Defendants were mischaracterizing the correction of the scrivener's error in Plaintiff's sentence as a court-ordered modification of her special conditions of supervision — an interim event — to argue the case was moot (DOC 56 at 3), she knew she could not wait any longer to seek leave to amend.

She immediately requested access to the law library so she could prepare her motion for leave to file her first amended complaint, and a sur-reply. Her request was

denied by the Defendants, specifically by Defendant Hiller, as unnecessary because Hiller determined there was no imminent court deadline. Plaintiff, therefore, handwrote a bare-bones Motion for Leave to File Amended Complaint that requested the Court allow fourteen (14) days after its decision on the motions for joinder — an imminent deadline — to file the amended complaint. (DOC 59-0)

The Defendants objected to the motion to amend for the sole reason that Plaintiff did not follow the Federal Rules of Civil Procedure and the Local Rules of this Court (DOC 61) — rules that Defendant Hiller prevented her from accessing. Wherefore, Plaintiff filed her Reply in which she informed the Court that these rules were not followed because the Defendants would not allow her access to the law library to learn of these rules. (DOC 63-0.)

Along with her Reply, Plaintiff included a copy of Defendants' email as proof that her request to access the law library was denied. (DOC 64-0.) Because of Defendant Hiller's denial of law library access, Plaintiff began the FBOP's administrative remedy ("AR") process. In her response to the AR, Defendant Hiller reaffirmed her denial of Plaintiff's access to the law library. Wherefore, Plaintiff filed a copy of this AR document as an Additional Exhibit in Support of Plaintiff's Reply to Defendants' Response to Motion to Amend (DOCs 65-0 & 65-1), and, again, advised the Court that she required an order with a deadline so that she could access the law library and

typewriter to prepare her proposed first amended complaint.

 Several weeks went by with no help in the form of an order with a deadline from this Court. Plaintiff therefore determined she would have to attempt to type her proposed first amended complaint once her unit's quarantine COVID-19 lockdown ended, during her 50 minute per week law library time. She again sought approval for additional time to prepare the documents, which she learned was denied (again) by Defendant Hiller when Plaintiff was arrested from the typewriter by the library guard before she could finish and brought to the lieutenant's office.[3] She was subsequently escorted back to her unit without any of her legal paperwork.

 Later that same day (August 20, 2020), once her paperwork was returned to her on the unit, Plaintiff finished the proposed First Amended Complaint (DOC 68-1) by hand, and mailed it to the Court together with a Redline Copy (DOC 68-2), to supplement her previously filed motion for Leave to File Amended Complaint. When Plaintiff learned that the Magistrate issued his Order and Report and Recommendation the next day (on August 21, 2020), she immediately filed a Verification swearing under penalty of perjury, that the proposed First Amended

---

[3] Plaintiff was arrested from the typewriter because she kept typing into the next hour. She could have chosen to go outside for this next hour because it was her unit's day (Thursday) for 1 hr. recreation and 1 hr. law library. She would forego getting fresh air in order to finish, but for no legitimate reason, this was not allowed.

Complaint and Redline Copy was mailed and, thus, deemed filed on August 20, 2020. (DOCS 69-0 & 69-1); see Houston v. Lack, 487 U.S. 266, 270 (1988)(inmate's court filing deemed filed when mailed).

In his Order and Report and Recommendation, the first reason for his denial of Plaintiff's Motion for Leave to File Amended Complaint was for failure to follow court rules. Denying Plaintiff leave to amend her complaint for failure to follow rules made inaccessible to her by the Defendants in the middle of a COVID-19 pandemic lockdown is clearly erroneous and contrary to law, and, regardless, Plaintiff did substantially comply with the rules before the magistrate denied the motion.

"A pro se litigant is bound by the litigation rules as is a lawyer[,]" Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000), however, "[the Federal Rules] should be construed, administered, and employed by the court ... to secure the just ... determination of every action and proceeding." Fed. R. Civ. P. 1. Courts have recognized the prejudicial effect the COVID-19 pandemic has had on litigation and have made accommodations. See Baxter v. Burns & McDonnell Eng'g Co., Inc., no. JKB-19-3241, 2020 U.S. Dist. LEXIS 131882, *8 (D. Md. July 27, 2020)("The Court recognizes that the COVID-19 pandemic has significantly impacted this litigation in a manner disadvantageous to Plaintiff."); In re Administrative Forfeiture Matters, no. 8:20-mc-72; 2020 U.S. Dist. LEXIS 68461 (D. Neb. Apr. 20, 2020)(granting government's motion for blanket 60-day extension of deadlines

related to federal seizures of property based on COVID-19 pandemic).

