# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Lisa A. Biron,<br><br>       Plaintiff,<br><br>v.<br><br>Michael Carvajal, Director, Federal Bureau of Prisons; Warden Mistelle Starr; and Deanna Hiller, Unit Manager;<br><br>       Defendants. | Case No. 19-cv-2938-SRN-LIB<br><br>**ORDER ADOPTING ORDER AND REPORT AND RECOMMENDATION** |

Lisa A. Biron, Reg. No. 12775-049, FCI-Waseca, P.O. Box 1731, Waseca, MN 56093, Pro Se.

Andrew Tweeten, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Lisa A. Biron's timely Objections [Doc. No. 74] ("Pl.'s Objs.") to the Order and Report and Recommendation ("Order & R&R" [Doc. No. 67]) of Magistrate Judge Leo I. Brisbois, dated August 21, 2020. In the Order and R&R, Magistrate Judge Brisbois denied Plaintiff's Motions for Joinder [Doc. Nos. 8, 9], and for Leave to File an Amended Complaint [Doc. No. 59], and granted Plaintiff's Motion for Leave to File a Surreply [Doc. No. 58]. (Order & R&R at 2.) Magistrate Judge Brisbois recommended that Plaintiff's Motion for a Preliminary Injunction [Doc. No. 10] be denied, and Defendants' Motion to Dismiss [Doc. No. 47] be granted. (*Id.*)

Additionally, after the issuance of the Order & R&R, Plaintiff filed her Motion to Substitute Official Capacity Defendants with their Successors [Doc. No. 68], which the Court also addresses here.

For the reasons set forth below, the Court affirms and adopts the Order and R&R, overrules Biron's Objections, denies her Motion for a Preliminary Injunction, grants Defendants' Motion to Dismiss, and denies Plaintiff's Motion to Substitute Official Capacity Defendants with their Successors as moot.

## I.   BACKGROUND

### A. Factual Background

Lisa A. Biron ("Biron") is a federal inmate at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca"). (Compl. [Doc. No. 1-2] at ¶ 2.) Biron is currently serving a 480-month term of imprisonment after a jury in the District of New Hampshire convicted her in 2013 of one count of transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. §§ 2432(a) and 2427; six counts of sexual exploitation of children in violation of 18 U.S.C. §§ 2551(a) and 2256; and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(1)(5)(B). (Order & R&R at 3.) Biron's sentence included a special condition of supervised release that limited her contact with the victim of her crimes, her minor daughter. (*Id.*)

The Presentence Investigation Report ("PSR") stated that Biron had placed online advertisements soliciting men to "party" with two females represented as 18 and 33 years old. (*Id.* at 2.) The PSR noted that the females described in these advertisements were Biron and her fourteen-year-old daughter. (*Id.*) The PSR stated that at least thirteen male

2

individuals of varying ages responded to the advertisements, came to Biron's home, and engaged in sexual activity with Biron, her minor daughter, or both females. (*Id.* at 2–3). The PSR indicated that Biron also recorded some of the sexual acts between her daughter and male individuals, including acts that occurred in a hotel room in Canada. (*Id.* at 3.)

During Biron's imprisonment, her daughter turned twenty-one years old and sought to correspond with her mother. (*Id.*) As a matter of security, Defendants, who are officials at the Federal Bureau of Prisons ("BOP") and FCI-Waseca, have discretion regarding contact between inmates who have been convicted of sex offenses and their minor victims. (*See* Barnes Decl. [Doc. No. 32] ¶¶ 6–8.) If an inmate and minor victim (or the victim's guardian) request communication, the FCI-Waseca Warden considers whether any courts have addressed the issue. (*Id.* ¶ 8.) If a sentencing court has prohibited contact between the inmate and the victim, the FCI-Waseca Warden implements a no-contact order during the inmate's incarceration. (*Id.*) Here, Defendants interpreted the language of Biron's special conditions of supervised release to preclude any contact with her daughter. (*Id.*) This original sentencing language stated: "The defendant may not directly or indirectly contact the victim or any child under age 18." *United States v. Biron*, No. 1:12-cr-140 (PB), Judgment [Doc. No. 46] (D.N.H. May 28, 2013). Based on this language, Defendants denied Biron and her daughter any contact while Biron remained at FCI-Waseca. (Order & R&R at 3.) The same prohibition was in place when Biron was incarcerated at FMC-Carswell in Fort Worth, Texas, prior to coming to FMC-Waseca. (Barnes Decl., Ex. E [Doc. No. 32-5].)

