UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MINNESOTA

RECEIVED BY MAIL
MAR 0 6 2023
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

| | |
|---|---|
| Lisa Biron,<br>    Plaintiff | )<br>)<br>)<br>) |
| v. | )   Case No. 19-cv-2938<br>) |
| Sawyer, et al.,<br>    Defendants | )<br>)<br>)<br>)<br>) |

Memorandum in Support

of

Motion to Seal

    Movant, Lisa Biron, has requested this Court to seal this case, or, alternatively, seal all case documents including the August 21, 2020 Order and Report and Recommendation, which contain private and sensitive information regarding the Plaintiff and her daughter.

Background

    Plaintiff filed this law suit, which Plaintiff's daughter sought (unsuccessfully) to join, to stop federal Bureau of Prisons' ("FBOP") officials wrongful bar on their contact with each other. In attempting to defend and justify their contact bar, defendants filed motions, memoranda, exhibits, and declarations that contain information culled from Plaintiff's Presentence Report ("PSR"), details involving Plaintiff's daughter as a minor, and details from a state juvenile proceeding. The Order and Report and Recommendation, likewise, contained the same information. The Order is

SCANNED
MAR - 6 2023
U.S. DISTRICT COURT MPLS

1

is accessible to the inmate population within the FBOP on the electronic law library's ("ELL") Lexis data base.

### Analysis and Argument

There is a common law presumption of public access to court documents, but such access is not absolute. FutureFuel Chem. Co. v. Lonza, Inc., 756 F.3d 641, 648 (8th Cir. 2014) citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). To overcome the presumption of public access to court records, courts are guided by a six-factor test: 1) the need for public access to the documents at issue; 2) the extent of previous public access to the documents, 3) the fact that someone has objected to disclosure, and the identity of that person, 4) the strength of any . . . privacy interest asserted, 5) possible prejudice to those objecting to disclosure, and 6) the purpose the documents were introduced during the proceedings. Sorin Grp. USA, Inc. v. St. Jude Med S.C., Inc., no. 14-cv-4023, 2019 U.S. Dist. LEXIS 81093, *8 (D. Minn. May 14, 2019) citing United States v. Hubbard, 650 F.2d 293, 318 (D.C. Cir. 1980).

The present case should be sealed because the above factors weigh heavily against the presumption of public access. In the Eighth Circuit, to comply "with the privacy policies of the Judicial Conference of the United States and in order to address the privacy concerns created by Internet access to court documents . . ." the local rules of the Circuit forbid certain confidential sentencing materials, such as the PSR from being electronically filed with the criminal brief addendum. See 8th Cir. R. 25A. Likewise this Court's local rules require certain documents to be filed under seal. D. Minn. RLR 49.1(c)(1). These documents include those re-

lated to a juvenile proceeding, presentence reports and documents related to minors/victims.

Consequently, because of the nature of this case, most of the filings should have been filed under seal in the first instance. There is no need for the public to access this case. It is a district court case with no precedential value. It contains private information from the Plaintiff's PSR and information that is embarressing to Plaintiff's daughter from when she was a minor. The case is closed and no one will be prejudiced if the case is sealed, and it is unlikely the defendents or their counsel will object to sealing the case. Lastly, in a prison setting, details such as those disclosed in the Magistrates Report and Recommendation, can jeopardize the safety and security of the inmate whose PSR details are broadcast on the ELL. See Brown v. Flowers, 974 F.3d 1178, 1188 (10th Cir. 2020) citing Goff v. Graves, 362 F.3d 543, 550 (8th Cir. 2004).

Wherefore, for the foregoing reasons, Movant seeks the relief requested in her Motion to Seal.

Respectfully submitted.

2-27-23
Date

Lisa Biron (# 12775-049)
Federal Correctional Institution
P.O. Box 1731
Waseca, MN 56093

### Certification

Defendants's counsel at the District of Minnesota's Office of the U.S. Attorney are served via ECF Notice of Docket Activity as allowed under the Rules of the Eighth Circuit.