UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
No. 19-cv-2938 (SRN/LIB)

| | |
|---|---|
| Lisa Biron,<br><br>        Plaintiff,<br><br>v.<br><br>Michael Carvajal, Director,<br>Federal Bureau of Prisons;<br>Warden Mistelle Starr; and<br>Deanna Hiller, Unit Manager,<br><br>        Defendants. | **RESPONSE IN OPPOSITION<br>TO MOTION TO SEAL** |

Defendants respectfully oppose Plaintiff's Motion to Seal. *See* ECF No. 77.

**1.    Legal Standard**

There is a "common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). When evaluating a party's motion to seal, the "court must first decide if the documents in question are 'judicial records' and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access that would otherwise apply to such records." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (quoting *IDT Corp.*, 709 F.3d at 1222-23). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "[O]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Neal*, 461 F.3d at 1053 (quoting *Gitto v. Worcester Tel. & Gazette Corp.*, 422 F3d 1, 6, (1st Cir. 2005)).

Courts in this district have used the six-factor balancing test first articulated in *United States v. Hubbard*, 650 F.2d 293, 318 (D.C. Cir. 1980), to evaluate requests to seal judicial records. *See, e.g.*, *Krueger v. Ameriprise Fin., Inc.*, No. 11-cv-2781, 2014 WL 12597948, at *10-11 (D. Minn. Oct. 14, 2014). Those six factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Id.* at *10-11.

**2.    This Case Should Remain a Matter of Public Record Because Ms. Biron's Arguments Do Not Overcome the Strong Presumption of Public Access to Judicial Records.**

Ms. Biron's arguments do not overcome the strong presumption of public access to justify sealing the entire record in this case. Absent any specific reference to the record, Ms. Biron implies that confidential sentencing materials including her Presentence Investigation Report (PSR) were wrongly disclosed in this case. Mem. of Law in Supp. of Mot. to Seal, ECF No. 78, at 2-3. No such disclosure was made. Materials submitted by Defendants in support of dispositive motions included Bureau of Prisons records and policies and public court records related to Ms. Biron's claims and criminal sentence. *See, e.g.*, Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 31; Barnes Decl. & Exs., ECF No. 32 *et seq.*; Bush Decl. & Exs., ECF No. 33 *et seq.*; Tweeten Decl. & Exs., ECF No. 34 *et seq.*; Mem. of Law in Supp. of 2d Mot. to Dismiss, ECF No. 49. At no time did Defendants disclose Ms. Biron's PSR and Defendants carefully redacted exhibits and

limited their filings to refer only to the minor-victim's initials. *See id.*; *see also* Fed. R. Civ. P. 5.2. Likewise, the Court's Report and Recommendation, ECF No. 67, and Order, ECF No. 75, do not encompass or wrongly disclose information from Ms. Biron's PSR or details regarding the minor-victim. Ms. Biron's references to the local rules of this Court and the Eighth Circuit Court of Appeals are inapposite because they do not pertain to disclosure in the record and do not apply to this civil case. *See* ECF No. 78 at 2.

Three factors in the *Hubbard* analysis in particular weigh heavily in favor of denying Ms. Biron's Motion.

1) Contrary to Ms. Biron's representation, there is a need for public access to the records in this case. Although this Court's decision is not of binding precedential value on other courts, it is a judicial decision that should remain public along with its supporting materials and rationale. *See, e.g.*, *Healey v. I-Flow, LLC*, 282 F.R.D. 211, 214 (D. Minn. 2012).

2) To the extent Ms. Biron's Motion to Seal targets information presented in this case that was already made public in her criminal case, "the extent of previous public access to the documents" overcomes any interest in sealing the records here. *See Hubbard*, 650 F.2d at 318; *see also, e.g.*, *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 94 (D.D.C. 2014) (denying motion to seal after observing plaintiff filed complaint publicly and it and other docket entries consequently had been available to public for many months); *Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 149 (D.D.C. 2010) (same).

3) Additionally, the above-referenced documents are a part of the Court's file in connection with adjudication of merits-based motions in this civil case, so the sixth

*Hubbard* factor, i.e., "the purpose the documents were introduced during the proceedings," supports maintaining public access. *See Healey*, 282 F.R.D. at 214 ("The Court finds that I-Flow has a heightened burden to overcome the presumptive right of the public access to the briefs and supporting documents at issue because the documents in issue were filed with the Court in connection with a merits-based motion . . . ."); *see also Krueger*, 2014 WL 12597948, at *8 (collecting cases); *contra Hubbard*, 650 F.2d at 321 (assessing whether documents introduced solely to demonstrate unlawfulness of search and seizure in criminal case should remain sealed).

The only cognizable warrant for Ms. Biron's Motion to Seal is solely tied to the fifth *Hubbard* factor, "the possibility of prejudice to those opposing disclosure." 650 F.2d at 320-21. Ms. Biron asserts that the case file "contains . . . information that is embarrassing" to the minor-victim. ECF No. 78 at 3. She also claims, "in the prison setting, details such as those disclosed in the Magistrate[']s Report and Recommendation, can jeopardize the safety and security of the inmate whose PSR details are broadcast on the ELL." *Id.* Neither of these reasons outweighs the strong justifications for public access to the case file listed above. As mentioned, information about Ms. Biron's underlying criminal charge is already available in numerous public court filings. Limiting access to this case by sealing it will not purge the public record of information embarrassing to Ms. Biron or the minor-victim. Ms. Biron's unspecific claim that her safety and security is at risk due to the public status of these proceedings is likewise not dispositive because Ms. Biron chose to bring this case and, in doing so, put facts concerning her criminal conduct at issue. *C.f. Tyson v. Regency Nursing, LLC*, No 17-cv-91-DJH, 2018 WL 632063, at *1-2 (W.D. Ky.

4

Jan. 30, 2018) (denying motion to seal because plaintiff placed medical condition at issue and thus waived HIPAA protections).

The narrow relief granted in the cases Ms. Biron cites in support of her Motion does not support her sweeping conclusion that the entire record in this case should be sealed. *See Brown v. Flowers*, 974 F.3d 1178, 1188 (10th Cir. 2020) (district court did not err by sealing two exhibits, which showed areas of the jail subject to surveillance and discussed methods by which the Sheriff investigated criminal conduct in the jail, because institutional security justified removing these materials from the public record); *Goff v. Graves*, 362 F.3d 543, 550 (8th Cir. 2004) (district court did not err by sealing deposition testimony of confidential prison informants and barring disclosure of the substance of the testimony or the informants' identities because disclosure might endanger the witnesses). The institutional security concerns present in *Brown* and *Goff* are not present here. And like the concern about embarrassment, Ms. Biron's suspicion that her safety is at risk due to disclosure of details in this case is not a harm unique to the public status of this civil case. The public record is replete with details about Ms. Biron's criminal activity. Sealing this case would not serve either justification presented by Ms. Biron. The Court should accordingly deny the Motion.

* * *

For the foregoing reasons, Defendants respectfully oppose Ms. Biron's Motion to Seal. The presumption of public access to judicial records outweighs the interests discussed in Ms. Biron's Motion.

Dated:   April 11, 2023

                                      ANDREW M. LUGER
                                      United States Attorney

                                      *s/ Andrew Tweeten*

                                      By:   ANDREW TWEETEN
                                      Assistant U.S. Attorney
                                      Attorney ID Number 0395190
                                      600 U.S. Courthouse
                                      300 South Fourth Street
                                      Minneapolis, MN   55415
                                      (612) 664-5600
                                      andrew.tweeten@usdoj.gov

                                      Attorneys for Defendants