    Plaintiff is a pro se litigant in prison. Although she is a trained attorney, formerly licensed in both New Hampshire and Massachusetts[4], she did not practice federal civil litigation (despite being admitted in the District of NH), and she does not have the Federal Rules of Civil Procedure and the Local Rules for the District of Minnesota memorized. As detailed above, and as clearly reflected in the record — even in Defendant Hiller's own words and handwriting — Plaintiff was barred access to these rules. She was prevented from accessing and following the federal rules by the very same defendants she is suing, and the Magistrate judge simply ignored this fact, making no mention of it in his Order and R&R.[5] Nor did the Court issue an order with a deadline as requested by Plaintiff so she could convince the Defendants to let her use the law library.

    In any event, against all odds as detailed supra, the Plaintiff managed to complete and file her (proposed) First Amended Complaint and Redline Copy on August 20, 2020; thus, substantially complying with federal court rules before the Magistrate issued his order.

    To deny Plaintiff the opportunity to amend her complaint for the first time under these circumstances is

---

[4] Plaintiff sat for the NH and MA bar exams concurrently and was admitted to practice in 2008.

[5] Quis custodiet ipsos custodes?

clearly erroneous and contrary to law. See § 636(b)(1)(A); Fed. R. Civ. P. 72(a). It is patently unjust, and should leave this reviewing Court "with the definite and firm conviction that a mistake has been committed." Chakales, 79 F.3d at 728.

### For Futility of the Amendment

As stated, Plaintiff filed the (proposed) First Amended Complaint and Redline Copy before[6] the Magistrate entered his Order and Report and Recommendation. Because of this and because, as argued, the ends of justice require it, Plaintiff will assume the Court will review and consider the proposed First Amended Complaint (DOC 68-1) in its analysis.

The Magistrate "[i]n an abundance of caution" considered the merits of Plaintiff's Motion for Leave to Amend Complaint, and found, without reviewing the (proposed) First Amended Complaint, that amendment would be futile. This finding was a dispositive ruling. It should have been recommended instead of ordered, and requires de novo review. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3).

It is a dispositive ruling because "a finding that Plaintiff's proposed amendments are futile is 'functionally equivalent' to a finding that the proposed amendments should be dismissed for failure to state a claim under

---

[6] See Houston v. Lack, 487 U.S. 266, 270 (1988)(prisoner filing deemed filed when mailed).

9

Fed. R. Civ. P. 12(b)(6). Beck v. Am. Honda Fin. Corp., no. 19-cv-2712, 2020 U.S. Dist. LEXIS 101381, *20 n.1 (D. Colo. Oct. 6, 2010)(citing Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs, 175 F.3d 848, 859 (10th Cir. 1999); see also Ferrera v. Bd. of the Gadsden Indep. Sch. Dist., no. CIV-11-53, 2012 U.S. Dist. LEXIS 203607 *4 (D.N.M. Aug. 1, 2012)(defendant's contention that amendment is futile necessitates dispositive determination; thus, Magistrate proceeds under § 636(b)(1)(B) and enters findings of fact and recommendations.).

 A motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." Gamma-10 Plastics, Inc. v. Am. President Lines, 32 F.3d 1244, 1255 (8th Cir. 1994). Further, "likelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous" "or legally insufficient on its face." Beck v. Univ. of Neb., 191 F.3d 904, 908 (8th Cir. 1999).

 "If a party opposes a motion to amend or to supplement on the grounds of futility, the court applies the same standard to its determination of the motion that governs a motion to dismiss under Fed. R. Civ. P. 12(b)(6)" Beck, 2020 U.S. Dist. LEXIS 101381; Conkleton v. Zavaras, no. 08-cv-2612, 2010 U.S. Dist. LEXIS 142260 (D. Colo. Oct. 6, 2010), R. & R. adopted by 2011 U.S. Dist. LEXIS 22718 (D. Colo. Mar. 7, 2011).

 "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[N]ormally, pro se plaintiffs... are granted leave to amend their pleadings." Rush v. State of Ark., DWS, 876 F.3d 1123, 1125-26 (8th Cir. 2017).

The finding that Plaintiff's amendment to bring claims for damages was futile is error and should not be adopted.