3

### B. Procedural History

As a result of the denial of contact with her daughter, in November 2019, Biron filed the present civil rights action. Biron alleges that Defendants, in their official BOP capacities, are denying her contact with her now adult daughter in violation of her constitutional rights to "a familial relationship," "association," and "due process of law." (Compl. ¶¶ 13–16, 19.) Biron requests "[a] preliminary and permanent injunction ordering the defendants to stop interfering with [her] and [her daughter's] right to communicate with each other." (*Id.* ¶ 20.)

After filing the Complaint, Biron filed a number of motions with this Court. On November 25, 2019, Biron filed a Motion for Permissive Joinder, seeking to join her daughter as a party to the suit. (Order & R&R at 4.) On Dec. 2, 2019, Biron and her daughter filed a Joint Motion for Permissive Joinder, to become co-plaintiffs in the present action. (*Id.*) On Dec. 4, 2019, Biron filed a Motion for Emergency Injunction/Temporary Restraining Order, asking this Court to prevent Defendants from denying Biron the ability to communicate with her daughter about this case, which they sought to litigate as co-plaintiffs. (*Id.*) On January 30, 2020, Biron filed a Verified Motion for Summary Judgment and for a Preliminary Injunction [Doc. No. 27], seeking additional injunctive relief and a finding in her favor on the case as a matter of law. (*Id.* at 5.) In response, Defendants filed a Motion to Dismiss [Doc. No. 29] on February 4, 2020. (*Id.*)

On February 13, 2020, in the District of New Hampshire, Biron filed a Motion to Correct Judgment in her criminal action. *Biron*, No. 1:12-cr-140 (PB), Motion to Correct Judgment [Doc. No. 75] (D.N.H. Feb. 13, 2020). In her motion, Biron asserted that some

4

of the language governing her sentence, as originally issued by the sentencing court, required correction. (Order & R&R at 5.) In particular, she asked that the written record of special conditions of supervision be amended to reflect the conditions that the sentencing court orally imposed at sentencing. *Biron*, No. 1:12-cr-140 (PB), Motion to Correct Judgment [Doc. No. 75] (D.N.H. Feb. 13, 2020). The conditions that the Court orally imposed, she argued, prohibited contact with the victim only while the victim was a minor. *Id.* The United States Attorney in the District of New Hampshire did not object to the correction. *Biron*, No. 1:12-cr-140 (PB), Response to Mot. to Correct [Doc. No. 76] (D.N.H. Feb. 20, 2020).

In this District, on February 18, 2020, Biron stated her desire to withdraw her previous Verified Motion for Summary Judgment, asserting that the "material facts" underlying her motion had changed. (Order & R&R at 5) (citing Pl.'s Letters [Doc. Nos. 39, 40]). Biron stated that the Defendants' interpretation of the sentencing language in her case "was not actually imposed by the sentencing court." (*Id.* at 5) (quoting Pl.'s Letter [Doc. No. 40]). Based on this change, Defendants sought to withdraw their earlier Motion to Dismiss. (Defs.' Letter [Doc. No. 41].)

The magistrate judge agreed, permitting both parties to withdraw their respective motions. (Order & R&R at 6.) The magistrate judge also noted that he would address all of the parties' motions simultaneously in an Order and Report and Recommendation. (*Id.* at 7.) Because the new material facts potentially rendered the present action moot, Magistrate Judge Brisbois held several of Biron's motions in abeyance, (Apr. 14, 2020 Order [Doc. No. 54]), pending Defendants' anticipated renewed Motion to Dismiss.

5

On March 3, 2020, the court in the District of New Hampshire entered an Amended Judgment altering Biron's sentencing language. *Biron*, No. 1:12-cr-140 (PB), Amended Judgment [Doc. No. 77] (D.N.H. Mar. 3, 2020). The amended sentencing language now states: "[Ms. Biron] shall not directly or indirectly contact the victim or any persons under the age of 18 except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the probation officer." (*Id.*) The next day, in a Notice of Removed Restricted Correspondences [Doc. No. 50-1], the Warden of FCI-Waseca rescinded the blanket restriction on Biron's correspondence with her daughter, subject to her compliance with general BOP communication rules, finding that the sentencing court's Amended Judgment prohibited contact with the victim only when she was under age 18.