In their Response to Motion to Amend (Doc 61), the Defendants raised one (1) objection: Plaintiff's failure to follow court rules. They did not argue against the amendment because a Bivens-damages claim was unavailable. The Magistrate, however, sua sponte took up the issue and determined that under Abbasi[7] the amendment would be futile.

In Hicks v. Ferreyra, no. 19-1697, 2020 U.S. App. LEXIS 21803 (4th Cir. May 18, 2020), the defendants raised the defense of qualified immunity which the district court denied. The defendants filed an interlocutory appeal. On appeal, for the first time, the defendants argued that there was no Bivens claim available, and that the district court committed reversible error by failing to take up that question sua sponte and dismiss Hicks' action. The Fourth Circuit disagreed. It held that well-established forfeiture rules govern that do not allow the defendants to raise this claim that was never pressed in

---

[7] Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017)(expansion of Bivens remedy is now a disfavored judicial activity).

11

the district court.

Similarly, courts have held that dismissing Bivens-damages claims at the PLRA-screening[8] stage before the defendants were served and could respond was error.

In Zareck v. Corr. Corp. of Am., 809 Fed. Appx. 303 (6th Cir. 2020)(unpub.), the Sixth Circuit reversed and remanded where the district court sua sponte found no Bivens claim was available and would not grant plaintiff leave to amend his complaint. Zareck alleged that while incarcerated at Corrections Corporation of America ("CCA"), officials fed him and other Muslims pork portrayed as turkey even though eating pork violates his religious beliefs. Id. at 304.

Specifically, in screening the complaint (under the PLRA), the district court, relying on Correctional Services Corporation v. Malesko, 534 U.S. 61, 63 (2001), found that a Bivens action could not be brought against a private corporation that has contracted with the federal Bureau of Prisons and denied Zareck leave to amend his complaint. Zareck, 809 Fed. Appx. at 307.

The Sixth Circuit reversed. It opined that "even though Malesko refused to expand Bivens by allowing a suit against a private corporation[,] that does not prevent Zareck, at this preliminary stage of litigation, from pursuing a claim that a federal court may at least consider after briefing from the respective parties." Id. The district court's dismissal circumvented procedural protections and the

---

[8] PLRA-screening was inapplicable to the present case because Plaintiff did not bring this action in federal court. The same analysis applies, however, because in the present case just as with a dismissal after a PLRA-screening, the Defendants were not permitted to answer or respond to the complaint, and did not object to Plaintiff bringing a Bivens-claim.

12

adversarial process. Id. at 305. Dismissal without allowing amendment, it held, "is reserved only for patently frivolous complaints, which present no Article III case because there is no room for the inference that the question[s] sought to be raised can be the subject of controversy." Id. (quoting Hagans v. Lavine, 415 U.S. 528, 537 (1974)(internal citation omitted)); see also Piggee v. Bell, no. 2:19-cv-1001, 2020 U.S. Dist. LEXIS 101870 (S.D. Ind. June 10, 2020) (error dismissing Bivens-damages claims at the PLRA-screening stage); Jackson v. Federal Bureau of Prisons, no. 2:20-cv-116, 2020 U.S. Dist. LEXIS 101489 (S.D. Ind. June 9, 2020)(same).

  In the present case, the amendment to bring a Bivens-claim for damages is not futile and should be allowed. Indeed, Zareck is a closer call than the present case. Zareck was a federal inmate suing a private facility and correctional officers at that private facility. Malesko is on point and arguably dooms Zareck's Bivens-claims. Even so, the Sixth Circuit held it was error to dismiss the case. In contrast, there is no Supreme Court case on point with Plaintiff's case to bar her Bivens-claims. In fact, the Supreme Court has never definitively declined to extend Bivens to a federal inmate's First Amendment or Fifth Amendment (due process)[9] claims against FBOP officials.

  There is clearly room for argument regarding the availability of a Bivens-remedy. It is the Defendants' place, not the court's, to raise and argue that said remedy

---

[9] In the present case, the right to due process is derived from the Fifth Amendment not the Fourteenth Amendment, which applies only to state actors.

is unavailable. The argument that a Bivens claim is not available is essentially an argument for the defense of sovereign immunity. Such a defense/argument may be waived or forfeited. In the Hicks case, the defendants forfeited this argument by not raising it, and it was not the district court's place to sua sponte take up the issue. Had it done so, it would have been error.