On April 2, 2020, Defendants filed the instant Motion to Dismiss. (Order & R&R at 8.) Defendants argued that Biron's claim had become moot and should be dismissed. (*Id.*) Biron responded in opposition to Defendants' motion. (*Id.*)

On May 20, 2020, Biron filed the Motion for Leave to File a Surreply (to Defendants' Motion to Dismiss), and the Motion for Leave to File an Amended Complaint ("Motion to Amend"). (*Id.*) Defendants filed responses to both of Biron's motions, lodging no objection to the filing of a surreply, (Defs.' Resp. to Mot. to File Surreply [Doc. No. 60]), but opposing the Motion to Amend because Plaintiff failed to provide a copy of her proposed amended pleading. (Defs.' Resp. to Mot. to Am. [Doc. No. 61].)

6

### C. The Order and Report and Recommendation

In the Order and R&R, Magistrate Judge Brisbois denied Biron's Motion for Joinder, Joint Motion for Joinder, and Motion for Leave to File an Amended Complaint. (Order & R&R at 12, 28.) Because the basis of Biron's Motion for a Preliminary Injunction depended on the denied Joint Motion for Joinder, Magistrate Judge Brisbois recommended that the Motion for a Preliminary Injunction be denied as moot. (*Id.* at 13.) Magistrate Judge Brisbois granted Biron's Motion for Leave to File a Surreply. (*Id.* at 14, 20).

Reviewing the Defendants' Motion to Dismiss, Magistrate Judge Brisbois determined that Biron's claim had been rendered moot because "there is no longer any live case or controversy for this Court to adjudicate." (*Id.* at 17.) Therefore, the magistrate judge recommended this Court grant Defendants' Motion to Dismiss. (*Id.* at 20.)

As to Plaintiff's Motion to Amend the Complaint, Magistrate Judge Brisbois found that Biron failed to comply with procedural rules that require a party to meet and confer prior to filing a nondispositive motion, and require that a copy of a proposed pleading be filed, along with a memorandum, in support of a motion to amend a pleading. (*Id.* at 21–22) (citing D. Minn. L.R. 7.1(b); L.R. 15.1(b)). Accordingly, the magistrate judge denied Biron's Motion to Amend on this basis. (*Id.*) Out of an abundance of caution, he further considered her motion on the merits, finding that her proposed amendment, described in a single sentence in her motion, would be futile. (*Id.* at 23–28.) Therefore, Magistrate Judge Brisbois denied the Moton to Amend on this basis as well. (*Id.*)

Biron filed timely objections to the Order & R&R. She does not object to Magistrate Judge Brisbois' recommendation to deny her Motion for a Preliminary Injunction, nor does

7

she object to his denial of the joinder motions. (Pl.'s Objs. at 1.) As to the unobjected rulings in the Order & R&R, the Court agrees with Magistrate Judge Brisbois' analysis. Accordingly, Plaintiff's Motion for a Preliminary Injunction is denied, and the Court affirms the magistrate judge's denial of Plaintiff's joinder motions.

Biron does object, however, to the magistrate judge's recommendation to grant Defendants' Motion to Dismiss and his denial of her Motion to File An Amended Complaint. (*Id.*) The Court addresses these objections below.

## II. DISCUSSION

### A. Motion to Amend

As noted, Magistrate Judge Brisbois addressed Biron's Motion to Amend on both procedural and substantive grounds. Biron argues that because the substantive basis for his ruling on grounds of futility was dispositive, he should have issued that portion of his ruling in the form of a recommendation, as opposed to an order. (*Id.* at 9.)

Although Biron's objection is well-founded, the law on this issue is unclear as to the form of the initial ruling. The law is clear, however, regarding the standard of review to be applied by the district court judge on appeal. Typically, in reviewing an order from a magistrate judge on nondispositive pretrial matters, including a motion to amend a complaint, the standard of review "is extremely deferential." *Magee v. Trs. of the Hamline Univ., Minn.*, 957 F. Supp. 2d 1047, 1062 (D. Minn. 2013). The Court must set aside portions of an order that are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a)(3). However, where the magistrate judge's denial of leave to amend is based on futility, the Court's review is de

novo. *Magee*, 957 F. Supp. 2d at 1062. In any event, as explained below, because the Court agrees with the magistrate judge's nondispositive basis for denying leave to amend, it need not reach the substantive basis for his ruling. Consequently, the Court assigns no error to the fact that the magistrate judge ruled in the form of an order.