    Clearly, if the Defendants can waive or forfeit their argument against a Bivens-remedy,[10] amending the complaint to bring such a claim is not futile, and should have been allowed.

    In addition, on consideration of the allegations in the proposed First Amended Complaint, Plaintiff's claims for declaratory and injunctive relief are not futile or moot.

## Objection to the Granting of Motion to Dismiss

    The Court should overrule the Recommendation to grant Defendants' Motion to Dismiss because the Motion for Leave to Amend Complaint should have been granted. The allegations in the proposed amended complaint allege sufficient

---

[10] The Magistrate opined that "[T]he record now before the Court lacks any indication upon which a reasonable basis could be formed that Plaintiff is alleging a lack of due process in the determination to restrict her communication with her daughter." (DOC 66-0, 24 n.8.) But the proposed First Amended Complaint alleges the Defendants lied and committed fraud and perjury to bar Plaintiff and her daughter's contact for life, clearly alleging violations of due process.

14

facts, when accepted as true, to overcome Defendants' mootness argument and state claims for declaratory and injunctive relief.

It is well settled that mootness is not an issue where the voluntary cessation exception to the mootness doctrine applies. Lowry v. Watson Chapel School District, 540 F.3d 752, 761 n.8 (8th Cir. 2008). "[I]n general, a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." Charleston Housing Authority v. United States' Dept. of Agriculture, 419 F.3d 729, 740 (8th Cir. 2005).

"Notwithstanding [a] finding of mootness," a court "may still decide a case on its merits if the controversy in the case is 'capable of repetition yet evad[es] review.'" McCarthy v. Ozark Sch. Dist., 359 F.3d 1029, 1036 (8th Cir. 2004)(citation omitted). The repeal or voluntary cessation of a challenged action will not render a case moot if there is evidence which creates a reasonable expectation that the behavior or ones similar will be repeated. See Fed'n of Advert. Indus. Representatives, Inc. v. City of Chicago, 326 F.3d 924, 930 (7th Cir. 2003). In cases where there is evidence that the repeal was not genuine, a court will refuse to hold the case moot. Id.

In the present case, the (proposed) First Amended Complaint alleges bad faith, lying, perjury, and misconduct employed by the Defendants to support their rationale for the contact bar, which was lifted only because they were caught. It alleges that Plaintiff's sentence has never included a contact bar; that Defendant Hiller lied about seeking advice from the sentencing court and that she

"concocted and fabricated this rationale to bar contact between [Plaintiff and her daughter] for life," (Doc 68-1 at 4-5), that "Warden Barnes swore, under penalty of perjury, in a Declaration filed in this action, to the details in support of this fraudulent rationale, (id.), that when the fraudulent rationale was exposed, defendants still did not allow contact for almost one whole month, (id.), and that "defendants have subsequently sought to cover up their misconduct" by claiming that the sentencing court modified [Plaintiff's] sentence to allow contact with Rachael" when the "conditions are exactly the same as pronounced in May 2013..." (id. at 4-5.)

All of these allegations of foul play, which must be considered true at this point of the proceedings, are evidence that the Defendants' change of course was not genuine and that there is a reasonable expectation that the same behavior or one substantially similar will be repeated. See Fed'n of Advert., 326 F.3d at 930.

Wherefore, the Report and Recommendation (and Order) granting the Defendants' Motion to Dismiss should be overruled, the Plaintiff's Motion for Leave to File Amended Complaint granted, and Defendants ordered to answer or otherwise respond to the First Amended Complaint.

Respectfully submitted

*Lisa Biron*

9/22/2020
Date

Lisa Biron #12775-049
Federal Correctional Institution
P.O. Box 1731
Waseca, MN 56093

16

## Verification

I hereby swear, under the penalty of perjury, that the facts set forth in this Objection are true and correct; and that this Objection was mailed to the District of Minnesota by depositing said Objection in the inmate legal mail postage pre-paid on this date.

9/23/2020                                     _Lisa Biron_
Date                                            Lisa Biron

## Certification of Compliance with LR 72.2(c)

This document complies with word count limits in LR 72.2(c) and contains 3,183 words (less than 3500).

9/23/2020                                     _Lisa Biron_
Date                                            Lisa Biron

## Certification

I hereby certify that a copy of this Objection was mailed to AUSA Tweeten on this date.

9/23/2020                                     _Lisa Biron_
Date                                            Lisa Biron