The primary basis for Magistrate Judge Brisbois' denial of Biron's Motion to Amend was for her failure to comply with certain procedural rules. (Order & R&R at 21–22.) The Court reviews this ruling, which is nondispositive, for clear error. *Magee*, 957 F. Supp. 2d at 1062.

Biron's single-paged motion sought leave to amend her Complaint "to include claims for damages against Defendants Hiller and Barnes in their individual capacities."[1] (Pl.'s Mot. to Am. at 1.) Magistrate Judge Brisbois properly found that Plaintiff failed to comply with a Local Rule of this Court requiring that a party filing a nondispositive motion to first meet and confer with the opposing party in a good-faith effort to resolve the issues raised in the motion. (Order & R&R at 21) (citing D. Minn. L.R. 7.1). Moreover, the magistrate judge found that Biron failed to comply with the Local Rule that requires a party seeking leave to amend a pleading to provide a copy of the proposed amended pleading, along with a redlined version of the pleading that indicates how the proposed amended pleading differs from the operative pleading. (*Id.* at 21–22) (citing D. Minn. L.R. 15.1(b)).

---

[1] The Court agrees with the magistrate judge's observation that this proposed amendment did not alter the principal claim in the operative complaint, and therefore, does not affect consideration of Defendants' Motion to Dismiss. (Order & R&R at 13 n.4.)

Magistrate Judge Brisbois further observed that although the Court liberally construes the contents of Plaintiff's pleadings because she is proceeding pro se, she is nonetheless required to comply with all substantive and procedural laws. (*Id.* at 22) (citing *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984)). He found that Biron's failure to comply provided an independent basis on which to deny the Motion to Amend. (*Id.* at 22.)

In her Objections, Plaintiff asserts that access to the law library and typewriters at FCI-Waseca has been severely limited due to restrictions related to COVID-19. (Pl.'s Objs. at 4–5.) As a result, she states that Defendants prevented her from accessing such resources, including the rules in question. (*Id.*) She subsequently filed a copy of her proposed First Amended Complaint [Doc. No. 68-1], attached to her Motion to Substitute Official Capacity Defendants, on August 20, 2020—three months after she filed the Motion to Amend. (*See* Verification of Filing [Doc. No. 69].)

The Court assigns no error in the magistrate judge's denial of Biron's Motion to Amend on procedural grounds. Although leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), "there is no absolute or automatic right to amend one's complaint." *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002) (citing *Deutsche Fin. Servs. Corp. v. BCS Ins. Co.*, 299 F.3d 692, 700 (8th Cir. 2002)). As the magistrate judge observed, Biron is required to abide by the substantive and procedural rules applicable to this Court, even though she is self-represented. *Burgs*, 745 F.2d at 528; *see also Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002). Moreover, Biron acknowledges that she was formerly licensed to practice law in New Hampshire and Massachusetts, (Pl.'s Objs. at 8), and has

capably represented herself in this action. Her handwritten filings are very legible, well-organized, and cite appropriate legal authority. Had she sought additional time or a stay of proceedings due to limited access to the law library and typewriters, she was certainly able to seek such relief.

Local Rule 15.1 requires a party seeking leave to amend a pleading to provide a copy of the proposed pleading, as well as a redlined document that identifies the differences between the operative pleading and the proposed pleading. D. Minn. L.R. 15.1. In addition, the Federal Rules of Civil Procedure require that a party seeking relief must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b); *see also Wolgin v. Simon*, 722 F.2d 389, 394 (8th Cir. 1983) ("The particularity requirement of Rule 7(b) is met by submitting a proposed amendment with the motion for leave to amend the complaint."). In the context of a motion to amend, these requirements allow the parties to "direct their arguments to an actual, rather than hypothetical, proposed amended complaint." *Mastermine Software, Inc. v. Microsoft Corp.*, No. 13-cv-971 (PJS/TNL), 2013 WL 12155289, at *2 (D. Minn. Oct. 8, 2013). The Eighth Circuit has stated that when a party seeking leave to amend fails to specify the proposed new allegations, "the district court [is] not required to engage in a guessing game." *Meehan*, 312 F. 3d at 914; *see also Bailey v. Schmidt*, 239 Fed. App'x 306, 309 (8th Cir. 2007) (finding no abuse of discretion in the denial of motions to amend, where plaintiff failed to submit proposed amended complaints or to describe the substance of his amended claims).

Accordingly, the Court affirms the denial of Plaintiff's Motion to Amend on this basis, finding that the magistrate judge's denial was neither in clear error nor contrary to

law. Plaintiff's objections are overruled in this regard. Because this ruling fully resolves the motion, the Court declines to address Magistrate Judge Brisbois' and conclusions regarding futility. The Court therefore adopts the Order & R&R on this basis.

### B. Motion to Dismiss

Plaintiff's Complaint contains a single claim, asking the Court to require Defendants "to stop interfering with" Plaintiff and her daughter's "right to communicate with each other." (Compl. at 3.) Magistrate Judge Brisbois found that because Defendants have now lifted the restriction on Plaintiff's communications with her daughter, there is no meaningful relief that the Court can provide, nor any live case or controversy for the Court to adjudicate. (Order & R&R at 17.) Accordingly, Magistrate Judge Brisbois recommended that Defendants' Motion to dismiss be granted. The Court reviews this recommendation, on Defendants' dispositive motion, de novo. Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1), asserting a factual attack on the Court's subject matter jurisdiction, "irrespective of the pleadings," by introducing facts outside the pleadings for the Court to consider. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015). The Court agrees that Defendants present a factual attack, as opposed to a facial attack, wherein the Court would merely see if the plaintiff had sufficiently alleged a basis for subject matter jurisdiction. *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). Under a factual challenge to subject matter jurisdiction, "the nonmoving party [does] not enjoy the

benefit of the allegations in its pleadings being accepted as true by the reviewing court." *Id.* at 915 (citing *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008)).

Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. Const., art. III, § 2, cl. 1. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.' " *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). If circumstances change such that "a federal court can no longer grant effective relief, the case is moot." *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994) (per curiam). For example, "a prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions." *Martin v. Sargent*, 780 F.2d 1334, 1447 (8th Cir. 1985).

The Court agrees with the magistrate judge that because the restriction on Plaintiff's communication with her daughter has been lifted—and Plaintiff's sole form of relief was the lifting of that restriction—there is no longer any live case or controversy for the Court to adjudicate. (Order & R&R at 17) (citing *In re Sec. Life Ins. Co. of Am.*, 228 F.3d 865, 869–70 (8th Cir. 2000); *In re Grand Jury Subpoenas Duces Tecum*, 78 F.3d 1307, 1310 (8th Cir. 1996)). Magistrate Judge Brisbois further found that this is not a situation that is "capable of repetition, yet evading review." (*Id.*) (citing *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1036 (8th Cir. 2004) (citation omitted)).

Plaintiff objects, arguing that the allegations in her proposed Amended Complaint allege sufficient facts to overcome Defendants' mootness argument. (Pl.'s Objs. at 14–

13

15.) She contends that a defendant's voluntary cessation is an exception to the mootness doctrine, (*id.* at 15) (citing *Lowry v. Watson Chapel Sch. Dist.*, 540 F.3d 752, 761 n.8 (8th Cir. 2008)), and that the controversy here is "capable of repetition yet evades review." (*Id.*) (citing *McCarthy*, 359 F.3d at 1036)). Plaintiff's position is based on her belief that the original restriction was premised on a "sham rationale," involving Defendants' reliance on a "scrivener's error." (Pl.'s Opp'n Mem. [Doc. No. 55] at 3.)

While it is true that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice," *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citations omitted), the "voluntary cessation" exception is "merely a specialized form of the general [capable of repetition] exception . . . and provides no basis for retaining jurisdiction" where the conduct cannot "reasonably be expected to recur." *McCarthy*, 359 F.3d at 1036. Defendants' decision here to lift the blanket communication restriction was "more than a mere voluntary cessation of allegedly illegal conduct, where we would leave the defendant free to return to his old ways." *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975). The change in conduct was based on a judicial order that modified Plaintiff's special conditions of supervision—an order that Biron herself sought. (*See* Hiller Decl. [Doc. No. 50], Ex. 1 [Doc. No. 50-1]); *Biron*, No. 12-cr-140 (PB) Amended Judgment [Doc. No. 77] (D.N.H. Mar. 3, 2020). This change in conduct—which Defendants effected the very next day after the sentencing court issued its Amended Judgment—was not an attempt by Defendants to

14

evade judicial review by challenging this Court's jurisdiction.[2] It was specifically tied to the special condition in the sentencing court's record. Once that record was amended, Defendants' concerns about the prohibition against contact with the victim were resolved and cannot reasonably be expected to recur.

Biron claims that the change in Defendants' behavior was not genuine, as she asserts in her proposed amended allegations, and is therefore capable of repetition, sufficient to defeat Defendants' motion. (Pl.'s Objs. at 15.) But such an argument is entirely speculative and is contradicted by the record. The Eighth Circuit has stated, "[a] speculative possibility is not a basis for retaining jurisdiction over a moot case." *McCarthy* 359 F.3d at 1036 (citing *Van Bergen v. Minnesota*, 59 F.3d 1541, 1547 (8th Cir. 1995)

---

[2] Defendants further note that some courts give special consideration to voluntary cessation by government actors. (Defs. Reply [Doc. No. 56] at 3 n.1) (citing *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 884 (10th Cir. 2019) (rejecting voluntary cessation exception because the Bureau's policy change represented "genuine" government self-correction to which courts accord solicitude); *Brown v. Buhman*, 822 F.3d 1151, 1167-68 (10th Cir. 2016) (same); *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1116-17 & n.15 (10th Cir. 2010) ("In practice, however, Laidlaw's heavy burden frequently has not prevented governmental officials from discontinuing challenged practices and mooting a case."); *Sossamon v. Texas*, 560 F.3d 316, 325 (5th Cir. 2009) (stating that "government actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties" and "[w]ithout evidence to the contrary, we assume that formally announced changes to official governmental policy are not mere litigation posturing."); *Ragsdale v. Turnock*, 841 F.2d 1358, 1365 (7th Cir. 1988) ("[C]essation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties."); *see also Chi. United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 947 (7th Cir. 2006) (applying a rebuttable presumption that conduct will not recur when the defendant is a government actor); *Troiano v. Supervisor of Elections*, 382 F.3d 1276, 1283 (11th Cir. 2004) (same)).

("the party need not show with certainty that the situation will recur, but a mere physical or theoretical possibility is insufficient to overcome the jurisdictional hurdle of mootness.")). There is no support in the record for Plaintiff's argument that Defendants' initial rationale for barring communication with her daughter was fabricated. Defendants provided that explanation to Biron when she first questioned the communication prohibition, (Barnes Decl., Ex. E), and once the order from the sentencing court was amended, Defendants immediately lifted the prohibition. (Hiller Decl., Ex. 1.) The Court also agrees with Magistrate Judge Brisbois that there is no indication in the record that Defendants will reimpose a restriction on Plaintiff's communication with her daughter based on an allegedly "sham" condition of her supervised release. (Order & R&R at 19.)

For all of these reasons, the Court overrules Plaintiff's Objections, and adopts the magistrate judge's recommendation to grant Defendants' Motion to Dismiss. As noted, questions of mootness implicate the Court's subject matter jurisdiction. *Charleston Hous. Auth. v. U.S. Dep't of Agric.*, 419 F.3d 729, 739 (8th Cir. 2005). Because dismissal for lack of jurisdiction is not an adjudication on the merits, a case dismissed for lack of subject matter jurisdiction is not dismissed with prejudice. *Cty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004). Accordingly, because the Court finds the issue in this case has been rendered moot, the Court lacks subject matter jurisdiction and dismisses this case without prejudice.

### C. Motion to Substitute Defendants

As noted, Biron also moves to substitute the official capacity defendants with their successors. (Pl.'s Mot. to Substitute at 1.) Specifically, she moves to substitute the new

Director of the BOP and the Warden of FCI-Waseca. (*Id.*) Although Defendants do not oppose this motion, (Defs.' Resp. to Mot. to Substitute [Doc. No. 70] at 1), such substitution is automatic pursuant to Federal Rule of Civil Procedure 25(d). Accordingly, the Court denies this motion as moot.

### III.   ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Order and Report & Recommendation [Doc. No. 67] is **AFFIRMED and ADOPTED**;

2. Plaintiff's Objections [Doc. No. 74] are **OVERRULED**;

3. Plaintiff's Motion for Leave to File an Amended Complaint [Doc. No. 59] is **DENIED**;

4. Plaintiff's Motion for a Preliminary Injunction [Doc. No. 10] is **DENIED**;

5. Defendants' Motion to Dismiss [Doc. No. 47] is **GRANTED**;

6. Plaintiff's Motion to Substitute Official Capacity Defendants [Doc. No. 68] is **DENIED AS MOOT**; and

7. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  September 30, 2020              s/Susan Richard Nelson
                                        SUSAN RICHARD NELSON
                                        United States District Judge